FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2010 OCT 14  P 1: 57

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

ALISHA W. WILKES

          Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.

    SERVE:    David N. Anthony
                   Troutman Sanders, LP
                   Troutman Sanders Building
                   1001 Haxall Point
                   Richmond, VA 23219

TRANS UNION, LLC

    SERVE:    Corporation Service Company
                   11 South 12th Street
                   Richmond, VA  23218

GMAC MORTGAGE, LLC

    SERVE:    Corporation Service Company
                   505 5th Avenue, Suite 729
                   Des Moines, IA 50309

WESTERN SIERRA ACCEPTANCE CORP.

    SERVE:    Daniel Ridley
                   1547 Palos Verdes, # 264
                   Walnut Creek, CA 94597

DCFS USA, LLC

    SERVE:    CT Corporation System
                   30600 Telegraph Road, 2345
                   Bingham Farms, MI 48025

CREDIT INFONET, INC.

    SERVE:    Thomas L. Midkiff, Jr.
                   4540 Honeywell Ct.
                   Dayton, OH 454240000

CIVIL NO. 1:10 cv 1160
CMH / TRJ

CREDIT ONE BANK, N.A.                                    :
585 Pilot Road                                          :
Las Vegas, NV 89119-3619                                :
                                                        :
        SERVE:      Secretary of the Commonwealth       :
                    Richmond, VA                        :
                                                        :
FAMS/ One Technologies                                  :
1500 NW Bethany Blvd.                                   :
Beaverton, OR 97006                                     :
                                                        :
        SERVE:      Secretary of the Commonwealth       :
                    Richmond, VA                        :
                                                        :
NATIONAL FUTURE MORTGAGE, INC.                          :
                                                        :
        SERVE:      National Registered Agents, Inc.    :
                    201 N. Union St., Suite 140         :
                    Alexandria, VA 22314                :
                                                        :
AMERICA FUNDING, INC.                                   :
                                                        :
        SERVE:      Scott M. Carpenter.                 :
                    1749 Old Meadow Road, Suite 100     :
                    McLean, VA 22102                    :
                                                        :
NATIONSTAR MORTGAGE, LLC                                :
                                                        :
        SERVE:      Corporation Service Company         :
                    11 S. 12th Street                   :
                    Richmond, VA 23218                  :
                                                        :
                    Defendants.                         :

## COMPLAINT

COMES NOW the Plaintiff, ALISHA W. WILKES (hereafter "Wilkes" or "Plaintiff"),

by counsel, and as for her Complaint against the Defendants, she alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's

2

fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C.  § 1331 and 1367 and pursuant to 15 U.S.C. § 1681(p).

## PARTIES

3.      The Plaintiff is a natural person and is a "consumer" as defined by the FCRA.

4.      Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia.  At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5.      Defendant Trans Union, LLC ("Trans Union") is a foreign corporation doing business in Virginia.  At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

6.      Defendant GMAC Mortgage, LLC ("GMAC") is a foreign corporation with its principal place of business located in Fort Washington, Pennsylvania and which regularly conducts business in Virginia.  At all times relevant hereto, it was a "furnisher of information" as defined by the FCRA.

7.      Defendant Western Sierra Acceptance Corp. ("Western Sierra") is a foreign corporation with its principal place of business located in Fort Washington, Pennsylvania and which regularly conducts business in Virginia.  It is a "user" of credit reports for purposes of the FCRA.

8.      Defendant DCFS USA, LLC ("DCFS") is a foreign corporation with its principal place of business located in Farmington Hills, Michigan and which regularly conducts business

3

in Virginia. It is a "user" of credit reports for purposes of the FCRA.

9.      Defendant Credit Infonet, Inc. ("Credit Infonet") is a foreign corporation with its principal place of business located in Dayton, Ohio and which regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

10.     Defendant Credit One Bank ("Credit One") is a foreign corporation with its principal place of business located in Las Vegas, Nevada and which regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

11.     Defendant FAMS / One Technologies ("FAMS") is a foreign corporation that regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

12.     Defendant National Future Mortgage, Inc. ("National Future") is a foreign corporation with its principal place of business located in Gibbsboro, New Jersey and which regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

13.     Defendant America Funding, Inc. ("America Funding") is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

14.     Defendant Nationstar Mortgage, LLC ("Nationstar") is a foreign corporation with its principal place of business located in Lewisville, Texas and which regularly conducts business in Virginia. It is a "user" of credit reports for purposes of the FCRA.

