**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **ALISHA W. WILKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil No. 1:10-cv-01160 (CMH-TRJ)** |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT GMAC MORTGAGE LLC'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR**
**ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING**

Defendant GMAC Mortgage LLC ("GMACM" or "Defendant"), by counsel, pursuant to Rule 55(c) and Rule 6(b) of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion to Set Aside Entry of Default and for Enlargement of Time to File a Responsive Pleading ("Motion").  For all the reasons set forth below, GMACM's Motion should be granted.

## I.     INTRODUCTION

Plaintiff Alisha W. Wilkes ("Wilkes" or "Plaintiff") filed her Complaint on October 14, 2010 asserting a cause of action against multiple defendants for violations of the Fair Credit Reporting Act ("FRCA") and the common law.  (Docket No. 1).  On December 17, 2010, Plaintiff filed an affidavit of service as to GMACM, indicating that GMACM was served on December 7, 2010 through its registered agent in Virginia and that GMACM's responsive pleading was due on December 28, 2010.  (Docket No. 12).  On February 9, 2011, less than two months later, Plaintiff filed a request for entry of default against GMACM.  (Docket No. 34).  Thereafter, on February 14, 2011, the Court granted Plaintiff's request and entered default

against GMACM.  (Docket No. 39).  GMACM's counsel learned of the default entered against GMACM on the same day and filed the instant motion for relief as quickly as possible.  Under these circumstances, Defendant GMACM respectfully requests that the Court grant its motion to set aside entry to default, grant GMACM an additional ten (10) days to file a responsive pleading, and allow GMACM the opportunity to be heard on the merits of the Complaint.

## II.   ARGUMENT

### A.   Standard to Set Aside Default Under Rule 55(c).

Under Rule 55(c) of the Federal Rules of Civil Procedure, a district court may set aside an entry of default judgment for "good cause shown."  Fed. R. Civ. P. 55(c).  Good cause is shown when the movant acts with reasonable promptness to have the default set aside and alleges a meritorious defense.  *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction, Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).  The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F. 3d 413, 417 (4th Cir. 2010) (holding the district court abused its discretion in refusing to vacate the entry of default) (citing cases).  In addition, when considering a motion under Rule 55(c), a court takes into account the following considerations: the personal responsibility of the movant, the prejudice to the non-movant, whether there is a history of dilatory action, and the availability of less drastic sanctions.  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *Lee v. Amerisist Assisted Living Amerisist Mgmt. Co., LLC*, No. 3:06-CV-0002, 2006 U.S. Dist. LEXIS 40085, at * 1-2 (W.D. Va. June 16, 2006).  Defendant GMACM not only has a meritorious defense and acted with reasonable promptness, but the Plaintiff is in no way prejudiced by the less than two (2) month delay.

1.      **GMACM has a Meritorious Defense.**

First, Defendant GMACM has a strong, meritorious defense.  The Fourth Circuit has stated that a meritorious defense requires "a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Plaintiff's Complaint alleges that GMACM violated the FCRA, specifically 15 U.S.C. § 1681s-2(b), by publishing inaccurate credit information to Plaintiff's credit file with Experian and Trans Union and by failing to fully investigate Plaintiff's disputes regarding the subject mortgage. (Docket No. 1, Compl. ¶ 73).  Further, Plaintiff asserts a cause of action against GMACM under the common law for defamation based upon the same allegations.  (*Id.* ¶ 68).  GMACM has a strong, meritorious defense to both of Plaintiff's claims against it, thus this consideration weighs in favor of setting aside default.

The duties created by subsection (b) of § 1681s-2 of the FCRA arise only after the furnisher of the consumer information receives notice, as required by § 1681i(a)(2), from a *consumer reporting agency* ("CRA") that a consumer is disputing credit information.  15 U.S.C. § 1681s-2(b)(1); *see Fryfogle v. First Nat'l Bank of Greencastle*, No. 6:07-cv-35, 2009 U.S. Dist. LEXIS 31347 *14-15 (W.D. Va. March 17, 2009) (finding "To prevail on a FCRA claim against a furnisher of information, the [plaintiff] must prove that they notified a credit reporting agency of the dispute, [and that] this credit reporting agency then notified the furnisher of information"); *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312 (holding "Courts have consistently held that a furnisher's duty under § 1681s-2(b) is triggered 'only after the furnisher receives notice of the dispute from a consumer reporting agency,'" as required by § 1681i(a)(2)) (quoting *Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209 (D. Kan. 2003)); *Chiang v.*

