**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **ALISHA W. WILKES,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**GMAC MORTGAGE, LLC,** *et al.*, )<br>)<br>**Defendants.** ) | **Civil No. 1:10cv1160 (CMH-TRJ)** |

**DEFENDANT GMAC MORTGAGE LLC'S AMENDED**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant GMAC Mortgage LLC ("GMACM" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 16(a)(1) submits its Amended Answer and Affirmative Defenses in response to Plaintiff Alisha W. Wilkes' ("Plaintiff") Complaint ("Complaint").

GMACM denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.  GMACM further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same.

**Preliminary Statement**

1.    GMACM states that Plaintiff's preliminary statement is not subject to a denial or admission.  To the extent that a response is required, GMACM admits only that Plaintiff seeks damages under the FCRA in her Complaint, and denies she is entitled to relief from GMACM.

**Jurisdiction**

2.    GMACM admits that jurisdiction is appropriate in this Court.

**<u>Parties</u>**

       3.     GMACM admits Plaintiff is a natural person.  The allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent any further response is required, and to the extent the allegations are contrary to the law, they are denied.

       4.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

       5.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

       6.     GMACM admits that it is a foreign company with a principal place of business in Fort Washington, Pennsylvania and that it regularly conducts business in Virginia. The remaining allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, and to the extent the allegations are contrary to the law, they are denied.

       7.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

       8.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.      GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

## Statement of Facts

15.     The allegations in Paragraph 15 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

16.     The allegations in Paragraph 16 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

17.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 17 of the Complaint and therefore denies same.   The remaining allegations of Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, and to the extent the allegations are contrary to the law, they are denied.

18.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies same.

19.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20.     The allegations in Paragraph 20 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

21.     The allegations in paragraph 21 of the Complaint are admitted.

22.     The allegations in paragraph 22 of the Complaint are admitted.

23.     The allegations in paragraph 23 of the Complaint refer to documents, which speak for themselves, and are legal conclusions, to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents or are contrary to law, they are denied.

24.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 24 of the Complaint and therefore denies same.   The remaining allegations in Paragraph 24 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

25.     The allegations in Paragraph 25 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

26.     The allegations in Paragraph 26 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

27.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies same.

28.     The allegations in Paragraph 28 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

29.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies same.

30.     The allegations in Paragraph 30 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents, they are denied.

31.     The allegations in Paragraph 31 of the Complaint refer to documents, which speak for themselves, and are legal conclusions, to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents or the law, they are denied.

32.     The allegations in Paragraph 32 of the Complaint refer to documents, which speak for themselves, and are legal conclusions, to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the documents or the law, they are denied.

33.     The allegations in Paragraph 33 of the Complaint are legal conclusions, to which no response is required.  To the extent any further response is required, and to the extent the allegations vary from the law, they are denied.

34.     The allegations in Paragraph 34 are denied.

35.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

## COUNT I
## <u>Violation of 15 U.S.C. § 1681e(b)</u>
### <u>(GMACM and Trans Union only)</u>

37.     In response to paragraph 37 of the Complaint, GMACM hereby incorporates by reference its responses in paragraphs 1 through 36 as though fully set forth.

38.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph of 39 of the Complaint.

40.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies same.

41.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies same.

## <u>COUNT TWO</u>
## <u>Violation of 15 U.S.C. § 1681i(a)(1)</u>
### (Experian and Trans Union only)

42.     GMACM incorporates its responses to the allegations contained in paragraphs 1-41 as if fully set forth herein.

43.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

44.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph of 44 of the Complaint.

45.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies same.

46.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

**COUNT THREE**
**Violation of 15 U.S.C. § 1681i(a)(2)**
**(Experian and Trans Union Only)**

47.     GMACM incorporates its responses to the allegations contained in paragraphs 1-46 as if fully set forth herein.

48.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore denies same.

49.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph of 49 of the Complaint.

50.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore denies same.

51.     GMACM denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 51 of the Complaint.

**COUNT FOUR**
**Violation of 15 U.S.C. § 1681i(a)(4)**
**(Experian and Trans Union only)**

52.     GMACM incorporates its responses to the allegations contained in paragraphs 1-51 as if fully set forth herein.

53.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

54.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph of 54 of the Complaint.

55.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

56.     GMACM denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 56 of the Complaint.

**COUNT FIVE**
**Violation of 15 U.S.C. 1681i(a)(5)**
**(Experian and Trans Union only)**

57.     GMACM incorporates its responses to the allegations contained in paragraphs 1-56 as if fully set forth herein.

58.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies same.

59.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph of 59 of the Complaint.

