IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES, | : |
| | : |
| **Plaintiff** | : |
| v. | :   CIVIL NO. 1:10cv1160 |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : |
| et al. | : |
| **Defendants.** | : |

## MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY THE COURT'S ORDER OF FEBRUARY 2, 2011 (DOCKET #32)

On February 2, 2011, the Court entered an Order regarding the conduct of this case, including an order limiting the scope of certain discovery as permitted under Fed. R. Civ. P. 26(b)(2)(A). (Order, Docket #32). In particular, the Court limits the parties to "five (5) non-party, non-expert depositions . . . without leave of court." The Plaintiff respectfully requests that the Court clarify whether it considers Defendants' employees to be non-parties and whether the Plaintiff is limited to five non-party depositions per Defendant or in total for the entire case.

Plaintiff filed her Complaint alleging violation of the Fair Credit Reporting Act against eleven defendants. (Docket #1). Four defendants have been terminated from the case and Plaintiff anticipates dismissing other defendants as well. In a case with multiple defendants, a Plaintiff must allege a cause of action against each. *Goldstein v. Malcolm G. Fries & Assoc., Inc.*, 72 F. Supp. 2d 620, 627 (E.D. Va. Oct. 29, 1999)(explaining that with respect to fraud, "in multiple-defendant cases, such as the one at bar, circumstances must be stated for each defendant. A plaintiff may not group all wrongdoers together in a single set of allegations."). Even though joinder may be either permitted or required under the Rules, a Plaintiff must carry

her burden against each person against whom she has stated a claim. Each party is entitled to the liberal discovery permitted under the rules. A court may limit the number of depositions and interrogatories. (Fed. R. Civ. P. 26(b)(2)(A)). The Court's order in this case properly limited discovery consistent with the Rule, however it is unclear whether the Court intended to redefine the established meaning of non-party to include Defendants' employees. It is likewise unclear whether the Plaintiff may take five non-party depositions per defendant or is limited to five non-party depositions total.

**1.     Defendants' Employees are Party Witnesses**

It is firmly established that employees are party-witnesses. *Lycos, Inc. v. TiVo, Inc.,* 499 F. Supp. 2d 685, 694 (E.D. Va. 2007)(citing *Samsung Elecs. Co. v. Rambus, Inc.,* 386 F.Supp.2d 708, 717 (E.D.Va. 2005) in deciding a venue motion, the court stated "the fact remains that employees of Lycos who have knowledge relevant to this action are located in Massachusetts. As these are party-witnesses, and it is not clear whether their credibility will be an important issue, the court declines to give substantial weight to the fact that it would be more convenient for them to testify in Massachusetts than in Virginia."). It is a novel idea that an employee of a defendant would be considered a non-party. A party witness is a party itself or "those closely aligned with a party." *Samsung Elecs. Co. v. Rambus, Inc.,* 386 F.Supp.2d at 718. A non-party witness is not a party nor closely aligned with a party, but an individual who may have knowledge of a material fact relevant to a claim or defense. *Id.* A party's employee, as a matter of law, is closely aligned with and under the direction of a party. *Id.* There is no reason to treat the employees of the Defendants in this case differently.

**2.     Plaintiff should be Entitled to Depose Five Non-Parties as to Each Defendant**

Because the Plaintiff must state a claim against each defendant and carry her burden of

proof at trial, and is otherwise entitled to the liberal discovery permitted under the rules, it would be averse to the Rules and the purpose of discovery to limit her to five non-party depositions total for the entire case against multiple defendants where each defendant is entitled to depose five non-parties each. If all eleven defendants had remained in the case, it illustrates the absurd result if Plaintiff were only able to take five non-party depositions as to all defendants, but each defendant were entitled to take five non-party depositions as to the Plaintiff. As it is now, there are still seven defendants not-dismissed, the Plaintiff has to carry her burden against each one of them and would be at a disadvantage if she were not able to depose witnesses having material information relevant to her claim. Generally courts recognize that a non-party may have information relevant to a claim or defense. *Id.* A party may obtain discovery from a non-party by subpoena *duces tecum* under Fed. R. Civ. P. 30(a), as long as they intend to depose the third party. *Jones v. Cont'l Cas. Co*, 512 F.Supp. 1205 (E.D. Va. April 30, 1981). In this case, the Plaintiff has taken, and intends to continue to take, the depositions both of party-witnesses and non-parties, especially as she learns through discovery of evidence available by means of subpoena *duces tecum* and deposition of party-and-non-party witnesses alike.

**3.      Plaintiff Seeks Leave to Take in Excess of Five Non-Party Depositions**

In the event the Court should find that employees are non-parties or that the Plaintiff is entitled to only five non-party depositions without leave, the Plaintiff herein seeks leave to take in excess of five non-party depositions but not more than ten per Defendant. The depositions the Plaintiff seeks have all been noticed and will be by telephone as follows:

(1) Allison Higgins, GMAC ACDV operator – one of two operators who conducted on of the Fair Credit Reporting Act investigations (already deposed)

(2) Lori Aguiar, GMAC ACDV operator – one of two operators who conducted on of the

Fair Credit Reporting Act investigations (already deposed)

(3) Amy Fleitas, GMAC employee who handled the challenged mortgage file prior to the Fair Credit Reporting Act disputes (deposition scheduled to be June 6, 2011)

(4) Joseph Yarnell, GMAC employee – one of two employees responsible for the GMAC compliance procedures (deposition scheduled to be June 7, 2011)

(5) Nancy Durey, GMAC employee – one of two employees responsible for the GMAC compliance procedures (deposition scheduled to be June 7, 2011)

In addition to the GMAC employees, Plaintiff seeks to depose the following non-party witnesses:

(1) Steve Newman, TransUnion employee deposition taken for the purpose of authenticating and explaining TransUnion consumer reports and business documents.

(2) Unnamed Experian employee deposition to be taken for the purpose of authenticating and explaining Experian consumer reports and business documents.

Respectfully Submitted,

ALISHA WILKES,

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 27th day of May, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
bcasey@taylorwalkerlaw.com

                    /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net