**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ALISHA W. WILKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:10-cv-01160 (CMH-TRJ)** |
| | ) | |
| **GMAC MORTGAGE, LLC,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GMAC MORTGAGE LLC'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO QUASH SUBPOENAS TO TESTIFY AT A DEPOSITION, TO QUASH**
**NOTICES OF RULE 30(B)(1) DEPOSITIONS, AND FOR A PROTECTIVE ORDER**

Defendant GMAC Mortgage LLC ("GMACM" or "Defendant"), by counsel, pursuant to Rules 26, 30, 37, and 45 of the Federal Rules of Civil Procedure and Local Civil Rules 30 and 37, hereby submits its Memorandum in Support of its Motion to Quash the Notices of Rule 30(b)(1) Depositions and to Quash Subpoenas to Testify at a Deposition served by Plaintiff upon Nancy Durey and Joseph Yarnall – two employees of Defendant - and for a Protective Order.

This Court's Order dated February 2, 2011 (Docket No. 32) states that "*[a] party may not exceed five (5) non-party, non-expert witness depositions … without leave of court*." Plaintiff has already taken the depositions of 6 non-party witnesses, including two of Defendant's employees.  Additionally, Plaintiff has noticed the depositions of three additional employees of Defendant to take place in June 2011: Nancy Durey, Joseph Yarnall and Amy Fleitas.  Plaintiff has also served witness subpoenas upon Mr. Yarnall and Ms. Durey. Defendant seeks an order from this Court quashing the Rule 30(b)(1) deposition notices and witness subpoenas served by Plaintiff upon Ms. Durey and Mr. Yarnall and to protect them from

being deposed in this case.  In a show of good faith, Defendant is willing to produce Ms. Fleitas for a Rule 30(b)(1) deposition, but nonetheless believes that Plaintiff must obtain leave of this Court before taking said deposition.

Plaintiff has now filed today (June 3, 2011) a motion seeking leave of Court to take more than five (5) non-party depositions.  This is curious because Plaintiff has already exceeded the limit of non-party deposition in this Court's Order.  According to Plaintiff, she can depose every employee of GMAC or any other defendant because such persons should be considered a "party witness."  Plaintiff disagrees with this analysis and notes Plaintiff's argument hinges on cases that address whether or not to move the venue of litigation, not the issue here of whether an employee is a non-party for purposes of taking a deposition.  Further, Plaintiff has issued a subpoena and noticed a deposition for another third-party on June 2, 2011, before the hearing Plaintiff noticed for June 3, 2011 and before Plaintiff could obtain leave of this Court.

Defendant regrets that the Court had to be brought into this discovery dispute. Defendant hoped these deposition issues could be resolved without the need of having to request Court involvement - however, despite Defendant's best efforts, it appears a Court order is necessary.  Defendant informed Plaintiff of the terms of this Court's order limiting her to five non-party depositions prior to her serving these notices and subpoenas.  Plaintiff's response was that Defendant would have to move the Court to quash them.  Thus, Defendant brings this Motion for the Court's assistance in resolving this discovery issue.

## BACKGROUND

1.     The Complaint was filed on October 14, 2010.   (Docket No. 1.) Defendant is a foreign company with a principal place of business in Fort Washington, Pennsylvania. (Complaint, ¶ 6.)

2.      This Court entered a scheduling Order (the "Order") on February 2, 2011, which amongst other deadlines set the discovery cut-off for June 10, 2011 and provides "*[a] party may not exceed five (5) non-party, non-expert witness depositions … without leave of court.*" (Docket No. 32; emphasis added.)

3.      By agreement, Defendant filed it Answer on March 18, 2011.   (Docket No. 49.)  Defendant also served its Rule 26(a)(1) Initial Disclosures on March 18, 2011.

4.      Plaintiff took the deposition of two of Defendant's employees, Allison Higgins and Lori Aguiar, on April 25, 2011.  (*See* **Exhibit A**; **Exhibit B**; **Exhibit C**.)

5.      Plaintiff deposed James Nickens on April 28, 2011.  (*See* **Exhibit D**.)

6.      Plaintiff deposed Sean Casey on April 28, 2011.  (*See* **Exhibit E**.)

7.      Plaintiff deposed Robert Chasteen on May 2, 2011.  (*See* **Exhibit F**.)

8.      As early as May 3, 2010, Plaintiff took the position that she has "not taken any non-party dep[osition]s."  Plaintiff also asserted that she has "only taken 2 of 5 deps as to GMAC and 2 of the 5 for the co-defendant [America Funding, Inc.].  (Its [sic] not 5 total, as you certainly know."  (*See* **Exhibit G**.)   In other words, Plaintiff took the position that for each defendant named in a lawsuit, Plaintiff is permitted to take 5 depositions (i.e., in this case, as there were originally 11 defendants, Plaintiff would be permitted to take 55 depositions.)  Thereafter, Plaintiff took the position that Defendant's understanding of the Order means that she "is limited to 1 dep[osition] a defendant."  (*See* **Exhibit H**.)

