**Derby, Erin Rigney**

| | |
|---|---|
| **From:** | Leonard Bennett [lenbennett@clalegal.com] |
| **Sent:** | Tuesday, May 03, 2011 2:41 PM |
| **To:** | Lynch, John C. |
| **Cc:** | Patrick, Danyel M.; 'jbazaz@bazazlaw.com'; Matt Erausquin; 'bcasey@taylorwalkerlaw.com'; Ostroff, Ethan G. |
| **Subject:** | Re: Letter from John Lynch |

John:

I do not have time this afternoon to discuss the numerous discovery issues detailed in our letter.  We as always seek to reduce the Court's burden and I will be available to speak with a GMAC person with actual decision authority (as opposed to what has been a useless process of constantly repeating our positions so that your associate can take them to you and you can take them to your control point at GMAC).

Your rep has zero personal knowledge.  We do not need his dep.  We have asked for the dates for your witnesses recently identified in your belated discovery responses.  You have not responded.  We will be setting those unilaterally.

We have no dates free for defense of the third party deps you have asked about in May.  We are using what limited dates we have for our deps - we notified you a week before you now ask for such dates.  We will find dates in early through mid-June for your deps.

Finally - with 5 defendants, you actually believe a Plaintiff is limited to 1 dep a defendant?  Wow.

Len




On May 3, 2011, at 2:15 PM, Lynch, John C. wrote:

Len,

I disagree with everything you have said below. We answered discovery and identified our witnesses on time-the exact due date.

Plaintiff's discovery answers are due today and we look forward to receiving them. As always, I would consider a short extension out of professional courtesy.

With respect to the 5 nonparty non-expert limit of depositions, is it really your position that plaintiff is allowed 55 depositions (5 depositions x 11 defendants)? I just do not agree with that interpretation of the rule. I may be wrong and in any event would want to discuss and attempt to resolve. As stated in my letter, I am willing to talk about this issue and if you will be reasonable on who you want to depose, we should be able to work this out without court intervention.

With respect to Peter Knapp's deposition on May 13, as you know we all worked hard adjusting our schedules for this deposition to occur. In fact, Peter Knapp (GMAC's corp. rep in this case) was traveling to Virginia/DC for the deposition

Exhibit H

and flight arrangements have likely already been made (I will check on this). If you cancel this deposition, I am notifying everyone that this deposition will be difficult to reschedule on a date convenient to everyone particularly given your upcoming vacation and conferences.

With respect to discovery motions, we do not know what you are talking about.  Last Friday April 29, you sent us an email (copy attached). You stated that you were sending a letter that day about alleged discovery deficiencies and giving us a final chance to comply prior to filing any motions. Its Tuesday and we have not received any letter and certainly not had any final chance to do anything.  There were also emails about reserving May 20 for either side's discovery motions if not resolved prior to a hearing. We were asked about availability that date and confirmed we were available.

We want to work together through these discovery issues.  We are scheduled to talk at 3pm on another case and if you have time we can discuss the discovery issues then.

Thanks John

**John C. Lynch**
*Troutman Sanders LLP*
Direct: 757.687.7765
Fax: 757.687.1504
Cell: 757.593.6625
**E-mail**
**Web**
_____

Atlanta • Chicago • Hong Kong • London • New York •Newark
Norfolk • Orange County • Portland • Raleigh •Richmond • San Diego
Shanghai • Tysons Corner • Virginia Beach • Washington, D.C.

**From:** Leonard Bennett [mailto:lenbennett@clalegal.com]
**Sent:** Tuesday, May 03, 2011 1:32 PM
**To:** Patrick, Danyel M.
**Cc:** 'jbazaz@bazazlaw.com'; Matt Erausquin; 'bcasey@taylorwalkerlaw.com'; Lynch, John C.; Ostroff, Ethan G.
**Subject:** Re: Letter from John Lynch

Counsel:

The Order is 5 non-party deps.  We have not taken any non-party deps.

Further, we have only taken 2 of 5 deps as to GMAC and 2 of the 5 for the co-defendant.  (Its not 5 total, as you certainly know).

I also think it a dangerous position for you to take to seek advantage from your failure to properly disclose witnesses - by timing and substance.   We are taking the various depositions because you have not otherwise disclosed them in time for us to do alternate discovery, or with sufficient discovery compliance for us to more carefully target specific witnesses.

Regardless, given your position, we are canceling the May 13 dep of the no-knowledge "GMAC representative" and instead will use that date for a hearing on our several discovery motions to be filed this week.

Len Bennett

On May 3, 2011, at 1:00 PM, Patrick, Danyel M. wrote:

Mr. Bazaz and Mr. Bennett:

Attached is a letter from Mr. Lynch regarding the GMAC/Wilkes matter.  Thank you.

**Danyel M. Patrick**
Legal Secretary
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Phone: 757-687-7545
Fax: 757-687-7510
www.troutmansanders.com

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.
<Letter to John Bazaz and Leonard Bennett.pdf>

---

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.
<[Untitled].pdf>