**Derby, Erin Rigney**

| | |
|---|---|
| **From:** | Leonard Bennett [lenbennett@clalegal.com] |
| **Sent:** | Monday, May 16, 2011 9:43 AM |
| **To:** | Lynch, John C. |
| **Cc:** | scott@weible.com; Ostroff, Ethan G.; Matt Erasquin; jbazaz@bazazlaw.com |
| **Subject:** | Re: Wilkes |

We are noticing the deps of the witnesses in Iowa and Philly and serving them directly   You will need to move to quash.

That makes 5 employee deps.  Plus the 30b6.

Sent from my iPhone

On May 16, 2011, at 9:38 AM, "Lynch, John C." <john.lynch@troutmansanders.com> wrote:

> We disagree with your contentions on timeliness issues and virtually everything else.
>
> We need dates of engagement, no letter sent to gmac, and file or what documents transferred to john's firm. Not privileged. We should easily be able to reach stipulation. Scott weible can give you information in two minutes. His testimony in a depo or trial would be short.
>
> On depositions, we agreed to the 30b6 on june 1 in hamptons roads or richmond as we discussed. Please send me topics as we discussed. We also agreed to deposition of amy fleistas on june 6 and you agreed to withdraw depo of lynn manning. That number  is beyond the limit but in the spirit of cooperation and compromise, we agreed to agree for you to exceed limit.  It you want more depositions, leave of court is required or we need to discuss appropriate limits.
>
> John
> John C. Lynch
> Troutman Sanders LLP
> Direct: 757.687.7765
> Fax: 757.687.1504
> Cell: 757.593.6625
> _____
> Atlanta • Chicago • Hong Kong • London • New York •Newark Norfolk •
> Orange County • Portland • Raleigh •Richmond • San Diego Shanghai •
> Tysons Corner • Virginia Beach • Washington, D.C.
>
> ----- Original Message -----
> From: Leonard Bennett <lenbennett@clalegal.com>
> To: Lynch, John C.
> Cc: scott@weible.com <scott@weible.com>; Ostroff, Ethan G.; Matt
> Erasquin <matt@clalegal.com>; jbazaz@bazazlaw.com
> <jbazaz@bazazlaw.com>
> Sent: Mon May 16 09:25:32 2011
> Subject: Re: Wilkes
>
> We will agree to a stipulation as to the date Scott was retained.  You do not need his testimony re: what he sent to GMAC as your client already could so testify - subject to Rule 26a1 problems.  Further, you never timely disclosed Scott as your witness under 26a1.
>

Exhibit O

> We cannot have it heard May 27. You know that. I am out of town. We will set it for the
next Friday after.  You still have time then and we would agree you could take it if the
Court permits so on the merits.
>
> We will not be at or participate in a dep tomorrow.  We will file today.
>
> Re: the other Deps we met and conferred on last week - given your lack of response we are
going ahead with them on our own dates.
>
>
>
> Sent from my iPhone
>
> On May 16, 2011, at 9:05 AM, "Lynch, John C." <john.lynch@troutmansanders.com> wrote:
>
>> Len,
>>
>> In all due respect you are mistaken. Dates of engagement and whether an attorney sent a
letter or responded to a third party such as gmac are not covered by the attorney client
privilege. It amazes me that you object to such basic information.
>>
>> If you agree to file this motion and have it heard on may 27 then we will agree to
postpone the deposition. Due to the discovery cut off deadline, we need this resolved asap.
>>
>> With respect to relevance, it goes directly to mitigation of damages and other issues.
>>
>> I ask you to reconsider. The information that we seek is very basic and we are simply
confirming information that we all know as fact. If you want to modify the scope or language
slightly, we are open to that discussion. Further. If you think its irrelevant you are free
to file a motion in limine.
>>
>> Thanks john
>>
>> John C. Lynch
>> Troutman Sanders LLP
>> Direct: 757.687.7765
>> Fax: 757.687.1504
>> Cell: 757.593.6625
>> _____
>> Atlanta • Chicago • Hong Kong • London • New York •Newark Norfolk •
>> Orange County • Portland • Raleigh •Richmond • San Diego Shanghai •
>> Tysons Corner • Virginia Beach • Washington, D.C.
>>
>> ----- Original Message -----
>> From: Leonard Bennett <lenbennett@clalegal.com>
>> To: Lynch, John C.
>> Cc: scott@weible.com <scott@weible.com>; Ostroff, Ethan G.; Matt
>> Erausquin <matt@clalegal.com>; John C. Bazaz <jbazaz@bazazlaw.com>
>> Sent: Mon May 16 08:40:09 2011
>> Subject: Re: Wilkes
>>
>> Are you kidding me?   ALL of those topics are AC and WP protected.
>>
>> Confirm that you are withdrawing the dep or I file today a Motion to
>> Quash.
>>
>> I am writing to Scott as well to ask that he confirm that he will not

