IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES, : | |
| : | |
| **Plaintiff** : | |
| v. : | Civ. No. 1:10cv1160 |
| : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., : | |
| et al. : | |
| **Defendants.** : | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
### FOR RULE 37(c)(1) SANCTIONS

Comes now the Plaintiff Alicia Wilkes, by counsel, and in support of her motion for Rule 37(c)(1) sanctions against GMAC Mortgage, LLC, she states as follows:

**Overview**

Plaintiff brings the present Motion to seek the exclusion sanction automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to properly disclose or produce discovery information.  Specifically, Plaintiff asks the Court to exclude from Defendant's use at trial (a.) GMAC employees Heather Meinecke, who was mentioned in answers to interrogatories on May 5, 2011, but never disclosed as intended witnesses;  Lynnette Manning, also mentioned in answers to interrogatories on  May 5, 2011; and Amy Fleitas, not disclosed as a potential witness until April 19, 2011**;** all of whom were GMAC's employees but never disclosed in the Rule 26(a)(1) disclosures or in response to Plaintiff's discovery requests; (b.) Christopher Nolan, one of GMAC's attorneys in the state litigation who Defendant did not disclose until June 1, 2011 (discovery closed on June 10, 2011); and (d.) the new testimony and opinion's proffered by GMAC's "expert" witness in his second Rule 26(a)(2) report served on June 3, 2011.

1

Plaintiff separately moves to exclude Meinecke and Manning for GMAC's failure to make the full Final Pre-trial disclosures required by Fed. R. Civ. P. 26(a)(3). GMAC has not revealed where these individuals reside and work. Not their addresses, nor even their state of residence.

Senior Judge Payne often cautions recalcitrant defense counsel that the Court will not tolerate the use of the "Carolina 4-corners offense," his metaphor for the defense strategy by which a defendant stalls in making its disclosures and discovery production until it is too late in the case for such information to be useful or discovered. Unfortunately, that is the exact strategy used by GMAC Mortgage, LLC and its counsel in this and other Virginia cases. *See e.g. Scott v. GMAC Mortgage, LLC*, Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.)

During the discovery period, Plaintiff's counsel properly cautioned Defendant's counsel on numerous formal and informal occasions that Ms. Wilkes' approach in response to such delays would be a Rule 37(c)(1) motion to exclude. Defendant refused to change its course. Now, with trial set in early August, after two and a half years of state and federal litigation in which GMAC would have known of its employee witness identities, the Defendant attempts to use at trial employee and agent witnesses belatedly and prejudicially disclosed during the course of this case. Rule 37(c)(1) properly requires exclusion of such witnesses and testimony.

## Summary of Case

In April 2008, Alisha Wilkes then-husband forged her signatures on the mortgage loan that is the subject of this litigation. Both sides admit this fact. Yet when Ms. Wilkes' attorney wrote to GMAC in October 2008 – almost moments after she first discovered the fraud (amongst other discoveries) – GMAC refused to accept her disputes and instead attempted foreclosure. In November 2008, Ms. Wilkes sued GMAC in Prince William County Circuit Court for a declaration that the debt was not hers and equitable relief to void the lien on her property. Over the next 14 months, Ms. Wilkes provided GMAC multiple affidavits stating that its note was a forgery. She provided a handwriting analysis from an expert. She provided copies of the criminal warrants for the ex-husband's arrest. Through this entire period, GMAC continued to report that the debt was Ms. Wilkes' and that she had defaulted on same and suffered a foreclosure. Finally, after a two-day trial, in February 2010, the State Court issued a detailed letter opinion and a final order voiding the lien and confirming that the account was fraudulently opened and was not Ms. Wilkes' obligation. During the state action, GMAC brought a third-party claim against the real estate closing company that had facilitated the ex-husband's fraud. It alleged that that the note was a forgery and even signed interrogatories to that effect. And it prevailed and received payment from the company.

