ETHAN G. OSTROFF
757.687.7541 telephone
757.687.1541 facsimile
ethan.ostroff@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
757.687.7500 telephone
troutmansanders.com

March 24, 2011

**VIA EMAIL AND US MAIL**

John C. Bazaz, Esq.
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033

    Re:    **Alisha Wilkes v. GMAC Mortgage, LLC et al**
           **Case No.: 1:10-cv-1160**

Dear Mr. Bazaz:

    We write to address your co-counsel's numerous electronic correspondence concerning GMAC Mortgage, LLC's ("GMAC") Initial Disclosures under Rule 26(a)(1). In his correspondence dated March 18, 2011, Mr. Bennett stated that "we will object to later supplementation of employees or documents that are as of today known to GMAC. (As opposed to Rule 26(e) supplementation of newly discovered witnesses or documents). We will not object to supplementation that is served within the next two weeks."

    Thereafter, at approximately 2:15 p.m. on March 23, 2011, GMAC served its First Supplemental Initial Disclosures, in which it identified its corporate representative. We disagree that we are obligated to provide the corporate representative's home address. GMAC's corporate representative can be served through the undersigned. In keeping with your co-counsel's statement that you "will not object to supplementation that is served within two weeks," GMAC will serve its Second Supplemental Initial Disclosures under Rule 26(a)(1), with witnesses who may support GMAC's claims and/or defenses, if needed, on or before April 1, 2011.

    Despite earlier statements concerning no objection to supplementation on or before April 1, 2011 (two weeks from March 18, 2011), we received additional correspondence from Mr. Bennett on this issue on March 22, 2011 and March 23, 2011. In that correspondence, Mr. Bennett asked for the identification of "the employees that actually handled the Wilkes' file." We disagree that we are required to identify all of these individuals under Rule 26(a)(1). If you have contrary authority, please provide it to us so that we may consider it and respond in good faith.

    Additionally, in his correspondence of March 18, 2011, Mr. Bennett stated "our agreement was that the parties would provide the actual documents they disclose under Rule

ATLANTA   CHICAGO   HONG KONG   LONDON   NEW YORK   NEWARK   NORFOLK   ORANGE COUNTY   PORTLAND
RALEIGH   RICHMOND   SAN DIEGO   SHANGHAI   TYSONS CORNER   VIRGINIA BEACH   WASHINGTON, DC

**TROUTMAN SANDERS**

John C. Bazaz, Esq.
March 24, 2011
Page 2

26(a)(1)." We are puzzled by this and are unaware of what agreement Mr. Bennett is referring to, and as a result we ask that you please provide an explanation. This is particularly puzzling to us because, when we received Plaintiff's Rule 26(a)(1) Initial Disclosures, we did not receive any documents identified by Plaintiff. Indeed, Plaintiff states in her Initial Disclosures that she "has the following documents in her possession and control ...."

We also disagree with Mr. Bennett's statement in his March 23, 2011 correspondence that Plaintiff's counsel has "attempted now on multiple occasions to meet and confer on this issue - your Rule 26a1s - and on your affirmative defenses." Indeed, the first and only time Mr. Bennett requested a meet and confer was at 6:39 p.m. on March 22, 2011, in which he requested a telephone conference for March 23, 2011 between 2:00 p.m. and 6:00 p.m. solely on the issue of GMAC's Affirmative Defenses. This request on such short notice is unreasonable.

We trust this addresses your concerns. If you nonetheless contend otherwise, please provide us with a written explanation, including the authorities you rely upon, which we of course will consider and respond to in good faith.

Very truly yours

Ethan G. Ostroff

cc: Matthew Erausquin, Esq.
Leonard Bennett, Esq.

415602v1