**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ALISHA W. WILKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil No. 1:10-cv-01160 (CMH-TRJ) |
| | ) | |
| **GMAC MORTGAGE, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GMAC MORTGAGE LLC'S MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET NO. 83)**

Defendant GMAC Mortgage LLC ("GMACM" or "Defendant"), by counsel, hereby submits its Motion to Strike Plaintiff's Motion for Sanctions pursuant to Rule 37(c)(1) ("Motion for Sanctions") (Docket No. 83).

Defendant was permitted, with consent of Plaintiff and leave of this Court, to file its Answer on March 18, 2011. (Docket No. 49.)  Defendant filed its Answer (Docket No. 51) and also served its Rule 26(a)(1) Initial Disclosures on March 18, 2011.  Plaintiff has been threatening to file a Motion for Sanctions pursuant to Rule 37(c)(1) since as early as March 22, 2011. (*See* **Exhibit A**.)  There is no justification or basis for her delay in bringing forth this discovery issue – she was generally threatening a motion under Rule 37(c)(1) (without any specificity as to what relief would be requested) for almost three (3) months prior to filing this Motion for Sanctions.

Plaintiff's Motion for Sanctions seeks to prevent Defendant from using at trial the following: (1) the testimony or any evidence related to GMAC employees Heather Meinecke

("Ms. Meincke"), Lynnette Manning ("Ms. Manning"), and Amy Fleitas ("Ms. Fleitas");[1] (2) the testimony or any evidence related to Christopher Nolan[2]; and (3) any new testimony and opinions proffered by Oscar Marquis, GMAC's expert witness in his rebuttal expert report.

Plaintiff's Motion for Sanctions should be stricken because it is untimely. Plaintiff's Motion for Sanctions is a discovery motion, which pursuant to this Court's Rule 16(B)

---

[1] Ms. Fleitas was identified by GMACM on April 19, 2011 (**Exhibit B**) and Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Fleitas on April 29, 2011 (**Exhibit C**). Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Manning on April 29, 2011. (**Exhibit D**). On April 25, 2011, Plaintiff deposed Lori Aguiar, one of Defendant's employees, and learned that Ms. Manning is the supervisor of the two (2) employees that handled the ACDVs received from the credit bureaus in this case and that she is supervises both the credit reporting department and e-mail department at GMAC. Ms. Meinecke and Ms. Manning were identified in GMACM's supplemental discovery responses served on May 5, 2011. (**Exhibit E**.)

Plaintiff deposed Ms. Meinecke and Ms. Fleitas (as corporate representatives of GMACM to discuss topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition) on June 17, 2011 prior to the filing of her Motion for Sanctions. Prior to this 30(b)(6) Deposition, Plaintiff was informed that Ms. Fleitas and Ms. Meinecke would be appearing as GMACM's corporate representatives (**Exhibit F**; **Exhibit G**); during these depositions Plaintiff had a full opportunity to question both of these persons about their individual knowledge and personal information (i.e. home address and telephone number). Despite Defendant offering her for an individual deposition, Plaintiff did not choose to depose Ms. Meinecke in her individual capacity as a fact witness. (**Exhibit G**.)

On May 27, 2011, Plaintiff filed a Motion for hearing to Clarify the Court's Order of February 2, 2011 ("Motion") (Docket No. 58), in which she requested to depose Ms. Fleitas on June 6, 2011, which Motion was granted by this Court (Docket No. 64). Plaintiff did not ask to take the deposition of Ms. Meinecke or Ms. Manning in this Motion, despite both having been identified on May 5, 2011. Subsequently, Plaintiff decided not to take Ms. Fleitas' individual fact witness deposition after obtaining a Court Order permitting this deposition. Although Plaintiff noticed the deposition of Ms. Manning for June 6, 2011, she later withdrew her deposition notice.

[2] Plaintiff has known about Mr. Nolan's role as GMACM's attorney in prior state court action since prior to instituting this lawsuit – one of Plaintiff's current counsel also represented her in the prior litigation. After learning that Plaintiff intends to put on evidence regarding what occurred in the state court lawsuit during the discovery process, GMACM identified Mr. Nolan on June 1, 2011. On June 10, 2011, Plaintiff asked that GMACM arrange for Mr. Nolan's deposition during the week of June 13-17, 2011. (**Exhibit H**.) On June 13, 2011, Plaintiff served a subpoena for documents upon Mr. Nolan, which Plaintiff subsequently withdrew on June 14, 2011. (**Exhibit I**; **Exhibit J**) On June 14, 2011, Defendant arranged for Mr. Nolan to be deposed on either June 16, 2011 or June 21, 2011. (**Exhibit K**.) Thereafter, Plaintiff decided

Scheduled Order was required to be filed and noticed for hearing before the final pretrial conference. As it is a discovery motion that was not filed or noticed for hearing until after the final pretrial conference, it is therefore untimely and should be stricken from the Court's docket.

This Court's Rule 16(B) Scheduling Order (Docket No. 41) provides that "*[a]ll motions*, except for summary judgment, shall be noticed for hearing on the earliest possible Friday *before the final pretrial conference*." (Emphasis added.) The Final Pretrial Conference was held on June 16, 2011 (Docket No. 78.) Plaintiff waited until after the final pretrial conference, and after deposing Ms. Fleitas and Ms. Meinecke as Rule 30(b)(6) representatives of GMAC, to file her Motion for Sanctions – which is a discovery motion that should have been filed and noticed for hearing before the final pretrial conference. (Docket No. 83.) Therefore, her Motion for Sanctions is untimely and should be stricken.[3]

---

not to depose Mr. Nolan and withdrew the subpoena for documents served upon him, apparently deciding instead to pursue a Motion for Sanctions.

[3] Defendant has no recollection of conferring in person or by telephone with Plaintiff concerning Ms. Fleitas, Ms. Meinecke, or Ms. Manning. Although emails were exchanged months ago about Plaintiff's threats to file a Rule 37(c)(1) motion, there has not been discussion on this issue since Plaintiff decided not to depose Ms. Manning, Ms. Fleitas or Ms. Meinecke in their individual capacities. There has been no meet and confer, to Defendant's recollection, concerning Mr. Marquis' rebuttal expert report. Defendant simply had no idea that Plaintiff would be asking for the Court to exclude Ms. Fleitas, Ms. Manning, Ms. Meinecke, or Mr. Marquis' rebuttal expert report until reading it once it was filed after 5:00 p.m. on June 17, 2011 – in particular no discussion during or after Plaintiff's depositions of Ms. Fleitas and Ms. Meinecke in their roles as corporate representatives for GMAC's Rule 30(b)(6) deposition on June 17, 2011. Local Civil Rule 7(E) provides that "*[b]efore endeavoring to secure an appointment for a hearing on any motion*, it shall be incumbent upon the counsel desiring such hearing *to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement*." (Emphasis added.) The parties have never discussed in person or by telephone Plaintiff's belief that she has been prejudiced and harmed such that Mr. Marquis' expert rebuttal report, Ms. Fleitas, Ms. Meinecke or Ms. Manning should be excluded from trial.

WHEREFORE, Defendant GMAC Mortgage, LLC, by counsel, respectfully requests that the Court enter an Order: (1) granting its Motion; (2) striking Plaintiff's Motion for Sanctions (Docket No. 83); and (3) granting it such further relief as the Court deems appropriate.

Dated:  June 24, 2011                                    Respectfully Submitted,

**GMAC MORTGAGE LLC**

By:     /s/ John C. Lynch
                    Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

419857v1