IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES, | : |
| | : |
| **Plaintiff** | : |
| v. | : Civ. No. 1:10cv1160 |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : |
| et al. | : |
| **Defendants.** | : |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR RULE 37(c)(1) SANCTIONS

The Plaintiff, ALISHA W. WILKES, by counsel, and in support of her supplemental motion for sanctions against GMAC Mortgage, LLC, states as follows:

**Overview**

Plaintiff brings this motion seeking the exclusion sanction automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to properly disclose or produce discovery information. Specifically, Plaintiff asks the Court to exclude from Defendant GMAC's use at trial the following exhibits and documents: [1]

| | |
|---|---|
| Exhibit 10:<br>6/3/2011 | Oscar Marquis Rebuttal Expert Report on behalf of GMAC Mortgage, LLC. |
| Exhibit 274:<br>4/29/2011 | GMAC Fraud Policies and Procedures (GMAC/AW 816 – 838) |
| Exhibit 275:<br>4/29/2011 | Consumer Reporting and Identity Theft Claim Policy (GMAC/AW 839) |
| Exhibit 276:<br>4/29/2011 | Identity Theft and Debt Collection or Transfer (GMAC/AW 840) |
| Exhibit 277:<br>4/29/2011 | Notification of Fraudulent Information Policy (GMAC/AW 841) |
| Exhibit 281:<br>4/29/2011 | E-mail from Lori Aguiar to Michelle Crippen, Tammy Hayes, Allison Higgins, Kaylyn Hunt, Kelly Looby, Heather Meinecke, Cody Mireles, Michelle Morehouse, Evan Petersen and Teresa Ramey Subject: "ACDV Procedures" regarding new |

---

[1] Defendant GMAC production dates are listed under the exhibit number.

|  | ACDV procedures beginning 1/14/2008 (GMAC/AW 854) |
|---|---|
| Exhibit 295: 4/29/2011 | Quick Link to Compliance Condition Code (GMAC/AW 896) |
| Exhibit 297: 4/29/2011 | Quick Link to Cutoff Times or Dates (GMAC/AW 898 - 900) |
| Exhibit 298: 4/29/2011 | Credit Bureau Suppression Codes (GMAC/AW 901) |
| Exhibit 300: 5/16/2011 | Fi Serve Screen Shots (GMAC/AW 905 – 1122) |
| Exhibit 301: 5/16/2011 | FiServe Manual "LoanServ Overview" (GMAC/AW 1123 –1163) |
| Exhibit 302: 5/5/2011 | Wilkes Monthly Reports (GMAC/AW 1164 – 1167) |
| Exhibit 303: 5/5/2011 | Wilkes Credit Tapes (GMAC/AW 1168 – 1189) |
| Exhibit 308: 5/5/2011 | ICT CIT & AUD Training Manual (GMAC/AW 1565 - 1639) |
| Exhibit 310: 5/5/2011 | Screens from "Sykes Training Material MCU Credit User Readiness" (GMAC/AW 1652 – 1763) |
| Exhibit 320: 5/16/2011 | ID Theft Process Writing AF (GMAC/AW 1937 - 1938) |
| Exhibit 321: 5/16/2011 | Notification of Fraudulent Information Policy (GMAC/AW 1939) |

**Defendant GMAC's Discovery Non-Compliance**

Plaintiff certifies pursuant to Local Rule 37 that she has attempted to meet and confer with Defendant GMAC to resolve all issues herein.  Plaintiff's counsel has done so by written communications and multiple telephone conferences.

As stated previously, the Complaint was filed on October 14, 2010 and GMAC was served on December 7, 2010.  The Rule 26(f) report was filed on February 16, 2011 and the Pre-trial Order was entered the same day.  The parties' Rule 26(a)(1) disclosures were required by February 23, 2011.  Plaintiff's expert report was required by March 18, 2011 (moved to April 1, 2011 by Order dated March 25, 2011) and Defendant GMAC's expert report in response was due by April 22, 2011 (moved to May 6, 2011 by Order dated March 25, 2011).  Defendant GMAC then produced a second expert response on June 3, 2011 (more than one month overdue) under

the guise of a "rebuttal".  Plaintiff's expert has only issued one report (April 1, 2011) and was deposed on June 6, 2011.  Clearly there was nothing new to rebut.

