**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**ALISHA W. WILKES**

    **Plaintiff,**

    v.                                              Civil Action No. 1:10cv1160 CMH/TRJ

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,** *et al***.**

    **Defendants.**

## DEFENDANT GMAC MORTGAGE, LLC's
## OBJECTIONS TO PLAINTIFF'S DESIGNATION OF WITNESSES

Defendant, GMAC Mortgage, LLC, by counsel, hereby submits its Objections to Plaintiff's Designation of Witnesses for use at trial filed by Plaintiff pursuant to Rule 26(a)(3):

    A.    Witnesses Plaintiff intends to call at trial:

| Plaintiff's Witness Name | Defendant's Objections |
|---|---|
| Plaintiff, Alisha W. Wilkes (live and by trial transcript). | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because trial transcript not timely disclosed and not identified in Plaintiff's 26(a)(1) disclosures.<br><br>b. Fed. R. Civ. P. 32(a): use of a trial transcript from an earlier proceeding is not authorized and Plaintiff is not unavailable for trial. |
| Peter Knapp (live and by deposition). | Objection to Plaintiff calling Mr. Knapp either live or by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because Mr. Knapp, and his deposition testimony, not identified in Plaintiff's 26(a)(1) disclosures. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Lori Aguiar (by deposition). | Objection to Plaintiff calling Ms. Aguiar by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because Ms. Aguiar, and her deposition testimony, not identified in Plaintiff's 26(a)(1) disclosures. |
| Allison Higgins (by deposition). | Objection to Plaintiff calling Ms. Higgins by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because Ms. Higgins, and her deposition testimony, not identified in Plaintiff's 26(a)(1) disclosures. |
| Experian Information Solutions, Inc., by its designated employee and witness, Jason Scott (by deposition). | No objection. |
| Trans Union, LLC, by its designated employee and witness, Steven Reger (by deposition). | No objection. |
| Oscar Marquis, Esq. (live and by deposition). | Objection to Plaintiff calling Mr. Marquis live and by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because deposition transcript not identified in Plaintiff's 26(a)(1) disclosures.<br><br>b. Fed. R. Civ. P. 32: use of a deposition transcript of an adverse party's testifying expert is not authorized.<br><br>c. Fed. R. Civ. P. 32(a)(4): Mr. Marquis is not unavailable for trial.<br><br>d. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Mr. Marquis as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Evan Hendricks. | Objection:<br><br>a. Fed. R. Evid. 701 and 702: witness is not an expert on the opinions he seeks to offer and is not qualified as an expert to render any of his proposed opinions;<br><br>b. Fed. R. Evid. 402, 403 and 703: the facts upon which the witness would rely are inadmissible facts or data whose probative value is substantially outweighed by their prejudicial effect because they were provided either by Plaintiff's counsel observations or by Mr. Hendricks' observations as a journalist and professional witness; proposed testimony and opinions are not proper basis for an expert opinion because they lack adequate foundation and are not based on data reasonably relied upon by experts in this particular field;<br><br>c. Fed. R. Evid. 704: witness opinion testimony seeks to testify as to the ultimate issue; |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Debra Wilson. | Objection:<br><br>a. Fed. R. Evid. 404: character evidence is not admissible to prove conduct.<br><br>b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): prejudicial because Plaintiff did not disclose Ms. Wilson as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.<br><br>c. Fed. R. Evid. 701 and 702: witness is not an expert that can qualify to testify about "[a]ll facts regarding the Plaintiff's mental and emotional health";<br><br>d. Fed. R. Evid. 704: witness opinion testimony about "[a]ll facts regarding the Plaintiff's mental and emotional health" seeks to testify as to the ultimate issue;<br><br>g. Fed. R. Civ. P. 26(a)(1), 26(a)(3) and 37(c)(1): Plaintiff did not provide a telephone number for Ms. Wilson.<br><br>h. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because Plaintiff only disclosed and identified Ms. Wilson as a person she will rely upon to support her claims concerning, and having knowledge of, "[a]ll facts regarding Plaintiff's mental and emotional health," therefore if she is permitted to testify at trial Defendant objects to the extent Plaintiff seeks to elicit testimony beyond the scope of Plaintiff's disclosure.<br><br>h. Fed. R. Evid. 602, 802, 805: witness lacks personal knowledge and any testimony is hearsay and/or hearsay within hearsay.<br><br>i. Fed. R. Evid. 608: evidence of character and conduct is inadmissible. |

