**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**ALISHA W. WILKES**

      **Plaintiff,**

    **v.**                       **Civil Action No. 1:10cv1160 CMH/TRJ**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC., ET AL.**

      **Defendants.**

## DEFENDANT GMAC MORTGAGE, LLC's OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant, GMAC Mortgage, LLC ("GMAC"), by and through counsel, hereby submits these Objections to Plaintiff's Rule 26(a)(3) Designation of Exhibits ("Exhibit List").

GMAC objects to Plaintiff's Exhibit List to the extent that it does not separately identify each document or other exhibit.  GMAC further objects because Plaintiff's Exhibit List does not separately identify those exhibits Plaintiff expects to offer at trial and those it may offer if the need arises as required by Fed. R. Civ. P. 26(a)(3).

|  | Documents or Other Exhibits | Defendant's Objections |
|---|---|---|
| 1. | Trans Union Consumer Disclosure for Alisha Wilkes dated October 14, 2008 [Wilkes 6000001 – 6000011] | Objection.<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures.<br><br>b. Fed. R. Evid. 802 and 805: Hearsay – this document(s) is an out of court statement(s) to prove the truth of the matter asserted and contains statements of fact that are not based on the witness' personal knowledge or observations. |
| 2. | October 22, 2008 letter from Scott Weible, Esq. to GMAC Mortgage [GMAC/AW 324-325] | No objection. |

| 3. | GMAC default letter dated October 30, 2008 [GMAC/AW137-141] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Civ. P 26(a)(3) and Court's Order dated February 2, 2011 (Docket No. 32): a copy of the document identified as "GMAC default letter dated October 30, 2008 [GMAC/AW137-141]" was not provided by Plaintiff to Defendant as of the date of the filing of these Objections; the only document identified on Plaintiff's Rule 26(a)(3) Exhibit Disclosures and provided by Plaintiff is "GMAC/AW 137."<br><br>d. Rule 901: this document lacks a foundation. |
| 4. | November 7, 2008 GMAC letter to Scott Weible [GMAC/AW 122-124]. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 106: the entire document regarding GMAC/AW 122-123 should be introduced in fairness to be considered contemporaneously. |

| 5. | Letter from Shapiro & Burson LLP dated November 7, 2008 [Wilkes 4000004 - 4000008] | Objection: |
|---|---|---|
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | d. Rule 901: this document lacks a foundation. |
| | | e. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures. |

| 6. | Notice Pursuant to Virginia Code §55.59.1:1 from Shapiro & Burson, LLP dated November 14, 2008. | Objection: |
| --- | --- | --- |
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | d. Rule 901: this document lacks a foundation. |
| | | e. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures. |

| 7. | GMAC letter dated November 19, 2008 regarding foreclosure sale [4000019 – 4000020] | Objection: |
|---|---|---|
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case and is a duplicate of Plaintiff's Exhibit 8. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | d. Fed. R. Evid. 602: Plaintiff lacks personal knowledge. |
| | | e. Rule 901: this document lacks a foundation. |
| | | f. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures. |

| 8. | GMAC foreclosure letter dated November 19, 2008 [GMAC/AW 142-143] | Objection: |
|---|---|---|
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case and is a duplicate of Plaintiff's Exhibit 7. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | d. Fed. R. Evid. 602: Plaintiff lacks personal knowledge. |
| | | e. Rule 901: this document lacks a foundation. |

| 9. | Trans Union Suppression Security Alert, Initial Fraud Action and Consumer Disclosures dated November 22, 2008 [TU 34- 68] | Objection. |
| | | a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| | | b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Evid. 802, 803 and 902: this document is hearsay and not authenticated as required by 803(6) or 902(11). |
| | | e. Rule 901: this document lacks a foundation. |
| 10. | Complaint dated November 25, 2008 filed in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection. |
| | | a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. |

| 11. | GMAC letter dated December 16, 2008 regarding returned payment [4000021] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures.<br><br>d. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted.<br><br>e. Fed. R. Evid. 602: Plaintiff lacks personal knowledge.<br><br>f. Rule 901: this document lacks a foundation. |
|---|---|---|
| 12. | GMAC Internal Account History and Notes [GMAC/AW 7- 96] | No objection. |
| 13. | GMAC default letter dated September 11, 2008 [GMAC/AW137-141] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Rule 901: this document lacks a foundation. |

