**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ALISHA W. WILKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil No. 1:10-cv-01160 (CMH-TRJ) |
| | ) |
| **GMAC MORTGAGE, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO SEAL MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO
EXCLUDE TESTIMONY OF MATTHEW KINGERY WITH EXHIBITS**

Defendant, GMAC Mortgage, LLC, by counsel, hereby moves pursuant to Local Rule of Civil Procedure 5, to seal its Memorandum in Opposition to Motion in Limine to Exclude Testimony of Matthew Kingery with Exhibits attached thereto.

1. Memorandum in Opposition to Motion in Limine to Exclude Testimony of Matthew Kingery ("Memorandum in Opposition") with Exhibits attached thereto will be filed under seal June 28, 2011.

2. The documents identified above are alleged to contain confidential information including sensitive personal information concerning third parties to the litigation. Specifically, counsel for the Plaintiff has designated the entire transcript of the Deposition of Matthew Kingery as "confidential pursuant to the protective order entered in this case." (Transcript of Deposition of Matthew Kingery ("Kingery Transcript"), at page 56.)[1]

3. Shortly after the deposition of Matthew Kingery, Plaintiff filed her Motion in Limine to Exclude Testimony of Matthew Kingery, seeking to exclude "any evidence related in

any way to Kingery's prior marriage, ex-spouse, children, or extra-marital relationship with the Plaintiff." (Pl.'s Mot. in Limine, at 1.)

4. Defendant opposes the Motion in Limine and seeks to file a Memorandum in Opposition, which will contain many of the details of the testimony contained in the Kingery Transcript, including Kingery's testimony about his extra-marital relationship with the Plaintiff. In addition, Defendant has attached the Kingery Transcript as an Exhibit to the Memorandum in Opposition.

5. Fourth Circuit caselaw establishes that there are a number of steps a district court must take before sealing court records. In *Rushford v. New Yorker Magazine, Inc.*, the Fourth Circuit stated the general rule:

> First, the district court must give the public adequate notice that the sealing of documents may be ordered. Second, the district court must provide interested persons an opportunity to object to the request before the court makes its decision. Third, if the district court decides to close a hearing or seal documents, it must state its reasons on the record, supported by specific findings. Finally, the court must state its reasons for rejecting alternatives to closure.

846 F.2d 249, 253-54 (4th Cir. 1988) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)) (internal citations and quotation marks omitted); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 302 (4th Cir. 2000) (enumerating same requirements) (citing *Knight*).

6. In this case, each requirement has been met.

7. Because individual notice to the public of each motion to seal documents would be "impractical" and "unwarranted," the trial court need only docket the notice "reasonably in advance of deciding the issue." *In re Knight*, 743 F.2d at 235. Defendant has filed a Notice of

---

[1] Not only did Plaintiff designate the entire Kingery transcript as confidential pursuant to the Rule 16(B) Scheduling Order (Docket No. 41), but also in subsequent correspondence Plaintiff designated the entire Kingery transcript as confidential pursuant to the Stipulated Protective Order As To Third Party Materials (Docket No. 65).

419605v1                                    2

the Motion to Seal to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any.

8. This is the least drastic alternative available to the Defendant. The information contained in the Kingery Transcript is necessary for the Court to properly adjudicate the dispute between the parties.

9. The information contained in the Memorandum in Opposition and Kingery Transcript is alleged by the Plaintiff to be confidential, personal information concerning Kingery's marital status, his ex-wife and his extra-marital relationship with Plaintiff. Additionally, this case does not involve issues that are of such a matter of public interest to outweigh the interests of the parties in protecting the confidential information.

10. On June 27, 2011 Defendant is delivering the Memorandum with Exhibits to the Clerk in a sealed container indicating case number, case caption, the Order and Rule permitting the items to be filed under seal, and a non-confidential descriptive title of the document. *See* Local R. Civ. P. 5(E).

11. Defendant attaches to this memorandum a proposed order granting this Motion to Seal.

12. Given the contentions of Plaintiff that the Kingery Transcript contains confidential and sensitive personal information, and the necessity of the information to a resolution of the issues before the court, there is no alternative other than filing under seal that will protect the information.

WHEREFORE, for the reasons stated above, the Defendant respectfully requests that the Court grant its motion to file the Memorandum in Opposition to Motion in Limine to Exclude Testimony of Matthew Kingery with Exhibits under seal pursuant to Local Civil Rule 5. In

addition, Defendant asks that the Court continue to maintain such documents under seal until the Court has ruled on the Motion in Limine to Exclude Testimony of Matthew Kingery, or until such other time as the Court may deem appropriate, but no longer than the conclusion of this litigation.

GMAC MORTGAGE, LLC

By: ___/s/ John C. Lynch_____
        Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

/s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com