## STATEMENT OF FACTS

15.     On or about January 27, 2005, Plaintiff and her now ex-husband, Mr. Daniel Wilkes, purchased the property located at 18018 Densworth Mews, Gainesville, VA 20155 ("Property"). They took title as tenants by the entireties.

4

16.     On or about April 25, 2008, Mr. Daniel Wilkes executed a promissory note ("Promissory Note") and a deed of trust securing the Promissory Note in the amount of $368,000.00 ("Deed of Trust"). EXHIBIT 1 and EXHIBIT 2.

17.     Mr. Daniel Wilkes forged Plaintiff's signature on the Promissory Note and the Deed of Trust. Plaintiff had no knowledge of, nor did she consent to, nor participate in the execution of the Promissory Note or the Deed of Trust recorded against the Property.

18.     On or about October 14, 2008, Plaintiff began to receive calls from apparently distressed creditors of Mr. Daniel Wilkes. It was at that time Plaintiff obtained a copy of her credit report and discovered that Equifax and Defendants Experian and Trans Union were all reporting that she was responsible for a derogatory GMAC Mortgage Account No. 477177 as a result of the April 25, 2008 transaction in which the Promissory Note and the Deed of Trust were executed ("GMAC Mortgage account"). At that time, Plaintiff was unaware of the facts and circumstances surrounding the April 25, 2008 transaction.

19.     In addition, on or about October 14, 2008, after obtaining a copy of her credit report, Plaintiff discovered that the Defendants National Future, America Funding, and Nationstar accessed her credit report. Defendants National Future, America Funding, and Nationstar lacked a permissible purpose to access Plaintiff's credit report as she did not authorize them to do so.

20.     On or about November 25, 2008, Plaintiff filed a complaint with Prince William County Circuit Court requesting, among other things, that the Court void the Promissory Note and Deed of Trust. The complaint was amended a number of times. The final version was the Fourth Amended Complaint. EXHIBIT 3.

21.     GMAC was named as a Defendant in Plaintiff's Fourth Amended Complaint and was an active participant in the litigation.

22.     On or about January 25, 2010, the matter went to trial. After two days of hearing evidence, the Court took the matter under advisement.

23.     On or about February 4, 2010, the Court issued a written opinion letter voiding the Promissory Note and Deed of Trust as to Ms. Wilkes. It also declared that Mr. Daniel Wilkes forged Ms. Wilkes' purported signatures. The final order was entered on February 26, 2010. EXHIBIT 4.

24.     In addition to the Fourth Amended Complaint, Plaintiff took additional steps to void the GMAC Mortgage account. On or about May 31, 2009, Plaintiff sent an "ID Theft Affidavit" to GMAC concerning the GMAC Mortgage account. Plaintiff never received a direct response from GMAC concerning the "ID Theft Affidavit". EXHIBIT 5.

25.     On or about January 13, 2010, Detective Richard Downham of the Virginia Fairfax County Police Department issued three felony arrest warrants for Mr. Daniel Wilkes for identity theft, forgery, and larceny. These charges were brought in connection with the April 25, 2008 transaction in which the Promissory Note and the Deed of Trust were executed. EXHIBIT 6.

26.     On or about March 8, 2010, Plaintiff sent her first dispute letter to Equifax and Defendants Experian and Trans Union concerning, among other things, the GMAC Mortgage account. The letter included the Final Judgment Order voiding the Promissory Note, the Deed of Trust, and a handwriting expert's report stating that the signatures on the Promissory Note and the Deed of Trust did not belong to Ms. Wilkes. EXHIBIT 7.