*MBNA*, 634 F. Supp. 2d 164, 173 (D. Mass. 2009) (finding "even firm proof that a defendant otherwise learned of a consumer's dispute cannot circumvent the statutory requirement that notice be delivered by a CRA [consumer reporting agency] to a defendant furnisher").   Section 1681i(a)(2) requires a CRA to notify the furnisher of information *within five business days* from the date the CRA receives notice of a dispute from a consumer.  15 U.S.C. § 1681i(a)(2).  Here, Plaintiff has failed to allege that a CRA notified GMACM within five business days of receiving Plaintiff's dispute.   In fact, Plaintiff alleges that the CRAs "transmitted an incomplete and insufficient CDV to GMAC" and that they "failed to transmit all relevant information to GMAC."  (Docket No. 1, Compl. ¶¶ 31, 32).   Because Plaintiff admits in her Complaint that GMACM never received proper notice under § 1681i(a)(2) of the dispute, she fails to allege an essential element of her claim.   Further, Plaintiff's common law claim for defamation is preempted by § 1681h(e) of the FCRA.  *See Eke v. Bank of America, N.A.*, No. 3:09-cv-488, 2010 U.S. Dist. LEXIS 79663 * 17-18 (E.D. Va. Aug. 6, 2010) (concluding that "Section 1681h(e) prohibits the bringing of certain common law claims, including claims for defamation, based on furnishing information to a consumer reporting agency").[1]

### 2.     GMACM acted with Reasonable Promptness.

Second, GMACM acted to set aside the entry of this default as swiftly as possible. GMACM's counsel learned of the default entered against GMACM on February 14, 2011 – the same day that the Court entered default against GMACM.   GMACM's counsel notified GMACM promptly of the default and sent GMACM a copy of the Order granting Plaintiff's

---

[1] The Court recognizes an exception to this "common law preemption" "where false information is furnished with malice or willful intent to injure."  Here, if GMAC is provided the opportunity to defend its case on the merits, GMAC can show that it did not act with malice or willful intent to injure Plaintiff, thus Plaintiff's common law defamation claim is preempted.

motion for entry of default.  (Declaration of Manish Verma ¶5, attached hereto as **Exhibit 1**).

This is the first time GMACM became aware of the notice of default or entry of default.  (*Id.* at ¶

5).  GMACM immediately requested counsel to respond on GMACM's behalf, who filed the

instant motion for relief as quickly as possible.  (*Id.* at ¶ 6).  There was a minimal degree of delay

(less than two months after GMACM's answer was due), which does not materially affect the

Plaintiff or delay the proceedings.  Accordingly, GMACM acted with reasonable promptness,

thus the Court should set aside the entry of default.  *See Colleton Preparatory Acad., Inc.*, 616 F.

3d at 418 (finding that defendant acted with "requisite promptness and diligence in seeking to set

aside entry of default when it acted within nine days after its counsel learned of the existence of

the case").

### 3.    There is no Prejudice to Plaintiff.

Plaintiff will suffer little or no prejudice if the Court sets aside its Order entering

default against GMACM.  "In the context of a motion to set aside an entry of default, as in other

contexts, delay in and of itself does not constitute prejudice to the opposing party."  *Colleton*

*Preparatory Acad., Inc.*, 616 F. 3d at 418 (citing *Indigo Am., Inc. v. Big Impressions, LLC*, 597

F.3d 1, 4 (1st Cir. 2010)).  Rather, "the issue is one of *prejudice to the adversary*, not merely the

existence of delay."  *Id.* at 418 (finding there is no prejudice to plaintiff where the entry of

default could have been set aside less than three monthly after a timely answer was due).  "[F]or

the setting aside of a default judgment to be considered prejudicial…the delay must result in

tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity

for fraud or collusion."  *Thompson v. Am. Home Assur. Co.*, 95 F. 3d 429, 433-34 (6th Cir.