60.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies same.

61.     GMACM denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 61 of the Complaint.

**COUNT SIX**
**Violation of 15 U.S.C. 1681b**
**(Experian only)**

62.     GMACM incorporates its responses to the allegations contained in paragraphs 1-61 as if fully set forth herein.

63.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies same.

64.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies same.

65.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore denies same.

66.     GMACM is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

## COUNT SEVEN
**Defamation**
**(GMAC only)**

67.     GMACM incorporates its responses to the allegations contained in paragraphs 1-66 as if fully set forth herein.

68.     The allegations of paragraph 68 of the Complaint, inclusive of sub-paragraphs (a) and (b), are legal conclusions, to which no response is required.  To the extent a further response is required, they are denied.

69.     The allegations of paragraph 69 of the Complaint are legal conclusions, to which no response is required.  To the extent a further response is required, they are denied.

70.     GMACM denies that Plaintiff has suffered any damages as a result of GMACM's conduct, actions or inaction as alleged in paragraph 70 of the Complaint.

71.     GMACM denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 61 of the Complaint.

## COUNT EIGHT
**Violation of 15 U.S.C. § 1681s-2(b)**
**(GMAC only)**

72.     GMACM incorporates its responses to the allegations contained in paragraphs 1-71 as if fully set forth herein.

73.     The allegations of paragraph 73 of the Complaint are legal conclusions, to which no response is required.  To the extent a further response is required, they are denied.

74.     The allegations of paragraph 74 of the Complaint are legal conclusions, to which no response is required.  To the extent a further response is required, they are denied.

75.     The allegations of paragraph 75 of the Complaint are legal conclusions, to which no response is required.  To the extent a further response is required, they are denied.

76.     GMACM denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 76 of the Complaint.

## COUNT NINE
### Violation of 15 U.S.C. § 1681b(f)
### (Western Sierra only)

77.     GMACM incorporates its responses to the allegations contained in paragraphs 1-76 as if fully set forth herein.

78.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 78 of the Complaint and therefore denies the same.

79.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 79 of the Complaint and therefore denies the same.

80.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 80 of the Complaint and therefore denies the same.

81.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 81 of the Complaint and therefore denies the same.

## COUNT TEN
### Violation of 15 U.S.C. § 1681b(f)
### (DCFS only)

82.     GMACM incorporates its responses to the allegations contained in paragraphs 1-81 as if fully set forth herein.

83.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 83 of the Complaint and therefore denies the same.

84.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84 of the Complaint and therefore denies the same.

85.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 85 of the Complaint and therefore denies the same.

86.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 86 of the Complaint and therefore denies the same.

## COUNT ELEVEN
### Violation of 15 U.S.C. § 1681b(f)
### (Credit Infonet only)

87.     GMACM incorporates its responses to the allegations contained in paragraphs 1-86 as if fully set forth herein.

88.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 88 of the Complaint and therefore denies the same.

89.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 89 of the Complaint and therefore denies the same.

90.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 90 of the Complaint and therefore denies the same.

91.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 91 of the Complaint and therefore denies the same.

<u>**COUNT TWELVE**</u>
**Violation of 15 U.S.C. § 1681b(f)**
**(Credit One only)**

92.     GMACM incorporates its responses to the allegations contained in paragraphs 1-91 as if fully set forth herein.

93.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 93 of the Complaint and therefore denies the same.

94.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 94 of the Complaint and therefore denies the same.

95.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 95 of the Complaint and therefore denies the same.

96.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 96 of the Complaint and therefore denies the same.

**COUNT THIRTEEN**
**Violation of 15 U.S.C. § 1681b(f)**
**(FAMS only)**

97.     GMACM incorporates its responses to the allegations contained in paragraphs 1-96 as if fully set forth herein.

98.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 98 of the Complaint and therefore denies the same.

99.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 99 of the Complaint and therefore denies the same.

100.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 100 of the Complaint and therefore denies the same.

101.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 101 of the Complaint and therefore denies the same.

**COUNT FOURTEEN**
**Violation of 15 U.S.C. § 1681b(f)**
**(National Future only)**

102.    GMACM incorporates its responses to the allegations contained in paragraphs 1-101 as if fully set forth herein.

103.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 103 of the Complaint and therefore denies the same.

104.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 104 of the Complaint and therefore denies the same.

105.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 105 of the Complaint and therefore denies the same.

106.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 106 of the Complaint and therefore denies the same.

## COUNT FIFTEEN
### Violation of 15 U.S.C. § 1681b(f)
### (American Funding only)

107.     GMACM incorporates its responses to the allegations contained in paragraphs 1-106 as if fully set forth herein.

108.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 108 of the Complaint and therefore denies the same.