9.      On May 4, 2011, Plaintiff stated that she "must set deposition locations and dates (you may file motions as you like)," and indicated she intended to depose six (6) additional employees of Defendant, as well as other third parties (e.g., Quicken Loans and Precision Funding Group, LLC.)  (*See* **Exhibit I**.)

10.     On May 5, 2011, Defendant called Plaintiff's attention again to the terms of the Order, and offered in good faith to agree to allow Plaintiff to take two more non-party depositions of GMAC employees conditioned on an agreement that no additional depositions of GMAC occur.  (*See* **Exhibit J**.)

11.     On May 10, 2011, Plaintiff stated she "still want[s] to depose" four employees of Defendant: Lynn Manning, Nancy Durey, Joseph Yarnall, and Peter Knapp.  (*See* **Exhibit K**.)

12.     Also on May 10, 2011, Plaintiff noticed the deposition of Amy Fleitas, an employee of Defendant, for June 6, 2011.  (*See* **Exhibit L**.)

13.      Also on May 10, 2011, Plaintiff noticed the deposition of Experian Information Solutions, Inc. ("Experian") for June 2, 2011, issued a subpoena for Experian to testify at a deposition pursuant to Fed. R. Civ. P. 45, and issued a subpoena for documents under Fed. R. Civ. P. 45.  (*See* **Exhibit M**.)  Plaintiff has informed Defendant that Plaintiff and Experian have settled their dispute in this case and Defendant understands Plaintiff is presently treating Experian as a third party to this suit, exactly like to its present treatment of Trans Union, LLC.

14.     On May 11, 2011, Plaintiff asserted that the depositions of Ms. Fleitas, Ms. Durey, and Mr. Yarnall are "party dep[osition]s." (*See* **Exhibit N**.)

15.     On May 16, 2011, Plaintiff stated "[w]e are noticing the dep[osition]s of the witnesses in Iowa and Phil[adelphia] and sercing them directly. You will need to move to quash.  That makes 5 employee dep[osition]s.  Plus the [Rule] 30b6 [deposition of Defendant.]" (*See* **Exhibit O**.)  Plaintiff took the position that she is entitled to take five (5) non-party depositions per defendant named in this litigation (i.e. Plaintiff can take five non-party

depositions related to her case against GMAC, five non-party depositions related to her case against America Funding, Inc., etc.)

16.    On May 18, 2011, Plaintiff issued a witness subpoena to, and noticed the deposition of, Nancy Durey, an employee of Defendant, for June 7, 2011.  (*See* **Exhibit P**.)

17.    On May 18, 2011, Plaintiff issued a witness subpoena to, and noticed the deposition of, Joseph Yarnall, an employee of Defendant, for June 7, 2011.  (*See* **Exhibit Q**.)

18.    Plaintiff deposed a corporate representative of Trans Union, LLC, on May 24, 2011.  (*See* **Exhibit R**.)  Prior to this deposition, Plaintiff and Trans Union settled their dispute in this case and executed a dismissal order, which was entered by this Court on May 24, 2011.  Plaintiff specifically stated on May 24, 2011 that Trans Union, LLC was deposed as a third party.  (*See* **Exhibit S**.)

19.    Despite additional attempts at fashioning a resolution, the parties were unable to reach an agreement on this issue.  Defendant understood the parties would again meet and confer by telephone on May 26, 2011 in an attempt to fashion a compromise, but was unable to reach Plaintiff.  As the depositions are noticed for June 7, 2011, Defendant has no other option but to file this motion in an abundance of caution.  Defendant will continue working with Plaintiff in an attempt to resolve this issue prior to the hearing that is simultaneously being noticed for June 3, 2011.

## **ARGUMENT**

Defendant seeks an order that quashes the Notices of Rule 30(b)(1) Depositions and Deposition Subpoenas served by Plaintiff upon Ms. Durey and Mr. Yarnall and protects them from attending the depositions noticed for June 7, 2011.  This Court's Order dated February 2, 2011 (Docket No. 32) states that "*[a] party may not exceed five (5) non-party, non-*

*expert witness depositions ... without leave of court*."[1]  Plaintiff has already taken the depositions of six (6) non-party witnesses, including two of Defendant's employees, without leave of Court. Additionally, Plaintiff has served four notices of depositions for non-parties, issued three witness subpoenas to non-parties, and presently intends to conduct the depositions of at least four more non-parties prior to the close of discovery on June 10, 2011.  However, Plaintiff has not sought leave of Court to take more than five (5) non-party depositions.  Therefore the subpoenas and notices issued to Mr. Yarnall and Ms. Durey should be quashed.