>> attend such a deposition until the Court has ruled.  I will file this
>> afternoon.  We will seek fees.
>>
>>
>>
>> On May 16, 2011, at 7:07 AM, Lynch, John C. wrote:
>>
>>> Len,
>>>
>>> This responds to you email at the bottom of this page. In an effort
>>> to avoid the deposition of Scott Weible on Tuesday, Ethan Ostroff in
>>> my office did contact Mr. Weible about obtaining a declaration from
>>> him on certain basis information about his representation of the
>>> plaintiff-Ms. Wilkes. Ethan's email is below. We are mindful that a
>>> declaration is not admissible. As you can see, none of the
>>> information requested in Ethan's email seeks to invade the attorney-
>>> client privilege. To the contrary, the information requested seeks
>>> to establish among other things a timeline of events and establish
>>> that no one responded to GMAC's letter. Our clear intent was to
>>> avoid a deposition not to seek attorney-client privileged information.
>>>
>>> At your request, we will not communicate directly with Mr. Weible in
>>> the future. However, we intend to get the information requested from
>>> Mr. Weible. Therefore, if we can obtain a written and signed
>>> stipulation from you, or declaration from Mr. Weible, we will cancel
>>> the deposition scheduled for tomorrow. If not, we will go forward
>>> with the deposition and limit our questioning to the topics/issues
>>> referenced in Ethan's email below.
>>>
>>> I am out of town in a conference today. Ethan is available to draft
>>> any documents necessary if there is an agreement on a stipulation or
>>> declaration.
>>>
>>>
>>> Thanks John
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> From: Ostroff, Ethan G. [mailto:Ethan.Ostroff@troutmansanders.com]
>>> Sent: Friday, May 13, 2011 6:30 PM
>>> To: Scott A. Weible
>>> Cc: Lynch, John C.
>>> Subject: Wilkes - declaration instead of deposition on May 2011
>>>
>>>
>>>
>>>
>>>
>>> Hi Scott-

>>>
>>> I believe we can forego your deposition if you will agree to do a
>>> declaration that would consist of the following (we have left blanks
>>> for the dates that we would like to know about from you):
>>>
>>> 1.       I first consulted with Alisha Wilkes on ___ 2010.
>>>
>>> 2.       Alisha Wilkes engaged me to represent her on ___ 2010
>>> regarding .
>>>
>>> 3.       On behalf of Alisha Wilkes, I sent the letter attached as
>>> Exhibit A to GMAC Mortgage, LLC on ___ 2010.
>>>
>>> 4.       In response to the letter attached as Exhibit A, on behalf
>>> of Alisha Wilkes I received the two letters attached as Exhibits B
>>> and C from GMAC Mortgage LLC on ___ 2010.
>>>
>>> 5.       I did not respond, via telephone or in writing, on behalf
>>> of Alisha Wilkes to the two letters attached as Exhibits B and C.
>>>
>>> 6.       I transferred my entire file relating to my representation
>>> of Alisha Wilkes, including Exhibits A, B and C, to John C. Bazaz,
>>> Esq. and the law firm of Surovell Isaacs Petersen & Levy PLC.
>>>
>>>
>>>
>>> The attached exhibits don't have stickers on them but I hope it is
>>> clear which one is A, B, and C. If we you are agreeable, we will
>>> send a formal declaration with the exhibits on Monday.
>>>
>>> Please let us know.
>>>
>>> Thanks,
>>>
>>> Ethan
>>>
>>>
>>>
>>>
>>> Ethan G. Ostroff
>>> TROUTMAN SANDERS LLP
>>> ethan.ostroff@troutmansanders.com
>>> 757.687.7541 (direct)
>>> 757.687.1541 (fax)
>>>
>>> ATLANTA *CHICAGO* HONG KONG * LONDON * NEW YORK * NORFOLK * ORANGE
>>> COUNTY * PORTLAND * RALEIGH * RICHMOND *SAN DIEGO * TYSONS CORNER *
>>> VIRGINIA BEACH * WASHINGTON, D.C.
>>>
>>>
>>>
>>> -----Original Message-----
>>> From: Leonard Bennett [mailto:lenbennett@clalegal.com]
>>> Sent: Saturday, May 14, 2011 3:52 PM
>>> To: scott@weible.com; Lynch, John C.
>>> Cc: Ostroff, Ethan G.; Matt Erausquin; John C. Bazaz
>>> Subject: Wilkes