However, even after all of that, GMAC still refused to remove its inaccurate credit reporting. She disputed the debt again, this time with all three national credit bureaus, who forwarded the disputes to GMAC. GMAC followed its uniform procedure to respond to these disputes (titled "ACDVs" in the industry) – its employees looked at

3

the GMAC computer screen, determined that the name in its screen matched the name in the dispute and then reported to the bureaus that it had "verified" that the debt belonged to Ms. Wilkes.  Those disputes were in March 2010.  Eventually, after several more dispute attempts, GMAC finally deleted the account in August 2010.  Ms. Wilkes brought this action not long after alleging violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).  *See Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004).

### Defendant's Discovery Non-Compliance

Plaintiff certifies pursuant to Local Rule 37 that she has have attempted to meet and confer with Defendant to resolve all issues herein.  Plaintiff's counsel has done so by written communications and multiple telephone conferences.

The Complaint was filed on October 14, 2010 and GMAC was served on December 7, 2010.  The Rule 26(f) report was filed on February 16, 2011 and the Pre-trial Order on February 16, 2011.  The Parties' Rule 26(a)(1) disclosures were required by February 23, 2011.  Plaintiff's expert report was required by March 18, 2011 (moved to April 1, 2011 by Order dated March 25, 2011) and Defendant's expert report in response was due by April 22, 2011 (moved to May 6, 2011 by Order dated March 25, 2011).  These dates have been ignored by the Defendant.  GMAC did not make timely initial disclosures.  They were not received until March 18, 2011. No specific GMAC witness was disclosed.

Plaintiff's counsel initiated a Local Rule 37 "meet and confer" process regarding this deficiency.  Plaintiff's expert witness report was then due on April 1, 2011 and he still did not have any meaningful disclosures from GMAC to incorporate into his report.

First tier depositions were then necessary as were second tier of discovery requests. (Plaintiff served her First Set of Interrogatories and Requests for Production of Documents on March 23, 2011).   Accordingly, on March 18, 2011, Wilkes' counsel wrote GMAC's attorneys and cautioned that they were in violation of the discovery rules:

Thereafter, having received no response, March 22, 2011, Wilkes' counsel wrote:

> *Counsel:*
>
> *I have not received any supplemental witness names from you pursuant to Rules 26a1 and 26e.  We would like to meet and confer immediately in anticipation of our Rule 37c1 motion to exclude later disclosed GMAC witnesses from trial and SJ.  Donna in my office will circulate a call number for a meet and confer conference tomorrow at 2 p.m..  If that time does not work for you, please provide an alternate time before 6 p.m. at which a Troutman Sanders attorney available.*
>
> *As an aside, we have now settled with Experian and are engaged in an effort to settle with TU.*
>
> *Len Bennett*

(Exhibit "1").  Though such attempt at a telephonic conference was unsuccessful – counsel did not return the call or respond in any way – Wilkes' counsel wrote again on March 23, 2011:

> *Counsel:*
>
> *Having forced my way through your reception screen I was told that you are both in depositions today.  Given that each of you certainly has regular access to voicemail and email, I was surprised to learn in this manner that you would not participate in our call today and that you have not requested an alternate time.  If nothing else your refusal to return calls or emails is discourteous.*
>
> *We have attempted now on multiple occasions to meet and confer on this issue - your Rule 26a1s - and on your affirmative defenses.  We will be filing our motions shortly.*

5

> *Len Bennett*

(Id.) To that communication, Defendant's counsel responded:

> *Len,*
>
> *I am sorry. I have been in depositions and preparation since very early this morning.*
>
> *My understanding is that we are identifying a corp witness today or tomorrow even though we have no obligation to do so. We have litigated this exact issue before a federal judge in alexandria. However, the issue will be moot once the identification is made.*
>
> *Thanks and let's talk later. John*

(Id.) Plaintiff's counsel again cautioned of the present exclusion motion:

> *I am not asking for a corporate rep. I am asking for the employees that actually handled the Wilkes' file. I am fine if you do not disclose - but you will not be able to later disclose. I have litigated the same issue i this District.*

In refusing to acknowledge that the GMAC employees who actually handled the Wilkes' file must be disclosed, the GMAC response was by letter of March 24, 2011, which stated in part:

"We disagree that we are required to identify all of these individuals under Rule 26(a)(1). If you have contrary authority, please provide it to us so that we may consider it and respond in good faith." (Letter from Ostroff to Bazazz, 3/24/2011). (Exhibit "2").