The Defendant GMAC did not make timely initial disclosures.  They were not received until March 18, 2011 and no documents were produced at that time.  The Plaintiff served the Defendant GMAC with her First Set of Interrogatories and Requests for Production of Documents on March 23, 2011.  While Defendant GMAC did provide some documents on April 25, 2011 the production was largely nonresponsive.  None of the above listed documents were produced on April 25, 2011.

Plaintiff's counsel and the Defendant GMAC's counsel had an extensive "meet and confer" concerning the numerous deficiencies in the Defendant GMAC's production as outlined in more detail in the original memorandum (Document 82, Filed 06/17/11).  The documents from the Defendant GMAC were slowly released.  Documents were not produced until April 29, 2011, May 5, 2011, May 16, 2011 and June 3, 2011 (discovery closed on June 10, 2011).  Over this period of time, Defendant GMAC produced volumes of documents which were largely nonresponsive and irrelevant.  It took Plaintiff hours upon hours to review these documents and separate the relevant documents from the irrelevant documents.  Plaintiff was left little time to act upon the information obtained from the production.

Defendant GMAC has blatantly ignored Court ordered discovery deadlines throughout this case.  Now, Defendant GMAC seeks to use such information at trial.  Defendant GMAC cannot be permitted to use at trial the same documents that it has refused to disclose or supplement in a timely fashion.  The prejudice to Plaintiff will be significant.

### Fed. R. Civ. P. 37(c)(1) Exclusion is Automatic [2]

Defendant is subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification).

Exclusion of the new evidence is the only appropriate remedy for a party's failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner, LLC,* ⎯⎯ F.3d ⎯⎯, No. 09CV2024, 2011 WL 1206658, at *4 (4th Cir. Apr. 1, 2011)).

There can be no doubt that Plaintiff has been prejudiced by Defendant's failure to comply with its discovery obligations and the orders of this Court. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. Rule 37(c) authorizes the Court to levy sanctions for a party's specific conduct, or lack thereof:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the

---

[2] Plaintiff relies on the arguments contained in her original memorandum (Document 82, Filed 06/17/11) and incorporates those arguments herein. Plaintiff simply reiterates and emphasizes certain points herein.

> actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1).  Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724.  A party invoking Rule 37(c)(1) sanctions must prove that the offending party failed "to disclose the evidence in question earlier in the proceedings."  *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)).  If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose.  *Id.*  A showing of substantial justification cannot happen in this case because the offending party has implemented the abusive discovery tactic despite the Court's orders and should therefore be sanctioned.  *Scott v. GMAC*, 3:10CV24-NKM, at 11-12.

### Fed. R. Civ. P. 37(b) sanctions

In addition to sanctions for failure to disclose, Rule 37 also gives the Court the power to sanction a party that fails to obey a Court order to provide discovery.  *See* FED. R. CIV. P. 37(b)(2).  Those sanctions may include, among others:

> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [and]
>
> (iii)   striking pleadings in whole or in part.

*Id.*  Whether to award sanctions under Rule 37 is within the Court's broad discretion.  *Mutual Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). Plaintiff requests the court consider whether an additional sanction is warranted under Rule 37(b), including striking GMAC's Answer and Affirmative Defenses.

**Conclusion**

Although Rule 37 is flexible, giving the district court a wide range of possible sanctions from which to choose the most appropriate considering the unique circumstances of each case. In this case, the minimum appropriate sanction is exclusion of the documents and evidence prejudicially, belatedly and improperly disclosed in contravention of the Rules.

                                              Respectfully Submitted,

                                              ALISHA W. WILKES,

                                                /s/  
                                              John C. Bazaz, Esq., VSB #70796  
                                              Counsel for Ms. Wilkes  
                                              Law Offices of John C. Bazaz, PLC  
                                              4000 Legato Road, Suite 1100  
                                              Fairfax, VA 22033  
                                              Telephone: 703-272-8455  
                                              Facsimile: 703-596-4555  
                                              jbazaz@bazazlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of June, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

      /s/
John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com