4

2. Witnesses Plaintiffs may call at trial:

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Christie Ekasone (live or by deposition). | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because not timely disclosed and never identified in Plaintiff's Rule 26(a)(1) disclosures as a person she will rely upon to support her claims and/or defenses.<br><br>b. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice regarding whether or not Plaintiff was present when the loan documents were signed.<br><br>c. Fed. R. Civ. P. 32: use of deposition of this person from prior lawsuit not authorized.<br><br>d. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide an address or telephone number for Ms. Ekasone. |
| Heather Meinecke (live or by deposition). | Objection to Plaintiff calling Ms. Meinecke at trial:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because Ms. Meinecke not identified in Plaintiff's 26(a)(1) disclosures. |
| GMAC Mortgage, LLC (by Rule 30(b)(6) deposition) | No objection. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Det. Richard Downham | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because not timely disclosed and never identified in Plaintiff's Rule 26(a)(1) disclosures as a person she will rely upon to support her claims and/or defenses.<br><br>b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Det. Downham as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, 704, or 705.<br><br>c. Fed. R. Evid. 701 and 702: Any testimony that could be offered by Det. Downham would be based on scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 702.<br><br>d. Fed. R. Evid. 602, 802, 805: witness lacks personal knowledge and any testimony is hearsay and/or hearsay within hearsay because based on conversations with others.<br><br>e. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice regarding investigation of Plaintiff's husband and issuance of arrest warrants for Mr. Wilkes.<br><br>f. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide a telephone number Det. Downham. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Victoria Hammonds, MD | Objection: <br><br> a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because not timely disclosed and never identified in Plaintiff's Rule 26(a)(1) disclosures as a person she will rely upon to support her claims and/or defenses. <br><br> b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Dr. Hammonds as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. <br><br> c. Fed. R. Evid. 701: Any testimony that could be offered by Dr. Hammonds would be based on scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 702. <br><br> d. Fed. R. Evid. 602, 802, 805: witness lacks personal knowledge and any testimony is hearsay and/or hearsay within hearsay. <br><br> e. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice. <br><br> f. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide a telephone number for Dr. Hammonds. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Elaine Price, MD | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because not timely disclosed and never identified in Plaintiff's Rule 26(a)(1) disclosures as a person she will rely upon to support her claims and/or defenses.<br><br>b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Dr. Price as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.<br><br>c. Fed. R. Evid. 701 and 702: Any testimony that could be offered by Dr. Price would be based on scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 702.<br><br>d. Fed. R. Evid. 602, 802 and 805: witness lacks personal knowledge and any testimony is hearsay and/or hearsay within hearsay.<br><br>e. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice.<br><br>f. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide a telephone number for Dr. Price. |
| Brian Garcia (live or by deposition). | Objection to Plaintiff calling Mr. Garcia either live or by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because never disclosed in Plaintiff's 26(a)(1) disclosures or identified by Plaintiff in |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| | response to written discovery requests.<br><br>b. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide an address or telephone number for Mr. Garcia. |
| Matthew Kingery, Esq. (live or by deposition). | Objection to Plaintiff calling Mr. Kingery either live or by deposition:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because never disclosed in Plaintiff's 26(a)(1) disclosures or identified by Plaintiff in response to written discovery requests<br><br>b. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide a telephone number for Mr. Kingery. |
| Scott Weible, Esq. | Objection to Plaintiff calling Mr. Weible:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because never disclosed in Plaintiff's 26(a)(1) disclosures.<br><br>b. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide an address or telephone number for Mr. Weible. |
| Christopher Nolan, Esq.<br><br>(Plaintiff objects to Defendant's attempt to present evidence at trial regarding what its attorneys did or did not advise it.  In the event such evidence or argument is permitted, Plaintiff will call Mr. Nolan as a witness.) | No objection; Defendant does not attempt or intend to present evidence at trial regarding what its attorneys did or did not advise Defendant. |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| Edward W. Cameron, Esq.<br>Cameron McEvoy PLLC<br>11325 Random Hills Rd., Suite 200<br>Fairfax, VA 22030<br>703-273-8898<br><br>(Plaintiff objects to Defendant's attempt to present evidence at trial regarding what its attorneys did or did not advise it.  In the event such evidence or argument is permitted, Plaintiff will call Mr. Nolan as a witness.) | No objection. |
| Natalie Lint. | Objection:<br><br>a. Fed. R. Evid. 608: character evidence is not admissible.<br><br>b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Ms. Wilson as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.<br><br>c. Fed. R. Evid. 701 and 702: witness is not an expert that can qualify to testify about "[a]ll facts regarding the Plaintiff's mental and emotional health";<br><br>d. Fed. R. Evid. 704: witness opinion testimony seeks to testify as to the ultimate issue;<br><br>e. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): Plaintiff only disclosed and identified Ms. Wilson as a person she will rely upon to support her claims concerning, and having knowledge of, "[a]ll facts regarding Plaintiff's mental and emotional health," therefore if she is permitted to testify at trial Defendant objects to the extent |

| **Plaintiff's Witness Name** | **Defendant's Objections** |
|---|---|
| | Plaintiff seeks to elicit testimony beyond the scope of Plaintiff's disclosure.<br><br>h. Fed. R. Evid. 602, 802 and 805: witness lacks personal knowledge and any testimony is hearsay and/or hearsay within hearsay.<br><br>i. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide a telephone number for Ms. Lint. |
| Witnesses identified by the Defendants. | Objection: Defendant objects to this disclosure as overbroad, unduly burdensome and contrary to the spirit of the Rule. A vague disclosure that all witnesses identified by Defendant can be called to testify at trial is no more useful in narrowing the issues in the case than a failure to make any disclosures at all. Without meaningful disclosures by Plaintiff, GMAC cannot make specific objections to this disclosure. |

Dated: June 27, 2011                                    Respectfully Submitted,

                                                                     **GMAC MORTGAGE LLC**

                                                                      By:    /s/ John C. Lynch
                                                                                        Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard A. Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian N. Casey
Taylor & Walker PC
555 Main Street, PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

/s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

419583v2