| 14. | GMAC letter to Daniel Wilkes dated October 20, 2008 [Wilkes 4000001] | Objection: |
| --- | --- | --- |
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures. |
| | | d. Fed. R. Evid. 802 and 805: hearsay - this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | e. Fed. R. Evid. 602: Plaintiff lacks personal knowledge. |
| | | f. Rule 901: this document lacks a foundation. |
| 15. | GMAC LSP Desktop notes [GMAC/AW 347 – 399] | Objection: |
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; this document is duplicative of Plaintiff's Exhibit 12. |
| | | c. Rule 901: this document lacks a foundation. |

| 16. | Judgment Order –entered February 26, 2010 in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.*, Case No. CL 85687. | No objection. |
|---|---|---|
| 17. | Amended Complaint dated January 9, 2009 filed the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.*, Case No. CL 85687. | Objection.<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 402: irrelevant to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| 18. | Second Amended Complaint dated February 18, 2009 filed the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.*, Case No. CL 85687. | Objection.<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 402: irrelevant to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |

| | | |
|---|---|---|
| 19. | Third Amended Complaint dated July 2, 2009 filed in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection.<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 402: irrelevant to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| 20. | Fourth Amended Complaint dated July 28, 2009 filed in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection.<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. |

| 21. | Copies of Loan closing documents [GMAC/AW 97-121] | Objection: |
| --- | --- | --- |
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Evid. 602: Plaintiff lacks personal knowledge. |
| | | d. Rule 901: this document lacks a foundation. |

| 22. | April 8, 2009 Deposition Transcript of Christine N. Ekasone in the matter of *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.*, CL. No. 85687 [Wilkes 500327-500464]. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice regarding whether or not Plaintiff was present when the loan documents were signed.<br><br>c. Fed. R. Civ. P. 32: use of the deposition of this person from the prior lawsuit is not authorized.<br><br>d. Fed. R. Civ. P. 26(a)(1) and 26(a)(3): Plaintiff did not provide an address or telephone number for Ms. Ekasone.<br><br>e. Fed. R. Civ. P. 30. Defendant objects to the admission of a deposition transcript as a documentary exhibit. |

| 23. | Wilkes First Set of Admissions to GMAC Mortgage, LLC, dated July 2, 2009 in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 302 and Rule 4:11 of the Rules of the Supreme Court of Virginia: under Virginia law, any admission made by a party in the state court action under Rule 4:11 was for the purpose of the state court action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding. |

| 24. | Wilkes Response to GMAC & Homecomings Financials First Request for Documents dated July 13, 2009 in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.*, Case No. CL 85687. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 602: Plaintiff lacks personal knowledge of the discovery responses and/or the documents attached as "Response to Request No. 31."<br><br>c. Fed. R. Civ. P. 26(a)(2), 37(c)(1) and Consent Order dated March 25, 2011 (Docket No. 52): Plaintiff did not identify or designate Ronald N. Morris as an expert in this case.<br><br>d. Fed. R. Evid. 901: the documents lack a foundation and cannot be authenticated by any witness identified by Plaintiff.<br><br>e. Fed. R. Evid. 802: the documents attached as "Response to Request No. 31" are hearsay because they are out of court statements to prove the truth of the matter asserted.<br><br>f. Fed. R. Evid. 106, Fed. R. Civ. P. 26(a)(1), Fed. R. Civ. P. 37(c)(1), and this Court's Scheduling Order (Docket No. 32): the entire document has not been provided by Plaintiff to Defendant as of the filing of these objections and was not produced in discovery or identified by Plaintiff in her Rule 26(a)(1) disclosures. |

| 25. | Defendant Christie Ekasone's Responses to Plaintiff Alisha Wilson Wilkes' First Set of Admissions dated August 26, 2009 in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 302 and Rule 4:11 of the Rules of the Supreme Court of Virginia: under Virginia law, any admission made by a party in the state court action under Rule 4:11 was for the purpose of the state court action only and is not an admission by her for any other purpose nor may it be used against her or any other party in any other proceeding.<br><br>c. Fed. R. Evid. 602: Plaintiff lacks personal knowledge.<br><br>d. Fed. R. Evid. 901: lack of foundation. |