6

27.     Upon receiving the first dispute letter, Equifax quickly removed the GMAC Mortgage account from Plaintiff's credit file. Defendants Experian and Trans Union, however, verified the GMAC Mortgage account and continued to report it as being accurate.

28.     On or about May 12, 2010, Plaintiff sent her second dispute letter to Defendants Experian and Trans Union concerning the GMAC Mortgage account. The second dispute letter included additional contact information for Detective Richard Downham, and Plaintiff additionally offered to pay for a handwriting expert. EXHIBIT 8.

29.     Upon receiving the second dispute letter, Defendants Experian and Trans Union refused to re-investigate the matter and deemed Plaintiff's dispute frivolous.

30.     On or about June 22, 2010, Plaintiff sent her third dispute letter to Defendants Experian and Trans Union and her first dispute letter to Defendant GMAC concerning the GMAC Mortgage account. These dispute letters included the three felony arrest warrants for Mr. Daniel Wilkes and other documents that were previously provided. EXHIBIT 9 and EXHIBIT 10.

31.     Upon information and belief, upon receipt of Plaintiff's dispute letters, Defendants Experian and Trans Union transmitted an incomplete and insufficient CDV to GMAC regarding the GMAC Mortgage account.

32.     Upon information and belief, Defendants Experian and Trans Union failed to transmit all relevant information to GMAC regarding the GMAC Mortgage account.

33.     Upon information and belief, following notification of the dispute from Defendants Experian and Trans Union, GMAC failed to review original documents or to, in any other manner, perform a reasonable investigation into Plaintiff's disputes.

34.     Upon information and belief, GMAC instructed Experian and Trans Union that

Plaintiff was responsible for the GMAC Mortgage account and directed Experian and Trans Union to leave the derogatory fraud account on Plaintiff's credit report.

35.     Upon information and belief, Experian and Trans Union followed the instructions of GMAC and undertook no additional investigative steps to ascertain the validity of Plaintiff's dispute.

36.     Notwithstanding Plaintiff's disputes, Defendants Experian and Trans Union continued to sell credit reports that regarded the Plaintiff to potential creditors which lacked a permissible purpose for the access of the report, including but not limited to Defendants Western Sierra, DCFS, Credit Infonet, Credit One, and FAMS.

**COUNT ONE**
**Violation of 15 U.S.C. § 1681e(b)**
**(Experian and Trans Union only)**

37.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-36 above as if fully set forth herein.

38.     Defendants Experian and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

39.     As a result of Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

40.     Experian's and Trans Union's conduct, actions, and inaction were willful,

8

rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT TWO
### Violation of 15 U.S.C § 1681i(a)(1)
### (Experian and Trans Union only)

42.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-42 above as if fully set forth herein.

43.     Defendants Experian and Trans Union violated 15 U.S.C § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies and after conducting a reinvestigation; by failing to maintain reasonable procedures by which to filter and verify disputed information in Plaintiff's credit file; by failing to note that disputed accounts were disputed; by failing to complete their investigation within the time limits set forth by the FCRA; and by failing to conduct a reasonable investigation with regard to Plaintiff's dispute.

44.     As a result of Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

45.     Experian and Trans Union's conduct, actions and inaction were willful, rendering

9

them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, they were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

46.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT THREE**
**Violation of 15 U.S.C § 1681i(a)(2)**
**(Experian and Trans Union only)**

47.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-46 above as if fully set forth herein.

48.     Defendants Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(2) by conduct that included, but is not limited to: failing to send all relevant information that they received in Plaintiff's communications to GMAC.

49.     As a result of Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

50.     Experian and Trans Union's conduct, actions, and inaction were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, they were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. §1681o.

51.     Plaintiff is entitled to recover actual damages, statutory damages, punitive

10

damages, costs, and her attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT FOUR
### Violation of 15 U.S.C §1681i(a)(4)
### (Experian and Trans Union only)

52.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-51 above as if fully set forth herein.

53.     Defendants Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(4) by their conduct that included, but is not limited to:  failing to review and consider all relevant information that they received in Plaintiff's communications.