1996). Further, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's

liability, a burden every plaintiff assumes in every civil action filed in federal court."  *Id.* at 419.

Here, there is no tangible harm in setting aside entry of default against GMACM. A delay of less than two months in filing GMACM's responsive pleading is de minimis. According to the docket report, no discovery has been filed and the parties just entered their proposed discovery plan on February 9, 2011.  (Docket No. 35).  Accordingly, Plaintiff will not be prejudiced by setting aside a default entered less than one (1) week ago.

**4.**     **GMACM does not have a History of Dilatory Action.**

There is no evidence that the default stems from a history of dilatory action on GMACM's part.  To the contrary, GMACM has procedures in place to accept and respond to documents served upon it regarding claims involving secured property in the ordinary course of business.  (Ex. 1 ¶ 3).  GMACM's system is utilized effectively to handle hundreds of lawsuits each year and is designed to ensure that responses are timely filed.  (*Id*. at ¶ 3).  Despite having steps in place to ensure proper compliance with Court deadlines, it appears this is a case where the email alerting the Legal Department of Plaintiff's Complaint was never received.  (*Id*. at ¶ 4). As a result of this isolated and inadvertent error, the Legal Department never received the case assignment from the GMACM litigation case manager.  (*Id*.).

GMACM has shown that it has a strong and meritorious defense to Plaintiff's FCRA and common law defamation claims and that it acted with reasonable promptness after receiving notice of default.  Further, there is no prejudice to Plaintiff in setting aside entry of default and GMACM was not dilatory.  Therefore, GMACM has shown good cause and all factors favor setting aside the default.  *See Colleton Preparatory Acad., Inc.*, 616 F. 3d at 421 (holding the district court abused its discretion in refusing to vacate entry of default, emphasizing the court's "long-held view that Rule 55(c) motions must be 'liberally construed in order to

provide relief from the onerous consequences of defaults'") (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

**B.**      **Extension of Time to File a Responsive Pleading Under Rule 6(b).**

A court may grant an extension of time under Rule 6(b) upon a showing of excusable neglect.  Fed. R. Civ. P. 6(b). The determination of whether neglect is "excusable" is an equitable one, taking into account all of the relevant circumstances surrounding a party's omission; a court should consider the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether or not it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servc. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

Here, GMACM only seeks an extension of ten (10) days from the determination of this Motion to file its responsive pleadings.  As argued above, there is no danger of prejudice to Plaintiff and the length of the delay is minimal.  GMACM, acting in good faith, filed the instant motion shortly after receiving notice of the default.  Further, there is no potential negative impact on the judicial proceedings, which have barely begun.  Accordingly, the Court should grant GMACM's Motion for Enlargement of Time to File a Responsive Pleading pursuant to Rule 6(b).

### III.      CONCLUSION

For all of the above reasons, Defendant GMAC Mortgage LLC respectfully requests that the Court set aside the entry of default against it and grant GMACM a ten-day extension to file is responsive pleading.

Dated:  February 18, 2011                          Respectfully Submitted,

                                                   **GMAC MORTGAGE LLC**


                                                   By:  ____/s/ John C. Lynch_____
                                                                  Of Counsel

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com


<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this 18th day of February, 2011, I electronically filed the

foregoing Motion to Set Aside Default with the Clerk of the Court using the CM/ECF system

that will send a true and correct copy of the foregoing to the following counsel of record:

<u>**Counsel for Plaintiff**</u>
John C. Bazaz, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia 22030
E-mail: jbazaz@siplfirm.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for Defendant Experian Information Solutions, Inc.**
David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
E-mail: david.anthony@troutmansanders.com

**Counsel for Defendant Nationstar Mortgage, LLC**
Jason Hamlin
Glasser & Glasser PLC
580 E Main St., Suite 600
Norfolk, Virginia 23510
E-mail: jhamlin@glasserlaw.com

**Counsel for Defendant Trans Union, LLC**
Grant Edward Kronenberg
Morris & Morris PC
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, Virginia 23218
E-mail: gkronenberg@morrismorris.com

_____/s/ John C. Lynch_____
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

413650v1