109.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 109 of the Complaint and therefore denies the same.

110.     GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 110 of the Complaint and therefore denies the same.

111.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 111 of the Complaint and therefore denies the same.

**COUNT SIXTEEN**
**Violation of 15 U.S.C. § 1681b(f)**
**(Nationstar only)**

112.    GMACM incorporates its responses to the allegations contained in paragraphs 1-111 as if fully set forth herein.

113.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 113 of the Complaint and therefore denies the same.

114.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 114 of the Complaint and therefore denies the same.

115.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 115 of the Complaint and therefore denies the same.

116.    GMACM lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 116 of the Complaint and therefore denies the same.

**Prayer for Relief**

In response to Plaintiff's "WHEREFORE" clause, GMAC denies it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in the "Prayer for Relief" following paragraph 116 of Plaintiff's Complaint, as well as under the FCRA or for any relief whatsoever.

GMACM denies that Plaintiff is entitled to any relief and denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

GMACM denies each and every allegation in the Complaint not specifically admitted in the above paragraphs.

GMACM further states that its investigation of the present matter is ongoing. Accordingly, GMACM reserves the right to amend this answer.

## AFFIRMATIVE AND OTHER DEFENSES

The claims and/or allegations set forth in Plaintiff's Complaint are barred in whole or in part based on the following affirmative and other defenses.

1. The Complaint fails to state claim upon which relief could be granted from GMACM under the Fair Credit Reporting Act ("FCRA") , 15 U.S.C. §§ 1681, *et seq.*

2. At all times relevant, GMACM states that it did not commit any act or omission constituting an actionable violation of the FCRA.

3. At all times relevant, GMACM states that it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

4. GMACM acted neither negligently nor willfully within the meaning of the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and GMAC is entitled to "qualified immunity" from Plaintiff's claims of willful violation(s) of the FCRA because its conduct was not objectively unreasonable.

5. Plaintiff's Complaint, in whole or in part, fails to the extent that it is barred by the applicable statutes of limitation, including but not limited to those set forth in 15 U.S.C. § 1681p, and/or the doctrine of laches.

6. Plaintiff cannot recover from GMACM to the extent that she failed to mitigate her alleged damages, if any.

7. Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, GMACM states that while it does not believe Plaintiff has stated a claim for punitive damages, even if she proves an entitlement to any such punitive damage award, GMAC is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See Williams v. Telespectrum, Inc.*, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

8. Plaintiff cannot recover from GMACM to the extent that any damages that Plaintiff may have suffered, which GMACM continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

9. Plaintiff cannot recover from GMACM to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which GMACM continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom GMACM had no control, and for whose conduct GMACM is not responsible, which bars or diminishes any recovery by Plaintiff against GMACM.

10. Plaintiff's claims fail to the extent that they are barred against GMACM by the qualified immunity of 15 U.S.C. § 1681h(e).

11. Plaintiff's claims for common law defamation are barred, in whole or in part, by the one-year statute of limitations found in Va. Code § 8.01-247.1.

12.     Plaintiff's claims for common law defamation are barred, in whole or in part, by the common law affirmative defense of qualified privilege.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

14.     Plaintiff is judicially and/or equitably estopped from altering her factual positions taken in the state court litigation.

15.     GMACM reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant GMAC Mortgage, LLC, by counsel, respectfully requests:

(1)     that the Court enter judgment in favor of Defendant and against Plaintiff on the claims of the Complaint and deny all relief sought by Plaintiff;

(2)     that the Court award Defendant its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(3)     that the Court award Defendant such other and further relief as this Court deems just and proper.

Dated:  April 8, 2011                                    Respectfully Submitted,

                                                         **GMAC MORTGAGE LLC**


                                                         By: ___/s/ John C. Lynch_____
                                                                    Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2011, I electronically filed the foregoing Amended Answer with the Clerk of the Court using the CM/ECF system that will send a true and correct copy of the foregoing to the following counsel of record:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard A. Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for Defendant Experian Information Solutions, Inc.**
David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
E-mail: david.anthony@troutmansanders.com

**Counsel for Defendant Nationstar Mortgage, LLC**
Jason Hamlin
Glasser & Glasser PLC
580 E Main St., Suite 600
Norfolk, Virginia 23510
E-mail: jhamlin@glasserlaw.com

**Counsel for Defendant Trans Union, LLC**
Grant Edward Kronenberg
Morris & Morris PC
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, Virginia 23218
E-mail: gkronenberg@morrismorris.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

                    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

415884v1