Rule 45(c)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Rule 45(c)(3)(A) gives the court the power to "quash or modify the subpoena if it . . . (iv) subjects a person to undue burden."

Both Ms. Durey and Mr. Yarnall are non-parties to this litigation, are  employees of Defendant, and are not officers, directors or managing agents, thus they "*can be deposed only by stipulation or through the use of the procedures applicable to the depositions of non-parties.*" *Margel v. E.G.L. Gem Lab Ltd.*, 2008 U.S. Dist. LEXIS 41754, *24-25 (S.D.N.Y. May 29, 2008) (emphasis added) (citing *Margel v. E.G.L. Gem Lab Ltd.*, 04 Civ. 1514 (SHS)(HBP), 2005 U.S. Dist. LEXIS 46758, *2-3 (S.D.N.Y. Nov. 14, 2005) ("A notice pursuant to Fed.R.Civ.P. 30 can be used only to secure the deposition of a party. When the party is a corporation, the individuals subject to deposition pursuant to Rule 30 are limited to officers, directors and managing agents.") (citations and footnote omitted).  "*The depositions of other individuals* [who are not officers,

---

[1] Fed. R. Civ. P. 26(b)(2)(A) provides that "[b]y order, the court may alter the limits in these

directors or managing agents] *associated with a corporation can be compelled only by using the procedures applicable to non-party witnesses*." *Margel*, 2005 U.S. Dist. LEXIS 46758, \*2-3 (citing *Dubai Islamic Bank v. Citibank, N.A*., 99 Civ. 1930 (RMB)(THK), 2002 U.S. Dist. LEXIS 9794, 2002 WL 1159699 at \*2 (S.D.N.Y. May 31, 2002), citing *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1985) *and In re Honda Am. Motor Co*., 168 F.R.D. 535, 540 (D. Md. 1996); *see also Heily v. DOC*, 69 Fed. Appx. 171, 174 (4th Cir.  2003) (treating depositions noticed for employees of defendant as "non-party witness depositions"; *see also Lent v. Signature Truck Sys*., 2010 U.S. Dist. LEXIS 41733, \*3 (W.D.N.Y. Apr. 26, 2010) (treating deposition of employee of third-party as a non-party deposition); *Cummings v. GMC*, 365 F.3d 944, 953 (10th Cir. Okla. 2004) (holding an employee of defendant "must be compelled as any other nonparty witness-by subpoena" because "[t]o the extent a party wants to subpoena an individual of its choice for a deposition, it must do so under *Rule 30(a)(1), [which] allows [plaintiffs] to take the deposition of nonparty witnesses, including employees*," and that "[e]xcept where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness." (citing 8A Wright et al., Federal Practice and Procedure Civ. 2d § 2103).

Pursuant to Rule 30(b)(1), a corporate employee or agent who does not qualify as an officer, director or managing agent has the status of a non-party witness, is not subject to deposition by notice, and must be subpoenaed.  *See Rapoca Energy Co., LP v. AMCI Exp. Corp.*, 199 F.R.D. 191, 194 (W.D. Va. 2001); *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967); *Libbey Glass, Inc. v Oneida, Ltd.*, 197 F.R.D. 342, 349 (N.D. Oh. 1999).  The party seeking to take the deposition bears the burden of establishing the capacity of the deponent.

---

rules on the number of depositions … under Rule 30.

*See Cleveland v. Palmby*, 75 F.R.D. 654, 656 (W.D. Okla. 1977).  In recognition of the fact that "[a] *subpoena is required to compel the attendance of a non-party witness*," Plaintiff served depositions subpoenas on Mr. Yarnall and Ms. Durey.  Wright & Miller, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 2460; *U.S. v. Afram Lines, Inc.*, 159 F.R.D. 408, 412 (S.D.N.Y. 1994).

Plaintiff is well aware that neither Ms. Durey nor Mr. Yarnall qualifies as a "managing agent" for purposes of Rule 45.  These employees are not vested with general powers to exercise their discretion and judgment in dealing with corporate matters, do not have responsibility for planning future corporate developments, and are not in control of corporate decision making or individual project assignments.  *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 2008 U.S. Dist. LEXIS 11767, *17 (N.D. Cal. Feb. 2, 2008); *see also Krauss v. Erie R. Co.*, 16 F.R.D. 126 (S.D.N.Y. 1954).  Serving these subpoenas upon Ms. Durey and Mr. Yarnall, and noticing their depositions, contravenes this Court's Order that requires leave of Court and is unreasonable and unnecessary.[2]

---

[2] Neither the subpoenas nor the deposition notices "indicat[e] that the person[] named would be expected to testify on behalf of the" corporate defendant.  *Operative Plasterers' & Cement Masons' Int'l Ass'n v. Benjamin*, 144 F.R.D. 87, 90 (N.D. Ind. 1992) (granting protective order regarding defective Rule 30(b)(6) deposition notices and allowing Rule 30(b)(1) depositions to occur with the instruction that "*[e]ach deposition notice should clearly indicate that the deposition is being taken of the organization through the named official or representative*") (emphasis added); *see* 7-30 Moore's Federal Practice – § Civil 30.20 ("To ensure that the testimony will in fact be attributed to the entity, the notice should also state that the person named is expected to testify on behalf of the organization or entity") (citing *Operative Plasterers' & Cement Masons' Int'l Ass'n*, 144 F.R.D. at 90).