>>>
>>> Mr Lynch:
>>>
>>> I understand that you have communicated with my client"s previous
>>> attorney, Mr Weible.  You have offered him a declaration in lieu of
>>> a deposition.  I am writing to explain to Mr Weible that this offer
>>> is dishonest and illusory. The Dec is not admissible at trial.  Thus
>>> you will still have to subpoena him and drag him to trial.  You
>>> could if corse confirm to him that you also agree that you will not
>>> do so. Will you make him that stipulation now?
>>>
>>> Regardless, I demand that you cease all further communication with
>>> Scott in such regards. I was puzzled as to why you had set his
>>> deposition. Now I know and I intend to go to the State Bar if any of
>>> that continues.  Our client has already advised you that she asserts
>>> attorney client privilege in all regards. The testimony you are
>>> seeking to elicit is certainly core covered by that privilege.
>>> ( besides being ridiculously irrelevant).  Scott cannot so testify
>>> without violating his ethical obligation to his client.  You are
>>> darned  sure out of line for trying to talk him into such an ethics
>>> violation.
>>>
>>> My promise above is aside from the issues in our case. It us not
>>> made for advantage in the case.  Va attorneys should nit litigate or
>>> conduct themselves in that manner.
>>>
>>> Regarding the case itself, we have an easy remedy there - we will
>>> mice for a PO and fees.  Confirm by 1pm Monday that you have
>>> withdrawn the subpoena.
>>>
>>> Govern yourselves accordingly,
>>> Len Bennett
>>>
>>> Sent from my iPhone
>>> IRS Circular 230 disclosure: To ensure compliance with requirements
>>> imposed by the IRS, we inform you that any tax advice that may be
>>> contained in this communication (including any attachments) is not
>>> intended or written to be used, and cannot be used, for the purpose
>>> of (i) avoiding any penalties under the Internal Revenue Code or
>>> (ii) promoting, marketing or recommending to another party any
>>> transaction(s) or tax-related matter(s) that may be addressed herein.
>>>
>>>
>>> This e-mail communication (including any attachments) may contain
>>> legally privileged and confidential information intended solely for
>>> the use of the intended recipient. If you are not the intended
>>> recipient, you should immediately stop reading this message and
>>> delete it from your system. Any unauthorized reading, distribution,
>>> copying or other use of this communication (or its attachments) is
>>> strictly prohibited.
>>
>>
>> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we
inform you that any tax advice that may be contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction(s) or tax-related matter(s) that may be
addressed herein.
>>
>>
>> This e-mail communication (including any attachments) may contain legally privileged and
confidential information intended solely for the use of the intended recipient. If you are
not the intended recipient, you should immediately stop reading this message and delete it
from your system. Any unauthorized reading, distribution, copying or other use of this
communication (or its attachments) is strictly prohibited.
>
> IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we
inform you that any tax advice that may be contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction(s) or tax-related matter(s) that may be
addressed herein.
>
>
> This e-mail communication (including any attachments) may contain legally privileged and
confidential information intended solely for the use of the intended recipient. If you are
not the intended recipient, you should immediately stop reading this message and delete it
from your system. Any unauthorized reading, distribution, copying or other use of this
communication (or its attachments) is strictly prohibited.