GMAC also then served on March 23, 2011 its First Supplemented Rule 26(a)(1) disclosures and listed as its intended witnesses. It disclosed only a single GMAC employee – Michael Bennett. (Exhibit "3"). It did not disclose specific documents. It

> *Len Bennett*

(Id.) To that communication, Defendant's counsel responded:

> *Len,*
>
> *I am sorry. I have been in depositions and preparation since very early this morning.*
>
> *My understanding is that we are identifying a corp witness today or tomorrow even though we have no obligation to do so. We have litigated this exact issue before a federal judge in alexandria. However, the issue will be moot once the identification is made.*
>
> *Thanks and let's talk later. John*

(Id.) Plaintiff's counsel again cautioned of the present exclusion motion:

> *I am not asking for a corporate rep. I am asking for the employees that actually handled the Wilkes' file. I am fine if you do not disclose - but you will not be able to later disclose. I have litigated the same issue i this District.*

In refusing to acknowledge that the GMAC employees who actually handled the Wilkes' file must be disclosed, the GMAC response was by letter of March 24, 2011, which stated in part:

"We disagree that we are required to identify all of these individuals under Rule 26(a)(1). If you have contrary authority, please provide it to us so that we may consider it and respond in good faith." (Letter from Ostroff to Bazazz, 3/24/2011). (Exhibit "2").

GMAC also then served on March 23, 2011 its First Supplemented Rule 26(a)(1) disclosures and listed as its intended witnesses. It disclosed only a single GMAC employee – Michael Bennett. (Exhibit "3"). It did not disclose specific documents. It

did not produce any documents (it is permitted to do one or the other under Rule 26(a)(1)).

Following that disclosure, after multiple additional meet and confer calls regarding the scheduling of a deposition of GMAC's lone disclosed employee, the parties agreed that GMAC would withdraw its initial witness disclosure and replace him with Peter Knapp who it now discloses for trial.[1]

On April 19, 2011, GMAC served its Second Supplemental Rule 26(a)(1) disclosures and for the first time revealed that it may seek to use Amy Fleitas as a witness in its defense. However, by that date the parties had conferred on numerous occasions about GMAC's failure to identify witnesses. Significant discovery had been engaged and developed. Plaintiff had used most of its permitted discovery requests, and in fact GMAC's counsel objected to the number claiming Wilkes' subparts had exceeded the 25 permitted by the Rule 16(b) orders. Plaintiff's expert witness report had been drafted and served, on April 1, 2011. And by the time the name "Amy Fleitas" was revealed, there were less 2 two months before the close of discovery despite Wilkes' having filed this case in October, 2010.

Similarly, GMAC disclosed one of its state court attorneys, Christopher Nolan, as a potential witness only on June 1, 2011. By that date, Plaintiff's ability to conduct discovery was effectively ended. Further, she had previously faced GMAC's exhaustive

---

[1] GMAC claimed that its original witness was not available for timely depositions. Plaintiff agreed to the disclosure of Mr. Peter Knapp. He was deposed on April 19, 2011. GMAC also later produced for depositions two employee witnesses after Plaintiff served Rule 30(b)(1) deposition notices that described a job title of such employees – Plaintiff's counsel did not know the names of the employee witnesses (now known to be Allison Higgins and Lori Aguiar) until their deposition was taken. While these employee witnesses also were not timely disclosed, Plaintiff did not suffer any prejudice from the delay.

privilege log and assertions of privilege in GMAC's Rule 30(b)(6) deposition when her counsel sought to discover information about Defendant's interactions with its state court counsel.