| 26. | Affidavit of Detective R.L. Downham dated January 13, 2010 in the state court action in Fairfax County Circuit Court entitled *Commonwealth of Virginia v. Daniel Wilkes.* | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): prejudicial because not timely disclosed and never identified in Plaintiff's Rule 26(a)(1) disclosures.<br><br>b. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Det. Downham as a witness it may use at trial to present evidence under Fed. R. Evid. 701, 702, 703, 704, or 705.<br><br>c. Fed. R. Evid. 602, 802, 805: witness lacks personal knowledge; this document(s) is an out of court statement(s) to prove the truth of the matter asserted.<br><br>d. Fed. R. Evid. 402 and 403: testimony is irrelevant and would result in confusion and/or waste of time and/or prejudice regarding investigation of Plaintiff's husband and issuance of arrest warrants for Mr. Wilkes.<br><br>e. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>f. Fed. R. Evid. 901 and 902: there is no foundation for the warrants of arrest and they have not been authenticated and there is no indication they are a part of the Affidavit. |

18

| 27. | Third Party Complaint of GMAC Mortgage, LLC dated June 5, 2009 filed in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>d. Fed. R. Evid. 901: lack of foundation. |
|---|---|---|

| | | |
|---|---|---|
| 28. | Third Party Plaintiff's Answers to North America Closing Services, LLC and Christie Ekasone's Interrogatories dated December 17, 2009 in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>d. Fed. R. Evid. 901 and 902: the document lacks a foundation and is not authenticated.<br><br>e. Fed. R. Evid. 802: the document is hearsay because it is an out of court statement to prove the trust of the matter asserted. |

| 29. | Trial transcript in the state court action in the Prince William Circuit Court entitled *Alisha Wilson Wilkes v. First Class Settlement, LLC, et al.,* Case No. CL 85687. | Objection: |
| --- | --- | --- |
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. |
| | | c. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence. |
| | | d. Fed. R. Evid. 902: this document does not qualify for self-authentication; even if it could be self-authenticated, Plaintiff has not complied with the requirements of Rule 902 and no certification by the person authorized has been provided. |

| 30. | Wilkes Property, Custody and Support Settlement Agreement dated November 18, 2008 and Amended Complaint for Divorce entered January 28th 2010 in the matter of *Alisha Wilson Wilkes v. Daniel Sae Yun Wilkes,* Case No. 2008-0015348 in the Circuit Court of Fairfax County [Wilkes 900001 – 900033] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>c. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>d. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |

| 31. | Trans Union Consumer Disclosure dated April 3, 2009 [TU 69-85] | Objection: |
| --- | --- | --- |
| | | a. Fed. R. Evid. 402: relevancy to the claims in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct and do not contain the Bates number identifying them. |
| | | d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 32. | Experian Online Personal Credit Report of Alisha Wilkes dated April 4, 2009 [Wilkes 3000001 – 3000020] | Objection: |
|---|---|---|
| | | a. Fed. R. Evid. 402: relevancy to the claims in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures. |
| | | d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 33. | Trans Union CDIA Fraud Exchange Alert and Consumer Disclosure dated June 4, 2009 [TU 101 – 134] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: relevancy to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 34. | Experian June 4, 2009 notification that initial Security Alert was added to credit file [Exp - Wilkes 000097 – 000100] | Objection:<br><br>a. Fed. R. Evid. 402: relevancy to the claims in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 35. | Trans Union CDIA Fraud Exchange Alert and Consumer Disclosure dated September 5, 2009 [TU 151 – 176] | Objection: |
|---|---|---|
| | | a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| | | b. Fed. R. Evid. 402: relevancy to the claims in this case. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 36. | Experian November 22, 2009 notification that Security alert added to credit file [Exp-Wilkes 000093] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>b. Fed. R. Evid. 402: relevancy to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 106: if permitted to be introduced, the entire document (Exp-Wilkes 000093-96) should be introduced in fairness to be considered contemporaneously. |

| 37. | Experian December 4, 2009 Consumer Disclosure of Alisha Wilkes [Exp-Wilkes 000101 – 000120] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>b. Fed. R. Evid. 402: relevancy to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| 38. | Experian December 5, 2009 notification that Initial Security Alert was added to credit file [Exp-Wilkes 000121 – 000122] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>b. Fed. R. Evid. 402: relevancy to the claims in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |

| 39. | Trans Union CDIA Fraud Exchange Alert and Consumer Disclosure dated December 5, 2009 [TU 192 –217] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |
| --- | --- | --- |
| 40. | Alisha Wilkes March 8, 2010 Dispute letter to Experian [Exp-Wilkes 00041 – 00087] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 41. | Alisha Wilkes March 8, 2010 Dispute letter to Trans Union [TU 219 – 265] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |
| --- | --- | --- |
| 42. | Trans Union March 16, 2010 correspondence to Plaintiff requesting Proof of current mailing address [TU 266-273] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 43. | Trans Union March 19, 2010 Personal Information Update and Consumer Disclosure [TU 289-314] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 44. | Trans Union April 7, 2010 Investigation Results [TU 338 – 351] | Objection: |
|---|---|---|
| | | a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| | | b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 45. | Experian March 16, 2010 notification that an Extended Fraud Victim Alert had been added to credit file [Exp-Wilkes 000125 – 000128] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 46. | Experian March 30, 2010 Correction Summary [Exp-Wilkes 000129 – 000144] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| 47. | Experian April 8, 2010 Consumer Disclosure [Exp-Wilkes 000145 – 000162] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 48. | Experian Subscriber Agreement with GMAC [Exp-Wilkes 000165-000181] | Objection: |
|---|---|---|
| | | a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| | | b. Fed. R. Evid. 402: relevancy to the claims and defenses. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Civ. P 26(a)(3) and Court's Order dated February 2, 2011 (Docket No. 32): a copy of the document identified as "Exp-Wilkes 000165-000181" was not provided by Plaintiff to Defendant as of the date of the filing of these Objections and it has not been provided to Defendant pursuant to the Court's Order that requires exhibits to be exchanged; the document identified on Plaintiff's Rule 26(a)(3) Exhibit Disclosures as "Experian Subscriber Agreement with GMAC" is not the document identified by by Plaintiff as "Exp-Wilkes 000165-000181." |
| | | e. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 49. | Trans Union Subscriber Agreement with GMAC [TU 449-458] | Objection:<br><br>a. This document is confidential.<br><br>b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| | | |
|---|---|---|
| 50. | Relevant Excerpts from 2008 Credit Reporting Resource Guide. | Objection: |
| | | a. Fed. R. Evid. 802: Hearsay. The document is an out of court statement to prove the truth of the matter asserted. |
| | | b. Fed. R. Evid. 1005: this document is not a public record; even if this document is a public record, it is not certified as correct in accordance with Fed. R. Evid. 902 and cannot be authenticated by any witness identified by Plaintiff. |
| | | c. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence. |
| | | d. Fed. R. Evid. 902: this document does not qualify for self-authentication. |
| | | e. Fed. R. Evid. 106: if any excerpt of this document is admitted, then the entire document should be introduced into evidence. |
| | | f. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. |
| | | g. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 51. | E-mail from CDIA to Nancy Durey dated March 28, 2011 – Announcing Alternate Method for Reporting Compliance Condition Codes and Consumer Information Indicators. | Objection:<br><br>a. Fed. R. Evid. 802: Hearsay. The document is an out of court statement to prove the truth of the matter asserted.<br><br>b. Fed. R. Evid. 1005: this document is not a public record; even if this document is a public record, it is not certified as correct in accordance with Fed. R. Evid. 902 and cannot be testified to by any witness identified by Plaintiff.<br><br>c. Fed. R. Evid. 901: Lacks Foundation: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>d. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>e. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>f. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
|---|---|---|

| 52. | E-mail from CDIA to Nancy Durey dated February 22, 2011 regarding Consumer Credit Reporting – Compliance Guidelines – Updated Metro 2 Webinar. | Objection:<br><br>a. Fed. R. Evid. 802: Hearsay. The document is an out of court statement to prove the truth of the matter asserted.<br><br>b. Fed. R. Evid. 1005: this document is not a public record; even if this document is a public record, it is not certified as correct in accordance with Fed. R. Evid. 902 and cannot be testified to by any witness identified by Plaintiff.<br><br>c. Fed. R. Evid. 901: Lacks Foundation: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>d. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>e. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>f. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |

| | | |
|---|---|---|
| 53. | Fourth Circuit decision in *Johnson v. MBNA*. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): never disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |

| | | |
|---|---|---|
| 54. | Fourth Circuit decision in *Saunders v. BB&T.* | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): never disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |
| 55. | GMAC ACDV Responses [GMAC/AW -257-266]. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 901: lacks a foundation for the introduction into evidence. |