54.     As a result of the Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation:  denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

55.     Experian and Trans Union's conduct, actions, and inaction were willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, the Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

11

## COUNT FIVE

### Violation of 15 U.S.C § 1681i(a)(5)

### (Experian and Trans Union only)

57.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-56 above as if fully set forth herein.

58.     Defendants Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(5) by their conduct which includes, but is not limited to: failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

59.     As a result of the Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages.  These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

60.     Experian and Trans Union's conduct, actions, and inaction were willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

61.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT SIX
### Violation of 15 U.S.C § 1681b
### (Experian only)

62.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-61 above as if fully set forth herein.

63.     Experian violated 15 U.S.C § 1681b by furnishing multiple consumer reports in connection with credit transactions that were not initiated by the Plaintiff to entities which lacked a permissible purpose for access of the report, including but not limited to Defendants Western Sierra, DCFS, Credit Infonet, Credit One, and FAMS.

64.     As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered actual damages.  These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

65.     Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

66.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### COUNT SEVEN
### Defamation
### (GMAC only)

67.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-66 above as if fully

13

set forth herein.

68.     Defendant GMAC published the false representation to Experian and Trans Union that Plaintiff was obligated on the GMAC Mortgage account, and on multiple occasions, thourgh Experian and Trans Union to all of Plaintiff's potential lenders, including but not limited to:

a)      Each date on which GMAC sent information concerning the inaccurate tradeline to the credit reporting agencies, which, upon information and belief, is believed to have occurred monthly; and

b)      Each date on which GMAC published the defamations through the credit reporting agencies to third parties.

These statements shall be referred to herein simply as "the defamations."

69.     The defamations were made with legal malice and a willful intent to injure Plaintiff by placing derogatory information on her credit reports in an illegal and unconscionable attempt to elicit and extort payment from Plaintiff.  GMAC had reason to know, both by virtue of information Plaintiff communicated directly to them, the Prince William County Circuit Court, and the credit reporting agencies, that Plaintiff was not obligated on the GMAC Mortgage account and was not the person who had opened the account in question.  Furthermore, GMAC willfully adopted procedures which wholly ignored the demands of Plaintiff and other consumers generally that inaccurate information should be removed from their credit files.

70.     As a result of GMAC's conduct, actions, and inaction, Plaintiff suffered actual damages.  These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

14

71.     The defamations were malicious, willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff, so as to justify an award of punitive damages against GMAC in an amount to be determined by the Court.

## COUNT EIGHT
### Violation of 15 U.S.C. § 1681s-2(b)
### (GMAC only)

72.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-71 above as if fully set forth herein.

73.     GMAC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing the inaccurate and defamatory tradeline within Plaintiff's credit file to Experian and Trans Union by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding the same; and by failing to correctly report the results of an accurate investigation to Experian and Trans Union.

74.     As a result of GMAC's conduct, actions and inaction, Ms. Wilkes suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

75.     GMAC's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, GMAC was negligent, entitling Ms. Wilkes to recover under 15 U.S.C. §1681o.

76.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from GMAC in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

15

## COUNT NINE
### Violation of 15 U.S.C. § 1681b(f)
### (Western Sierra only)

77.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-76 above as if fully set forth herein.

78.     Western Sierra violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

79.     As a result of Western Sierra's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

80.     Western Sierra's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

81.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Western Sierra in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT TEN
### Violation of 15 U.S.C. § 1681b(f)
### (DCFS only)

82.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-81 above as if fully set forth herein.

83.     DCFS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or

16

obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

84.     As a result of DCFS's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

85.     DCFS's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

86.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from DCFS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT ELEVEN
### Violation of 15 U.S.C. § 1681b(f)
### (Credit Infonet only)

87.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-86 above as if fully set forth herein.

88.     Credit Infonet violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

89.     As a result of Credit Infonet's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety

associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

90.     Credit Infonet's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

91.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Credit Infonet in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**COUNT TWELVE**

**Violation of 15 U.S.C. § 1681b(f)**

**(Credit One only)**

92.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-91 above as if fully set forth herein.