Rule 26(c)(1) governs the issuance of protective orders and provides, in pertinent part, that this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …."  "Rule 26(c) . . . was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)," *U.S. v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 368-69 (9th Cir. 1982), and provides this Court with broad discretion in discovery matters. *Graebner v. James River Corp.*, 130 F.R.D. 440 (N.D. Cal. 1989); *Scroggins v. Air Cargo, Inc*., 534 F.2d 1124, 1133 (5th Cir. 1976).  Because "the potential for discovery abuse is ever-present," courts are empowered by Rule 26 to "limit discovery to that which is proper and warranted in the circumstances of the case." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).  Once the party seeking the protection of Rule 26(c) has demonstrated that the discovery at issue is oppressive, burdensome or otherwise improper, the burden then shifts to the requesting party to justify the requested discovery.  *See Katz*, 984 F.2d at 425 (finding that district court correctly placed burden on the plaintiff, as the party requesting the disputed discovery, to establish the need for the breadth of the information sought in response to the defendant's prima facia showing that such discovery was burdensome).

There is good cause to quash the notices and subpoenas served upon Mr. Yarnall and Ms. Durey  because this Court's Order is clear and unambiguous: if a party seeks to conduct more than five (5) non-party depositions in this case, leave of Court must be obtained.  When Plaintiff first indicated her intention to depose Mr. Yarnall and Ms. Durey, Defendant reminded Plaintiff of this Court's Order limiting the number of non-party depositions.  On some occasions Plaintiff has asserted that Defendant's employees are parties, the contemplated deposition of Mr. Yarnall and Ms. Durey are party depositions, and that Plaintiff has "not taken any non-party

dep[osition]s," even though she had already taken depositions of two (2) GMAC employees,  and thus the limitation in this Court's Order does not apply.  (*See* **Exhibit A**; **Exhibit B**; **Exhibit C;** **Exhibit G**; **Exhibit N**.)  On other occasions, Plaintiff stated she intended to a total of eight (8) employees of Defendant and the Defendant "may file motions as you like."   (*See* **Exhibit I**.) Thereafter, she stated she "still want[s] to depose" four additional employees of Defendant.  (*See* **Exhibit K**.)  At other times in the process of meeting and conferring to resolve this discovery dispute, Plaintiff has maintained the Order does not limit Plaintiff to five non-party depositions for the entire case and that she is entitled to depose five employees of each Defendant in this case, and as such was entitled to fifty-five (55) non-party depositions when this suit was filed because there were originally ten (10) defendants named in this lawsuit.  (*See* **Exhibit G**; **Exhibit O**.)

Defendant simply believes this Court's Order means what it says and is unambiguous: each party is limited to five (5) non-party depositions in this litigation, unless leave of Court is obtained.  Plaintiff has already taken more than five (5) non-party depositions and has additionally served deposition subpoenas and notices of depositions to take four more non-party depositions.   Plaintiff did not obtain leave of Court to take more than five (5) non-party depositions, thus GMAC respectfully requests this Motion be granted and that it be awarded its reasonable attorneys' fees and costs related to this Motion.

Defendant certifies in compliance with Local Civil Rule 7(E) and 37(E) that it has attempted in good faith to resolve the discovery matter at issue and conferred with Plaintiff to resolve this Motion without the necessity of Court involvement.

WHEREFORE, Defendant GMAC Mortgage, LLC, by counsel, respectfully requests that the Court enter an Order: (1) granting its Motion; (2) quashing the Deposition

Notices and Witness Subpoenas served by Plaintiff upon Mr. Yarnall and Ms. Durey; (3)

entering a Protective Order to relieve Ms. Durey and Mr. Yarnall from having to attend a

deposition on June 7, 2011; and (4) granting it such further relief as the Court deems appropriate.

Dated:  May 27, 2011                                        Respectfully Submitted,

                                                            **GMAC MORTGAGE LLC**


                                                            By: ____/s/ John C. Lynch_____
                                                                    Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2011, I electronically filed the foregoing Memorandum with the Clerk of the Court using the CM/ECF system that will send a true and correct copy of the foregoing to the following counsel of record:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com

_____/s/ John C. Lynch_____
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

418601v1