Plaintiff's expert report was due and was served on April 1, 2011.  Defendant's expert report in response was due and served on May 6, 2011.   However, after GMAC began to belatedly digest the evidence in the case – Ms. Wilkes would argue nearly 3 years belatedly – it apparently made the decision that it needed additional and non-derivative opinions from its industry "expert" witness, Mr. Marquis.  Accordingly, it served what it labeled a "Rebuttal Opinion" on June 3, 2011, 28 days after the cutoff for Defendant's Rule 26(a)(2) disclosures.  (Exhibit "4").  That report offered opinions not previous expressed in the timely May 6, 2011 report, which itself was made responding to Plaintiff's own expert report.  Following receipt of that belated second report, Plaintiff served a document subpoena to Mr. Marquis.  The parties met and conferred – Plaintiff's subpoena was overbroad and was narrowed after conference to better comply with the December 2010 rule changes.   The primary issue remaining in dispute was the timeliness of Plaintiff's subpoena.  Discovery had closed on June 10, 2011.  Defendant is correct – Plaintiff is unable to discover additional information from Mr. Marquis.  She is also unable to discover additional information from GMAC regarding the new "opinions" and disclosed information in the second report.  Accordingly, she asks the Court to exclude the new report as untimely and prejudicial.

8

**Fed. R. Civ. P. 37(c)(1) Exclusion is Automatic**

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the Defendant is also subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). Rule 37(c) provides:

> Failure to Make Disclosure or Cooperate in Discovery; Sanctions
> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
> (1) <u>A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial</u>, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. (emphasis added).

Exclusion of the new evidence is the only appropriate remedy for a party's failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner, LLC,* ⎯⎯ F.3d ⎯⎯, No. 09CV2024, 2011 WL 1206658, at *4 (4th Cir. Apr. 1, 2011)).

This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case. Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." *Campbell v. United States*, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011).

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *Scott v. GMAC Mortgage*, No. 3:10CV24, at 3, 15. They include instances in which the omission was limited, for a witness otherwise known to both parties, or when the negligent party was a *pro se* litigant. *Id.; accord Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3-4. None of these apply in the present case. The Advisory Committee Notes further explain that:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or

10

the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG,* 145 F. Supp.2d 721 (E.D. Va. 2001)(Payne, J.). In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp.2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; Scott v. GMAC, 3:10CV24-NKM, at 11-12. As Judge Payne explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules. In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727.

There can be no doubt that the Plaintiff has been prejudiced by the Defendant's failure to comply with its discovery obligations and the orders of this Court. Scott v. GMAC, 3:10CV24-NKM, at 11-12. Rule 37(c) authorizes the Court to levy sanctions for a party's specific conduct, or lack thereof:

11

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1).  Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724.  A party invoking Rule 37(c)(1) sanctions must prove that the offending party failed "to disclose the evidence in question earlier in the proceedings." *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)).  If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose. *Id.*  A showing of substantial justification cannot happen in this case because the offending party has implemented the abusive discovery tactic despite the Court's orders and should therefore be sanctioned. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12.

### 2. Rule 37(b) sanctions

In addition to sanctions for failure to disclose, Rule 37 also gives the Court the power to sanction a party that fails to obey a Court order to provide discovery. *See* FED. R. CIV. P. 37(b)(2).  Those sanctions may include, among others:

> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [and]

> (iii)   striking pleadings in whole or in part.

12

*Id.* Whether to award sanctions under Rule 37 is within the Court's broad discretion. *Mutual Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Plaintiff requests the court consider whether an additional sanction is warranted under Rule 37(b), including striking GMAC's Answer and Affirmative Defenses.

## Conclusion

Although Rule 37 is flexible, giving the district court a wide range of possible sanctions from which to choose the most appropriate considering the unique circumstances of each case. In this case, the minimum appropriate sanction is exclusion of the witnesses and evidence prejudicially, belatedly and improperly disclosed in contravention of the Rules.

Respectfully Submitted,

ALISHA WILKES,

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
bcasey@taylorwalkerlaw.com

                            _____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net