| 56. | GMAC Responses to Plaintiff's Interrogatories. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Civ. P. 26(a)(3) and the Court's Scheduling Order (Docket No. 32): the exhibit was not provided by Plaintiff to Defendant as of the filing of these objections and Defendant is not informed as to which of its Responses to Plaintiff's Interrogatories that Plaintiff intends to introduce into evidence. |
|---|---|---|
| 57. | Relevant chapters of the GMAC MCU Training Manual regarding Credit Reporting Disputes [GMAC/AW- 151, 168-180, 198-202; 205-206; 214-215; 217; 221; 224; 228; 240. | Objection:<br><br>a. Fed. R. Evid. 106: the entire document should be introduced in fairness to be considered contemporaneously. |
| 58. | Relevant chapters of the GMAC MCU Training Manual regarding ACDV's, Compliance Condition Codes and Credit Bureau Payment History Codes [GMAC/AW 894-897] | Objection:<br><br>a. Fed. R. Evid. 106: the entire document should be introduced in fairness to be considered contemporaneously. |

| 59. | GMAC Employee Monthly Correspondence Reports [GMAC/AW 1444-1453] | Objection:<br><br>a. This document is confidential.<br><br>b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 901: this document lacks a foundation. |
|---|---|---|
| 60. | GMAC Payoff statement dated March 23, 2010 [GMAC/AW128-130] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 408: this document was made in compromise negotiations.<br><br>d. Fed. R. Evid. 901: this document lacks a foundation. |

| 61. | GMAC Revised Payoff Statement dated March 30, 2010 [GMAC/AW 134-136] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 408: this document was made in compromise negotiations.<br><br>d. Fed. R. Evid. 901: this document lacks a foundation. |
| --- | --- | --- |
| 62. | GMAC Account Screens [GMAC/AW 999, 1032, 1034] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>d. Fed. R. Evid. 407: evidence of subsequent remedial measures.<br><br>e. Fed. R. Evid. 901: this document lacks a foundation. |

| 63. | Completed Performance Evaluation of Lori Agular. | Objection: <br><br> a. This document is confidential. <br><br> b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. <br><br> c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. <br><br> d. Fed. R. Evid. 901: this document lacks a foundation. |
|---|---|---|
| 64. | Ally Regulatory University – Types of Identity Theft [GMAC/AW 1433-1435] | Objection: <br><br> a. Fed. R. Evid. 106: the entire document should be introduced in fairness to be considered contemporaneously. <br><br> b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. <br><br> c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. <br><br> d. Fed. R. Evid. 901: this document lacks a foundation. |
| 65. | GMAC Credit Bureau Reporting dated May 14, 2010 [GMAC/AW 328] | No objection. |

| 66. | E-mail of Nancy Durey dated February 17, 2010 regarding Dispute Flags- Compliance condition Codes meeting recap [GMAC/AW 843 - 851] | Objection: <br><br> a. Fed. R. Evid. 106: the entire document should be introduced in fairness to be considered contemporaneously. <br><br> b. Fed. R. Evid. 402: relevancy to the claims and defenses in this case. <br><br> c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. <br><br> d.  Fed. R. Evid. 802: Hearsay – this document(s) is an out of court statement(s) to prove the truth of the matter asserted. <br><br> e. Fed. R. Evid. 901: this document lacks a foundation. |
| 67. | E-mail of Nancy Durey dated March 10, 2010 regarding Dispute Flags, Compliance Condition Codes – meeting recap 3/10/10 [GMAC/AW 852-853] | Objection: <br><br> a. Fed. R. Evid. 901: Lacks Foundation: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence. <br><br> b. Fed. R. Evid. 802: Hearsay – this document(s) is an out of court statement(s) to prove the truth of the matter asserted. <br><br> c. Fed. R. Evid. 901: this document lacks a foundation. |

| 68. | E-mail of Amy Fleitas dated March 31, 2010 [GMAC/AW 868-869] | Objection: |
| | | a. Fed. R. Evid. 407: evidence of subsequent remedial measures. |
| | | b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Evid. 802: Hearsay – this document(s) is an out of court statement(s) to prove the truth of the matter asserted. |
| | | e. Fed. R. Evid. 901: this document lacks a foundation. |
| 69. | Trans Union GMAC Billing Logs [TU 459-473]. | Objection: |
| | | a. This document is confidential. |
| | | b. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | c. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | d. Fed. R. Evid. 802, 803 and 902: this document is hearsay and not authenticated as required by 803(6) or 902(11). |
| | | e. Fed. R. Evid. 901: this document lacks a foundation. |