93.     Credit One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

94.     As a result of Credit One's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

95.     Credit One's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

96.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT THIRTEEN
### Violation of 15 U.S.C. § 1681b(f)
### (FAMS only)

97.     Plaintiff realleges, reaffirms, and incorporates paragraphs 1-96 above as if fully set forth herein.

98.     FAMS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

99.     As a result of FAMS's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

100.    FAMS's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

101.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from FAMS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT FOURTEEN
### Violation of 15 U.S.C. § 1681b(f)
### (National Future only)

102.    Plaintiff realleges, reaffirms, and incorporates paragraphs 1-101 above as if fully set forth herein.

103.    National Future violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

104.    As a result of National Future's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

105.    National Future's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

106.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from National Future in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT FIFTEEN
### Violation of 15 U.S.C. § 1681b(f)
### (America Funding only)

107.    Plaintiff realleges, reaffirms, and incorporates paragraphs 1-106 above as if fully set forth herein.

108.    America Funding violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by

using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

109.    As a result of America Funding's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

110.    America Funding's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

111.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from America Funding in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**COUNT SIXTEEN**
**Violation of 15 U.S.C. § 1681b(f)**
**(Nationstar only)**

112.    Plaintiff realleges, reaffirms, and incorporates paragraphs 1-111 above as if fully set forth herein.

113.    Nationstar violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose as defined by 1681b.

114.    As a result of Nationstar's conduct, the Plaintiff suffered various types of damage as set forth herein, including specifically, the cost of continued credit monitoring, a decreased credit score, the intrusion into her privacy, and the emotional distress and anxiety associated with

concern about future unauthorized inquiries into her personal financial information and/or the risk of additional instances of identity theft resulting from such inquiries.

115.    Nationstar's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

116.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff, ALISHA W. WILKES, demands judgment for compensatory, statutory, and punitive damages against the Defendants; for injunctive and declaratory relief, specifically including, but not limited to, an order declaring that Ms. Wilkes is not an obligor on the account reported by the Defendant GMAC and ordering that the Defendant GMAC ceases the reporting of any derogatory information regarding said account and Defendants cease any future unauthorized inquiries into her credit file; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ALISHA W. WILKES**

By: _____

_____ Counsel

John C. Bazaz, Esq., VSB #70796
SUROVELL MARKLE ISAACS & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
Counsel for Ms. Wilkes

Matthew J. Erausquin, Esq., VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: 703-273-7770
Facsimile: 888-892-3512
Counsel for Ms. Wilkes

Leonard A. Bennett, Esq., VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Counsel for Ms. Wilkes

## Listing of Attached Exhibits

EXHIBIT 1.  Promissory Note (April 25, 2008).

EXHIBIT 2.  Deed of Trust (April 25, 2008).

EXHIBIT 3.  *Alisha W. Wilkes v. First Class Settlement, LLC et al.*, the Prince William County Circuit Court, Case No. Cl-85687, Fourth Amended Complaint (July 28, 2009).

EXHIBIT 4.  *Alisha W. Wilkes v. First Class Settlement, LLC et al.*, the Prince William County Circuit Court, Case No. Cl-85687, Final Judgment Order (February 26, 2010).

EXHIBIT 5.  ID Theft Affidavit to GMAC (May 31, 2009).

EXHIBIT 6.  *Commonwealth of Virginia v. Daniel S. Wilkes*, the Fairfax County Circuit Court, Felony Arrest Warrants for Daniel S. Wilkes (January 13, 2010).

EXHIBIT 7.  First Dispute Letter to Equifax, Experian and Trans Union with handwriting expert's report and illustration.  Other referenced attachments to this letter (i.e. Promissory Note, the Deed of Trust, Court Order) are attached hereto as exhibits (March 8, 2010).

EXHIBIT 8.  Second Dispute Letter to Equifax, Experian and Trans Union without attachments (May 12, 2010).

EXHIBIT 9.  Third Dispute Letter to Experian and Trans Union without attachments. Attachments to this letter are attached hereto as exhibits (June 22, 2010).

EXHIBIT 10. First Dispute Letter to GMAC without attachments.  Attachments to this letter are attached hereto as exhibits (June 22, 2010).