| 70. | Alisha Wilkes May 4, 2010 Dispute letter to Trans Union [TU 353 – 362] | Objection: |
|---|---|---|
| | | a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case. |
| | | b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| | | c. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| | | d. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 71. | Trans Union letter dated May 20, 2010 regarding proof of address [TU 380-381] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |
| 72. | Alisha Wilkes May 4, 2010 dispute letter to Experian [Exp-Wilkes 000030 – 000040] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 73. | Experian May 25, 2010 Consumer Disclosure [Exp-Wilkes 000163-000178] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |
| 74. | Experian May 27, 2010 Correspondence regarding prior investigation [Exp-Wilkes 000179-000180] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 75. | True Credit Tri -Merge Credit Report of Alisha Wilkes dated April 26, 2010 [Wilkes 6000036-6000052] | Objection: <br><br> a. Fed. R. Evid. 802 and 805: hearsay – this is an out of court statement to prove the truth of the matter asserted. <br><br> b. Fed. R. Evid. 901: Lacks Foundation: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence. |
|---|---|---|
| 76. | Precision Funding Group, LLC. documents and Authentication Affidavit regarding Credit Denial, Termination or Change dated May 4, 2010. | Objection: <br><br> a. Fed. R. Civ. P. 26(a)(3): this exhibit is not identified with specificity and includes more than one document. |
| 77. | Quicken Loan documents and Authentication Affidavit regarding Denial of Credit dated May 24, 2010. | Objection: <br><br> a. Fed. R. Civ. P. 26(a)(3): this exhibit is not identified with specificity and includes more than one document. |
| 78. | Sales Contract dated June 18, 2010 for Densworth Mews property. | Objection: <br><br> a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. <br><br> b. Fed. R. Evid. 901: the document lacks foundation and the exhibit provided by Plaintiff to Defendant pursuant to this Court's Scheduling Order (Docket No. 32) is not the fully endorsed and ratified sales contract. |

| 79. | Settlement Statement dated July 15, 2010 for sale of 18018 Densworth Mews, Gainesville, VA. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not disclosed in Plaintiff's 26(a)(1) disclosures or in her written discovery responses. |
|---|---|---|
| 80. | Alisha Wilkes June 16, 2010 dispute letter to Experian [Exp-Wilkes 000001 – 000029] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| | | |
|---|---|---|
| 81. | Experian July 20, 2010 Correction Summary [Exp-Wilkes 000197-000210] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |
| 82. | Alisha Wilkes June 16, 2010 dispute letter to Trans Union [TU 382 – 409] | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>b. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 83. | Trans Union July 14, 2010 Consumer Disclosure [TU 410 – 423] | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>c. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>d. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |

| 84. | Trans Union July 14, 2010 Investigation Results deleting GMAC Mortgage [TU 428–445]. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct.<br><br>b. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11).<br><br>c. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>d. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. |
| 85. | Alisha Wilkes June 16, 2010 Dispute letter to GMAC Mortgage [GMAC/AW 267-318] | No objection. |
| 86. | GMAC Universal Data Form dated August 12, 2010 [GMAC/AW 329] | Objection:<br><br>a. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 87. | Experian May 20, 2011 Consumer Disclosure [Exp-Wilkes 000149-000162] | Objection: <br><br> a. Fed. R. Civ. P. 26(a)(3) and this Court's Order dated February 2, 2011 (Docket No, 32): after the identification of a document called "Experian May 20, 2011 Consumer Disclosure [Exp-Wilkes 000149-000162]" on Plaintiff's Rule 26(a)(3) Exhibit Disclosures, this document was not provided by Plaintiff to Defendant as of the date of Defendant filing its herein Objections. <br><br> b. Defendant objects because the document identified on Plaintiff's Rule 26(a)(3) Exhibit Disclosures as "Exp-Wilkes 000149-000162" is not the document provided by Plaintiff to Defendant pursuant to the Court's Order that requires exhibits to be exchanged. <br><br> c. Fed. R. Evid. 802, 803, 901 and 902: hearsay – this document is an out of court statement to prove the truth of the matter asserted, it lacks a foundation and has not been authenticated as required by 803(6) or 902(11). |

| 88. | Curriculum Vitae of Evan D. Hendricks. | Objection:<br><br>a. Fed. R. Evid. 402: irrelevant to the extent that Plaintiff cannot qualify Mr. Hendricks to testify as an expert.<br><br>b. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete.<br><br>c. Fed. R. Evid. 901: this document lacks a foundation. |

| 89. | United States District Court Eastern District of Michigan, Southern Division, decision in *Gomez v. GMAC Mortgage, et al.* | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed and not identified in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |
| --- | --- | --- |

| | | |
|---|---|---|
| 90. | Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration Systems Motion to Dismiss in the matter of *Gomez v. GMAC Mortgage* in the United States District Court, Eastern District of Michigan, Southern Division, Case No: 10-cv-13288. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed and not identified in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |

| 91. | Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint; Memorandum of Points and Authorities in the matter of *Flores v. GMAC Mortgage* in the United States District Court, Eastern District of California, Sacramento Office, Case No: 09-CV-01216-GEB-GGH. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed and not identified in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |
|---|---|---|

| 92. | Defendant GMAC's Motion for Summary Judgment or in the alternative, Joinder in *Schoenith v. GMAC Mortgage Corporation* in the United States District Court, Eastern District of Michigan, Southern Division, Case No: 2:087-cv-12828. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed and not identified in Plaintiff's 26(a)(1) disclosures or in her written discovery responses.<br><br>b. Fed. R. Evid. 901: no witness identified by plaintiff can provide a foundation for the introduction of this document into evidence.<br><br>c. Fed. R. Evid. 902: this document does not qualify for self-authentication.<br><br>d. Fed. R. Evid. 402: irrelevant to the claims and defenses in this case.<br><br>e. Fed. R. Evid. 403: any relevancy and probative value of this document is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.<br><br>f. Defendant objects to the introduction of a court decision into evidence; it is the Court's function to instruct the jury as to the applicable law. |
| --- | --- | --- |

| | | |
|---|---|---|
| 93. | GMAC Expert Witness Disclosure and Rebuttal of Oscar Marquis. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(2) and 37(c)(1): Plaintiff did not disclose Mr. Marquis (or GMAC's Expert Witness Disclosure and Rebuttal of Oscar Marquis) as a witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705.<br><br>b. Fed. R. Evid. 901: this document lacks a foundation.<br><br>c. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): Plaintiff never identified or disclosed these documents in her in Plaintiff's 26(a)(1) disclosures and never identified them in her discovery responses.<br><br>d. Fed. R. Civ. P. 26(a)(3): this proposed exhibit contains multiple documents that are separate and distinct. |
| 94. | Preview of Oscar Marquis - Linkedin Oscar Marquis - Credit Coach Board - 2010 | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |

| 95. | Oscar Marquis - Website Information. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |
|---|---|---|
| 96. | Oscar Marquis - 2007 Expert Report in *Whiteker v. Chase, et al.* | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |

| 97. | Oscar Marquis - Credit Coach - Software corrects credit errors Article. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |
| --- | --- | --- |
| 98. | Oscar Marquis - Credit Coach Plus Online Information. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |

| 99. | Oscar Marquis - ACA Presentation - Your Credit Reporting Questions Answered. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |
| 100. | Oscar Marquis - Online information regarding The ComplyTraq Training Series. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |

| | | |
|---|---|---|
| 101. | Oscar Marquis - Board of Mortgage Services Vendor. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |
| 102. | Oscar Marquis - Preview of Judge Orders a Credit Bureau to Stop Selling Consumer Lists. | Objection:<br><br>a. Fed. R. Civ. P. 26(a)(1) and 37(c)(1): not timely disclosed in Plaintiff's 26(a)(1) disclosures – Plaintiff now claims this document is only for impeachment but she identified it on her supplemented 26(a)(1) disclosures dated June 9, 2010.<br><br>b. Fed. R. Evid. 402: this document is irrelevant.<br><br>c. Fed. R. Evid. 403: this document would create confusion with the jury because it is incomplete. |

Dated:  June 27, 2011                                    Respectfully Submitted,

                                                         **GMAC MORTGAGE LLC**

                                                         By: ____/s/ John C. Lynch_____
                                                                       Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard A. Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian N. Casey
Taylor & Walker PC
555 Main Street, PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

_____/s/ John C. Lynch_____
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

419876v1

69