**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ALISHA W. WILKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:10-cv-01160 (CMH-TRJ)** |
| | ) | |
| **GMAC MORTGAGE, LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GMAC MORTGAGE, LLC'S BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RULE 37(c)(1) SANCTIONS**

Defendant GMAC Mortgage, LLC ("GMAC" and/or "Defendant"), by counsel, submits

its Brief in Opposition to Plaintiff's Motion for Rule 37(c)(1) Sanctions ("Motion").

## I.     INTRODUCTION

Plaintiffs' Motion seeks an extreme remedy that is contrary to controlling law and the

relevant facts.  Plaintiff's Motion asks this Court to exclude critically relevant evidence— the

testimony of three GMAC employees (Amy Fleitas, Heather Meinecke and Lynnette Manning),

its outside counsel in the state court action (Chris Nolan), and the expert rebuttal report of

GMAC's designated expert (Oscar Marquis).  There is no justification or basis for Plaintiff's

delay in bringing forth this discovery issue – her Motion is untimely and should be denied.

Plaintiff is now trying to exclude this evidence in a last-ditch effort to prevent the jury

from considering the testimony of these witnesses and GMAC's expert's opinions that directly

rebut Plaintiff's expert's opinions.  Defendant timely supplemented its Rule 26(a)(1) Disclosures

and its Answers to Plaintiff's Interrogatories under Rule 26(e). Plaintiff's theory – that a

defendant can never supplement its Rule 26(a)(1) Disclosures, its Answers to Interrogatories, or

its Responses to Document Requests because it is required to have all information available to it

at the time of the disclosure or discovery response – is simply incorrect. Rule 26(e) expressly permits a party to supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," and the Advisory Committee Notes to Rule 26(e) to the 2007 amendments to Rule 26(e) expressly removed the limitation on Plaintiff seeks to impose and provides that a party may supplement its disclosures and discovery responses even if the information was available at the time of the initial disclosure or response.

Plaintiff's Motion should be denied. Ms. Fleitas, Ms Manning, Ms. Meinecke, and Mr. Nolan were timely disclosed in discovery. Any delay in identifying Ms. Fleitas, Ms Manning, Ms. Meinecke, or Mr. Nolan was harmless and/or substantially justified – Plaintiff is neither surprised nor prejudiced. Mr. Marquis' Rebuttal Expert Report was timely produced during discovery. After timely receiving his Rebuttal Expert Report, Plaintiff deposed Mr. Marquis – she had his Rebuttal Expert Report pre-marked as an exhibit for his deposition. Plaintiff had a full and fair opportunity to depose each of these persons and to discover their respective knowledge and opinions.

Ms. Fleitas should be permitted to testify:

- She was identified in written discovery on April 19, 2011;
- On April 29, 2011, Plaintiff noticed her deposition for June 6, 2011;
- Plaintiff filed a motion asking for a Court Order to take the deposition of Ms. Fleitas on June 6, 2011;
- GMAC did not oppose Ms. Fleitas' deposition on June 6, 2011;
- On May 4, 2011, Plaintiff reiterated her intention to depose Ms. Fleitas;
- On May 10, 2011, Plaintiff reiterated her intention to depose Ms. Fleitas;
- Plaintiff cancelled the deposition on or about June 1, 2011;
- She was deposed as a corporate representative of GMAC on June 17, 2011;
- Plaintiff had multiple opportunities to depose her individually and failed to so.

Ms. Manning should be permitted to testify:

- Plaintiff learned of Ms. Manning on April 25, 2011;
- On April 29, 2011, Plaintiff noticed her deposition for June 6, 2011;
- She was identified in written discovery on May 5, 2011;

- On May 4, 2011, Plaintiff reiterated her intention to depose Ms. Manning;
- On May 10, 2011, Plaintiff reiterated her intention to depose Ms. Manning;
- Plaintiff cancelled the deposition on or about May 16, 2011;
- Plaintiff had multiple opportunities to depose her individually and failed to so.

Ms. Meinecke should be allowed to testify:

- She was identified in written discovery on May 5, 2011;
- On June 6, 2011, GMAC offered for Plaintiff to take her individual deposition on June 17, 2011 – Plaintiff agreed at first and thereafter distanced herself from her prior agreement;
- She was deposed as a corporate representative of GMAC on June 17, 2011;
- Plaintiff had multiple opportunities to depose her individually and failed to so.

Mr. Nolan should be permitted to testify:

- He was counsel to GMAC in the prior state court lawsuit and Plaintiff was fully aware of his role as counsel in that case prior to this litigation;
- He was identified in written discovery on June 1, 2011;
- On June 10, 2011, Plaintiff requested that GMAC confirm it will arrange for Mr. Nolan to be deposed during the week of June 13-17, 2011;
- On June 13, 2011, Plaintiff served a subpoena for documents upon Mr. Nolan;
- On June 14, 2011, GMAC confirmed that it arranged for Plaintiff to depose Mr. Nolan on June 17, 2011 or June 21, 2011;
- On June 14, 2011, Plaintiff decided she did not want to depose Mr. Nolan and withdrew her subpoena for documents served upon him;
- Plaintiff had multiple opportunities to depose him individually and failed to so.

Mr. Marquis' Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan

Hendricks ("Rebuttal Expert Report") should not be excluded:

- Plaintiff requested an extension of the expert disclosure deadlines;
- On May 20, 2011, Plaintiff issued a notice to depose Mr. Marquis on June 8, 2011;
- This Court's Consent Order required rebuttal reports to be served on June 3, 2011;
- His Rebuttal Expert Report was served on June 3, 2011;
- Plaintiff pre-marked his Rebuttal Expert Report as a deposition exhibit;
- Plaintiff deposed Mr. Marquis on June 8, 2011;
- During the deposition, despite the opportunity to do so, Plaintiff chose not to examine Mr. Marquis about his Rebuttal Expert Report;
- Plaintiff had a full and fair opportunity to inquire as to Mr. Marquis' opinions and the grounds for them.

## II.   **BACKGROUND**

1.      On February 2, 2011, the Court issued its Scheduling Order and the Initial Pretrial Conference was scheduled for February 16, 2011.  (Docket No. 32.)  On February 9, 2011, a Proposed Discovery Plan was filed by Plaintiff, Experian Information Solutions, Inc., Nationstar Mortgage, LLC, America Funding, Inc., and Trans Union, LLC.  (Docket No. 35.)  On February 16, 2011, the Court entered the Rule 16(B) Scheduling Order.  (Docket No. 41.)

2.      Defendant was permitted, with consent of Plaintiff and leave of this Court, to file its Answer on March 18, 2011.  (Docket No. 49.)

3.      In addition to filing its Answer on March 18, 2011 (Docket No. 51), Defendant also served its Rule 26(a)(1) Disclosures.  As soon as Defendant served its Rule 26(a)(1) Disclosures on March 18, 2011, Plaintiff took the position that these disclosures were untimely and stated that she "will object to later supplementation of employees or documents that are as of today known to GMAC.  (As opposed to Rule 26(e) supplementation of newly discovery witnesses or documents)."  (**Exhibit A**.)

4.      On March 23, 2011, Plaintiff served her first set of interrogatories and requests for production of documents upon Defendant.   (**Exhibit B**.)

### A.      **Ms. Amy Fleitas, Ms. Lynnette Manning, and Ms. Heather Meinecke**

5.      Amy Fleitas ("Ms. Fleitas") was identified and disclosed in by GMAC on April 19, 2011 as a witness that Defendant would rely upon to support its claims and defenses. (**Exhibit  C**; *see also*  **Exhibit  D**, Defendant's Objections and Responses to Plaintiff's Interrogatories, pp. 25-27.)

6.      On April 25, 2011, Plaintiff deposed Lori Aguiar, one of Defendant's employees, and learned that Lynnette Manning ("Ms. Manning") is the supervisor of the two (2) employees

that handled the ACDVs received from the credit bureaus in this case and that she is supervises both the credit reporting department and e-mail department at GMAC.  (**Exhibit E**, Deposition Transcript of Lori Aguiar ("Aguiar Trans."), 17:13-18:31).

7.     Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Fleitas on April 29, 2011, seeking to depose her on June 6, 2011.  (**Exhibit F**).  Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Manning on April 29, 2011.  (**Exhibit G**).  On May 4, 2011, Plaintiff reiterated her intention to depose Ms. Manning and Ms. Fleitas.  (**Exhibit H**.)  On May 10, 2011, Plaintiff again reiterated her intention to depose Ms. Manning and Ms. Fleitas.  (**Exhibit I**.)

8.     Although, on May 10, 2011, Plaintiff noticed the deposition of Ms. Fleitas for June 6, 2011 (**Exhibit J**), she later informed Defendant she no longer desired to depose Ms. Fleitas individually.  (**Exhibit K**.)

9.     Although Plaintiff noticed the deposition of Ms. Manning for June 6, 2011 and stated an intention to serve her directly, she did not thereafter pursue the deposition of Ms. Manning.  (**Exhibit L**.)

10.     Heather Meinecke ("Ms. Meinecke") and Ms. Manning were identified in GMAC's interrogatory answers served on May 5, 2011.  (**Exhibit N**.)

11.     Ms. Meinecke was offered for her individual deposition to take place on June 17, 2011 and Plaintiff "[a]greed in full" to depose her instead of deposing Joseph Yarnall and Nancy Durey.  (**Exhibit N**.)  Subsequently, Plaintiff claimed that she did not agree to depose Ms. Meinecke individually and stated she only "agreed that we would accept her as the 30b6 and would then agree to withdraw the dep[osition]s of Nancy [Durey] and Joe[seph Yarnall]."  (**Exhibit O**.)  Plaintiff did not ultimately notice Ms. Meinecke for her deposition in her individual capacity as a fact witness despite an opportunity to do so.

12.     Plaintiff deposed Ms. Meinecke and Ms. Fleitas (as corporate representatives of GMAC to discuss topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition) on June 17, 2011 prior to the filing of her Motion.  Prior to this 30(b)(6) Deposition, Plaintiff was informed that Ms. Fleitas and Ms. Meinecke would be appearing as GMAC's corporate representatives (**Exhibit K**; **Exhibit N**).  During this deposition, Plaintiff questioned both of these individuals regarding their personal knowledge and personal information.

13.     On May 27, 2011, Plaintiff filed a Motion for Hearing to Clarify the Court's Order of February 2, 2011 ("Motion to Clarify") in which she requested to depose – among other persons – Ms. Fleitas on June 6, 2011 (Docket No. 58).   GMAC did not oppose Plaintiff deposing Ms. Fleitas.  (Docket No. 61.).  Plaintiff's Motion to Clarify was granted by this Court.  (Docket No. 64).  Plaintiff did not request to take the deposition of Ms. Meinecke or Ms. Manning in this Motion to Clarify (Docket No. 58), despite both having been identified on May 5, 2011 (**Exhibit M**).

14.     Subsequent to obtaining an Order permitting her to depose Ms. Fleitas, Plaintiff decided not to take Ms. Fleitas' individual fact witness deposition.  (**Exhibit K**.)

## B.     Mr. Christopher Nolan.

15.     Plaintiff has known about Christopher Nolan's ("Mr. Nolan") role as GMAC's attorney in prior state court action since prior to instituting this lawsuit – one of Plaintiff's current counsel also represented her in the prior litigation.

16.     After learning during discovery that Plaintiff intends to put on evidence regarding what occurred in the state court lawsuit, GMAC identified Mr. Nolan on June 1, 2011 in supplemented disclosures and interrogatory answers.  (**Exhibit P**; **Exhibit Q**.)

17.     On June 10, 2011, Plaintiff asked that GMAC arrange for Mr. Nolan's deposition

during the week of June 13-17, 2011. (**Exhibit R**.) On June 13, 2011, Plaintiff served a subpoena for documents upon Mr. Nolan. (**Exhibit S**.) On June 14, 2011, Defendant arranged for Mr. Nolan to be deposed on either June 17, 2011 or June 21, 2011. (**Exhibit T**.)

18.     Thereafter, Plaintiff decided not to depose Mr. Nolan and withdrew the subpoena for documents served upon him on June 14, 2011, apparently deciding instead to pursue a Motion. (**Exhibit U**; **Exhibit V**; **Exhibit W**.)

C.     **The Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks of GMAC's expert, Oscar Marquis.**

19.     The Proposed Discovery Plan, filed in this case on February 9, 2011, originally established that the party with the burden of proof must make its expert disclosures on March 18, 2011, responding disclosures were due April 22, 2010, and rebuttal disclosures were due May 20, 2011. (Docket No. 35.) On March 15, 2011, Plaintiff requested a two week extension for her expert designation. (**Exhibit X**.)

20.     Defendant agreed to this requested extension, and the parties agreed that Plaintiff's expert designations would be due on or before April 1, 2011, responding expert disclosures would be due May 6, 2011, and rebuttal disclosures would be due June 3, 2011. (**Exhibit Y**.) A Consent Order was entered by the Court on March 25, 2011. (Docket No. 52.)

21.     On April 1, 2011, Plaintiff timely identified Evan Hendricks as her expert and served her Rule 26(a)(2) Expert Witness Disclosure and Designation. (**Exhibit  Z**.)

22.     On May 6, 2011, Defendant timely identified Oscar Marquis ("Mr. Marquis") as its testifying expert and served its Rule 26(a)(2) Expert Witness Disclosure and Designation, including Mr. Marquis' Expert Report. (**Exhibit AA**.)

23.     On May 20, 2011, Plaintiff issued a Notice of Deposition for Mr. Marquis, seeking to depose him on June 8, 2011 in Fairfax, Virginia. (*See* **Exhibit BB**.) On May 24,

2011, Plaintiff issued an Amended Notice of Deposition for Mr. Marquis and thereafter Plaintiff deposed Mr. Marquis on June 8, 2011 in Chicago, Illinois.  (**Exhibit CC**.)

24.     On June 3, 2011. Defendant timely served its Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks, authored by Mr. Marquis.  (**Exhibit DD**.)

25.     Plaintiff deposed Mr. Marquis for more than five (5) hours on June 8, 2011, and she chose not to ask any further questions of Mr. Marquis.  (Deposition Transcript of Oscar Marquis ("Marquis Trans."), **Exhibit EE**, pp. 1-5; 178)  Plaintiff had the opportunity to questions Mr. Marquis about all of his opinions in his Rule 26(a)(2) Expert Report, as well as his Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks ("Rebuttal Expert Report").  In fact, Plaintiff pre-marked Mr. Marquis' Rebuttal Report as his intended Exhibit 15 to Mr. Marquis' Deposition Transcript.  (**Exhibit FF**.)

26.     During his deposition on June 8, 2011, Plaintiff served a Subpoena for documents upon Mr. Marquis.  (**Exhibit  GG**.)  This Subpoena commanded Mr. Marquis to produce documents on June 14, 2010 at 10:00 a.m. in Chicago, Illinois 60603.

### III.   ARGUMENT

All of the persons Plaintiff seeks to exclude were disclosed in time for each to be deposed and for Plaintiff to ascertain the substance of each person's knowledge and/or opinions.  Rule 26(e)(1) that "[a] party … must supplement or correct its disclosure or responses: (A) *in a timely manner* if the party learns that in some material respect the disclosure or response is *incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*; or (B) as ordered by the court." Fed. R. Civ. P. 26 (emphasis added); *see also Malozienc v. Pac. Rail Servs.*, 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008) (holding that Rule 26(e) "allows for supplemental disclosure [of Rule

26(a)(1) disclosures] at a later date, so long as the material is produced in a timely manner" and

denying request for sanctions where documents were not disclosed under Rule 26(a)(1) until

"more than seven months after the close of discovery, and two weeks after Defendant filed this

motion for summary judgment"); *Tardiff v. Knox County*, 598 F. Supp. 2d 115, 117 (D. Me.

2009) (refusing to exclude evidence not provided in initial disclosures because the information

was provided in answers to interrogatories, which occurred one month before the plaintiff was

deposed therefore the defendant could not reasonably claim to have suffered any prejudice in its

preparation for trial and the tardy disclosure did not prejudice the defendant's ability to

investigate).   The Notes of Advisory Committee Notes on 2007 amendments to Rule 26(e)

expressly provide that a party may supplement its disclosures and discovery responses if they are

incomplete or incorrect even if the information was available at the time of the initial disclosure

or response:

> *Rule 26(e) stated the duty to supplement or correct a disclosure or discovery response "to include information thereafter acquired." This apparent limit is not reflected in practice; parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response.* **These words are deleted to reflect the actual meaning of the present rule**.

> Former Rule 26(e) used different phrases to describe the time to supplement or correct a disclosure or discovery response. Disclosures were to be supplemented 'at appropriate intervals.' A prior discovery response must be 'seasonably * * * amend[ed].' The fine distinction between these phrases has not been observed in practice. Amended Rule 26(e)(1)(A) uses the same phrase for disclosures and discovery responses. *The party must supplement or correct "in a timely manner."*

(Emphasis added.)  GMAC suggests the meaning of "in a timely manner" is found in this Court's

Scheduling Order: "no person may testify whose identity, being subject to disclosure or timely

requested in discovery, *was not disclosed in time to be deposed or to permit the substance of his

knowledge and opinions to be ascertained*."  (Docket No. 32; emphasis added.)

All of the individuals Plaintiff seeks to exclude – Ms. Fleitas, Ms. Meinecke, Ms.

Manning, and Mr. Nolan – were timely disclosed and made known to Plaintiff in time for Plaintiff to depose each of them and for the substance of each person's knowledge to be obtained.  Mr. Marquis' Rebuttal Expert Report was timely served in discovery according to the deadlines in this Court's Consent Order (Docket No. 52) and it was served prior to Plaintiff deposing him, therefore Plaintiff had a full opportunity to depose him and determine the substance of his knowledge and opinions.  There is no evidence or claim that Defendant was trying to conceal anyone – as its investigation continued, it promptly cured any incomplete disclosure or discovery response to identify Ms. Fleitas, Ms. Meinecke, Ms. Manning and Mr. Nolan – therefore any failure to disclose earlier was harmless and/or substantially justified since there was no prejudice to Plaintiff.  *See*, *Umbenhower v Copart, Inc.* 222 FRD 672, 59 FR Serv 3d 663 (D. Kan. 2004) (denying motion for sanctions where failure to disclose document and individual with knowledge cured after plaintiff moved for sanctions because it was harmless and substantially justified).

### A.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY.

Plaintiff's Motion is a discovery motion, which pursuant to this Court's Rule 16(B) Scheduled Order was required to be filed and noticed for hearing before the final pretrial conference.  This Court's Rule 16(B) Scheduling Order (Docket No. 41) provides that "*[a]ll motions*, except for summary judgment, shall be noticed for hearing on the earliest possible Friday *before the final pretrial conference*."  (Emphasis added.)  The Final Pretrial Conference was held on June 16, 2011 (Docket No. 78.)  Plaintiff waited until after the final pretrial conference to file her Motion, which is a discovery motion.  (Docket No. 83.)  However, Plaintiff has been threatening to file her Motion pursuant to Rule 37(c)(1) (without providing any specifics as the relief she would seek) since as early as March 22, 2011.

As it is a discovery motion that was not filed or noticed for hearing until after the final pretrial conference, it is therefore untimely and should be denied. *See Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 358 B.R. 45, 62 (Bankr. S.D.N.Y. 2006) (denying request for sanctions, including preclusion of any testimonial or documentary evidence at trial, where Rule 26(a)(1) disclosures were fifty days late, the plaintiff only raised objections late in litigation and did not explain why the delay in raising her objections occurred, plaintiff failed to show how she was prejudiced by the more than seven week delay, and plaintiff was not "fooled" as to who would be offered to testify to support claims). There is no justification or basis for her delay in bringing forth this discovery issue – she was threatening a motion under Rule 37(c)(1) for almost three (3) months prior to filing her Motion.

**B.      PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT TIMELY SUPPLEMENTED ITS RULE 26(A)(1) DISCLOSURES AND DISCOVERY RESPONSES, ANY DELAY WAS HARMLESS AND/OR SUBSTANTIALLY JUSTIFIED, AND PLAINTIFF WAS NEITHER SURPRISED NOR SUFFERED PREJUDICE.**

> **1.      Under Fourth Circuit precedent, exclusion of evidence is an extreme sanction that is in appropriate and not warranted in this case.**

The standard to exclude highly relevant evidence as a sanction for alleged discovery violations pursuant to Rule 37 of the Federal Rules of Civil Procedure is exceedingly high and is an extreme remedy that is rarely justified by the facts. The Fourth Circuit has emphasized that "[g]enerally, preclusion is considered a drastic remedy, and is not imposed unless the party's conduct is in bad faith or callous disregard of the discovery rules." *Tritchler v. Consolidation Coal Co.*, No. 95-2679, 1996 U.S. App. LEXIS 15600 *5 (4th Cir. June 28, 1996) (unpublished); *see also Lathon v. Wal-mart Stores East, LP*, No. 3:09-cv-57, 2009 U.S. Dist. LEXIS 54682 *6, 12 (E.D. Va. June 24, 2009) (denying defendant's motion to exclude evidence pursuant to Rule 37(c) despite the fact that the plaintiff failed to timely respond to any discovery requests and

served deposition notices less than two months before trial, finding excluding evidence is "the most severe sanction" and is "drastic").[1]  Indeed, excluding evidence as a sanction for alleged discovery violations is rarely appropriate because it undermines a party's due process right to a fair trial.  *See Goeken v. Wal-Mart-Stores, Inc.*, No. 99-4191, 2002 U.S. Dist. LEXIS 10974, *16 (D. Kan. May 16, 2002).

The Fourth Circuit has recognized that appellate courts have reversed district court orders excluding evidence where "the evidence was essential, or the exclusion resulted in fundamental prejudice."  *C&C Diesel Service, Inc. v. B & P Towing, Inc.*, 911 F.2d 721 *7 (4th Cir. 1990); Indeed, if the evidence the movant seeks to exclude is "critical" then, "'exclusion is an extreme sanction' and…one 'not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of the court order by the proponent.'"  *Metts v. Airtran Airways, Inc.*, No. 10-0466, 2010 U.S. Dist. LEXIS 112714 *7–10 (D. Md. Oct. 22, 2010) (denying motion to preclude evidence, finding such evidence is critical and there is no prejudice to the opposing party) (quotation omitted.)  Applying the above standard, Plaintiffs' Motion should be denied because it seeks an extreme remedy that is contrary to the law and facts of this case, there has been no prejudice or harm to Plaintiff, no showing of willful deception, no showing of any flagrant

---

[1]     Similarly, Federal Courts in other jurisdictions routinely deny motions for sanctions to exclude evidence under Rule 37, finding exclusion is a drastic remedy that is rarely appropriate, absent a showing of bad faith.  *See, e.g., Derrickson v. Circuit City Stores, Inc.*, 95-3296, 1999 U.S. Dist. LEXIS 21100 *20 (D. Md. March 19, 1999) (concluding that "exclusion is a harsh sanction") (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 504 (D. Md. 1997); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D. N.Y. 1995) (denying motion for sanctions, emphasizing that the "[i]mposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard for the Federal Rules of Civil Procedure"); *Lozano v. City of Hazleton*, 241 F.R.D. 252, 255 (M.D. Penn. 2007) (emphasizing that the court "exclude[s] evidence rarely, since 'exclusion of critical evidence is an 'extreme' sanction, not normally imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence").

disregard of a court order, and it implicates GMAC's due process right to a fair trial based on the merits of the case.[2]

Not a single factor of the five-part test established by the Fourth Circuit in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), justifies the exclusion of the Ms. Fleitas, Ms. Meinecke, Ms. Manning, Mr. Nolan, or Mr. Marquis' Rebuttal Expert Report, all of which were timely disclosed in discovery such that Plaintiff either did or had time to depose each of them in order to ascertain the substance of the knowledge of the fact witnesses and the rebuttal expert opinions of Mr. Marquis.[3]   Therefore, any failure to

---

[2]      Federal Courts in other jurisdictions have consistently held that exclusion of critical or important evidence under Rule 37 requires a showing of bad faith, willful deception, or flagrant disregard of a court order. *See, e.g., Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992) (finding if the evidence "is 'important' to the party against whom the exclusion is sought, then its 'importance' weighs in favor of its inclusion"); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3rd Cir. 1997) (finding "that 'the importance of excluded testimony' should be considered.  The 'exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence'") (quoting *Meyers v. Pennyback Woods Home Ownership Assoc.*, 559 F.2d 894, 905 (3rd Cir. 1977) (overruled on other grounds); *Byrd v. Wal-Mart Transp., LLC*, No. 6:09-cv-014, 2009 U.S. Dist. LEXIS 99692, n.4 (S.D. Ga. Oct. 23, 2009) (refusing to exclude evidence, finding such evidence is critical to plaintiff's case, does not prejudice defendant, and was identified early in the litigation process).

[3]      The cases relied upon by Plaintiff are entirely inapposite.  In *Hoyle v. Freightliner, LLC* 2011 U.S. App. LEXIS 6628, *11-16 (4th Cir. Apr. 1, 2011), the Fourth Circuit affirmed the district court's decision to strike a declaration that was attached a motion for summary judgment and signed by a person that was not timely identified in discovery; the Fourth Circuit held the district court did not abuse its discretion because the defendant was prejudiced since it lost its opportunity to depose this individual during discovery.  *Barksdale v. E & M Transp., Inc.*, 2010 U.S. Dist. LEXIS 121862, *5-12 (E.D. Va. Oct. 27, 2010), involved a situation where a defendants intended to file for bankruptcy (but did not), did not provide any Rule 26(a) disclosures during discovery period, did not serve objections or responses to plaintiff's discovery requests during the discovery period, and plaintiff could not get in touch with defendants regarding these discovery issues until after discovery closed.  Ten (10) days after the close of discovery and on the deadline for moving for summary judgment, defendants served initial disclosures and produced documents while plaintiff moved for summary judgment.  Later, defendants responded to plaintiff's discovery requests.  Because of the inability of plaintiff to engage in discovery on the issues in their complaint, they were prejudiced and santioned.

In *Bland v. Fairfax County*, 2011 U.S. Dist. LEXIS 47164, *2-5 (E.D. Va. May 3, 2011),

disclose was harmless and/or substantially because Plaintiff was surprised that GMAC may use their testimony in this case, she had the opportunity to depose each of them, the evidence is important because it is central to GMAC's defenses, and disclosure occurred in timely supplementation that did not prejudice Plaintiff.

In *Southern States,* the Fourth Circuit recognized that "bad faith" could be "relevant to the fifth factor of [the] test - the nondisclosing party's explanation for its failure to disclose evidence." 318 F.3d at 598.  The Fourth Circuit clarified in a more recent case that *"[g]enerally, preclusion is considered a drastic remedy, and is not imposed unless the party's conduct is in bad faith or callous disregard of the discovery rules." Tritchler*, 1996 U.S. App. LEXIS 15600, at \*5 (emphasis added).  In *Southern States*, the court ordered exclusion of the expert's third

---

the court granted in part and denied in part defendant's motion for summary judgment.  In defendant's reply in support of summary judgment, it argued that the court should not consider certain exhibits to plaintiff's opposition because plaintiff did not identify certain witnesses and documents in her 26(a)(1)(A) disclosures or responses to defendant's discovery requests.  The court did not address the issue with Rule 26(a)(1)(A) disclosures or discovery responses, instead it held that *"[f]or those witnesses that Bland identified in Plaintiff's [Rule 26(a)(3)] Pre-Trial Disclosure, the Court finds no reason to disregard their testimony under the Southern States standard, even assuming Plaintiff's [Rule 26(a)(3)] Pre-Trial Disclosure fell short of Rule 26 because Defendant cannot be surprised to see their testimony referenced here*. 318 F.3d at 596. For those witnessed (sic) not identified in Plaintiff's Pre-Trial Disclosure, the Court will not permit Plaintiff to use those witnesses to supply evidence in opposition to the motion.  Hoyle, 2011 U.S. App. LEXIS 6628, 2011 WL 1206658, at \*4. *This does not mean, however, that evidence properly presented that concerns those witnesses will be disregarded*." *Bland,* 2011 U.S. Dist. LEXIS 47164, \*4-5 (emphasis added).

On the contrary, in the present case, there is no surprise to Plaintiff and no prejudice to Plaintiff because all of the witnesses were timely disclosed under Rule 26(e).  Plaintiff either deposed or had the opportunity to depose each of the persons she seeks to exclude – Plaintiff even got a Court Order permitting her to depose Ms. Fleitas and as many GMAC employees as Plaintiff desired.

*Campbell v. United States*, 2011 U.S. Dist. LEXIS 12305 (E.D. Va. Feb. 7, 2011), involved the exclusion of a party's expert witness because her designation did not comply with the requirements found in Fed. R. Civ. P. 26(a)(2).  This situation is far afield from the present case, where there is no claim that Mr. Marquis was not properly designated; instead, Plaintiff claims Mr. Marquis' expert rebuttal report is not a rebuttal report without any explanation or comparison of his rebuttal report to Plaintiff's expert's report.

opinion that was not disclosed to the opposing side before trial.   *Southern States Rack & Fixture, Inc.,* 318 F.3d at 594.   In that case, on the third day of trial, the expert witness testified about his new opinion, which he had formed several days earlier and communicated to counsel but which counsel did not disclose.   *Id.*   Under these circumstances, the court found that preclusion of this third opinion was a proper sanction because this opinion resulted in unfair surprise to the opposing party.   *Id.* at 598.   Nonetheless, even in this case of an extremely prejudicial discovery abuse, the court did not order that the expert be precluded from testifying at trial or that all of his expert reports be stricken.   *Id. passim.*

In *Pascoe v. Furniture Brands Int'l, Inc.,* which is more similar to the present case, the court found that the party's failure to supplement its expert disclosures with the evidence of the notes of telephone interviews between the expert and plaintiffs until the day of the deposition did not warrant the imposition of Rule 37(c) sanction of exclusion.   No. 3:10-cv-193, 2011 U.S. Dist. LEXIS 15003, at *10 (W.D.N.C. Feb. 4, 2011) (refusing to strike expert report for failure to supplement because, even though there was no explanation for the non-supplementation, the opposing side did not suffer prejudice and, to the extent it did, such prejudice could be cured by reconvening depositions); *see In re Derivium Capital, LLC*, Adv. Pro. No. 07-80119, 2011 Bankr. LEXIS 575, at *9-10 (Bankr. D.S.C. Jan. 21, 2011) (refusing to strike previously undisclosed information because it did not constitute an unfair surprise and did not prejudice the other side).   Applying the five-factor test, the court found that plaintiffs did not suffer an unfair surprise because plaintiffs were on notice that there existed notes of the telephone interviews between plaintiffs and the expert.   *Id.* at *9.   Here, Plaintiff deposed Mr. Marquis on June 8, 2011, after his rebuttal report was timely served on June 3, 2011, and Plaintiff pre-marked Mr.

Marquis' rebuttal report as an exhibit for his deposition, but chose not to cross-examine him about it.

Finally, the Fourth Circuit makes clear that the sanction of default judgment, which is what Plaintiff seeks by asking this Court to consider striking Defendant's Answer and Affirmative Defenses, is not appropriate – even in cases of repeated and egregious discovery violations – absent the Court's clear and unequivocal warning that the party's continuing misconduct will result in dismissal or default. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir. 1995) (vacating the sanction of dismissal). This situation clearly does not obtain in this case. Moreover, Plaintiffs unfairly seek sanctions against GMAC while having unclean hands themselves – they did not identify key witnesses or produce critical documents during written discovery yet intend to use these witnesses and documents at trial.

### 2.   The Testimony and Evidence Related to Amy Fleitas Should Not Be Excluded From Trial.

Plaintiff's attempt to exclude the testimony or evidence related to GMAC employee Amy Fleitas should be denied. There is no surprise to Plaintiff that GMAC intends to use Ms. Fleitas as a witness at trial. Ms. Fleitas was timely disclosed by GMAC on April 19, 2011, fifty-two (52) days before written discovery closed, fifty-nine (59) days before discovery depositions were required to be completed, and before its Answers to Plaintiff's Interrogatory were due. (**Exhibit C**; *see also* **Exhibit D**, Defendant's Answers to Plaintiff's Interrogatories, pp. 25-27.)

Even if there was a delay, it was harmless and/or substantially justified. Although there was no surprise, Plaintiff still had ample time and opportunity to depose Ms. Fleitas, but she decided not to take her individual deposition. Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Fleitas on April 29, 2011, seeking to depose her on June 6, 2011. (**Exhibit F**). On May 4 and 10, 2011, Plaintiff reiterated her intention to depose Ms. Fleitas on June 6, 2011. (**Exhibit**

**H**; **Exhibit I**.)  On May 27, 2011, Plaintiff filed a Motion to Clarify, in which she requested to depose – among other persons – Amy Fleitas on June 6, 2011 (Docket No. 58).  GMAC did not oppose Plaintiff deposing Ms. Fleitas (Docket No. 61) and Plaintiff's Motion to Clarify was granted by this Court (Docket No. 64).  Subsequent to obtaining an Order permitting her to depose Ms. Fleitas, Plaintiff decided not to take Ms. Fleitas' individual fact witness deposition.  (**Exhibit K**.)

On June 17, 2011, prior to the filing of her instant Motion, Plaintiff deposed Ms. Fleitas (as a corporate representative of GMAC).  (**Exhibit HH**, Deposition Transcript of Amy Fleitas, Rule 30(b)(6) representative of Defendant, ("Fleitas Trans."), at 1.)  Prior to this 30(b)(6) Deposition, Plaintiff was informed that Ms. Fleitas would be appearing as GMAC's corporate representatives.  (**Exhibit F**.)  During this deposition, Plaintiff questioned Ms. Fleitas regarding her personal knowledge and personal information.  (**Exhibit  HH**, Fleitas Trans., *e.g.*, at 5; 7-11.)  Ms. Fleitas' testimony and knowledge is critical to GMAC – she is the manager of GMAc's servicing risk and default support teams, which involves handling of claims of identity theft and managing the group that handle updates to credit reporting, she was personally involved in handling and responding to Plaintiff's direct dispute letter in October 2008.

Allowing Ms. Fleitas to testify would not disrupt the trial since Plaintiff has had an opportunity to depose her about her personal knowledge, her testimony and the evidence she will offer is central to Defendant's case and defenses, and there has been no bad faith by Defendant.  Defendant simply does not understand how Plaintiff could claim that Ms. Fleitas was "never disclosed in the Rule 26(a)(1) disclosures in response to Plaintiff's discovery responses." (Docket 84, at 1.)  As this case progressed, information was obtained, the claims were investigated, and discovery was exchanged, Defendant timely supplemented its disclosures to

identify Ms. Fleitas in April 2011.  Defendant's answers to interrogatories in April 2011 clearly identify Ms. Fleitas.  Plaintiff even filed a motion with this Court, on May 27, 2011, seeking an order permitting Plaintiff to depose Ms. Fleitas, even though Defendant had already agreed to this deposition and agreed for it to occur June 6, 2011.  Plaintiff thereafter switched gears, deciding that, instead of her deposing Ms. Fleitas, Plaintiff would rather bring an unnecessary discovery motion before this Court in an untimely fashion.  Plaintiff should not be permitted to benefit from such tactics.

> **3.     The Testimony and Evidence Related to Heather Meinecke Should Not Be Excluded From Trial.**

Any delay in disclosing Ms. Meinecke is harmless and/or substantially justified. Defendant's Answers to Plaintiff's Interrogatories were not due until April 25, 2011.  After continuing to investigate the claims of Plaintiff during discovery, Ms. Meinecke was identified in GMAC's supplemental discovery responses served on May 5, 2011.  (**Exhibit M**.)  Plaintiff did not request to take the deposition of Ms. Meinecke in her Motion to Clarify (Docket No. 58), despite the fact that she was identified on May 5, 2011.  During the hearing, this Court stated that Plaintiff could take as many depositions of GMAC employees as she desired, yet Plaintiff did not request to take her deposition.  Defendant offered Ms. Meinecke for her individual deposition to take place on June 17, 2011 and Plaintiff "[a]greed in full" to depose her on that date.  (**Exhibit N**.)  Plaintiff did not ultimately notice Ms. Meinecke for her deposition in her individual capacity as a fact witness despite an opportunity to do so – that was her choice, but is there is no surprise, prejudice, or lack of timely supplementation.

Moreover, Plaintiff deposed Ms. Meinecke (as a corporate representative of GMAC to discuss topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition) on June 17, 2011 prior to the filing of her Motion.  (**Exhibit II**, Deposition Transcript of Heather Meinecke, Rule

30(b)(6) representative of Defendant, ("Meinecke Trans."), at 1.)  Prior to this 30(b)(6) Deposition, Plaintiff was informed that Ms. Meinecke would be appearing as GMAC's corporate representatives (**Exhibit N**).  During this deposition, Plaintiff questioned Ms. Meinecke regarding her personal knowledge and personal information.  (**Exhibit II**, Meinecke Trans., at 3-9).  Therefore, any surprise that may exist was cured by Plaintiff's opportunity to depose Ms. Meinecke as a corporate representative, in which she asked questions of Ms. Meinecke as if Plaintiff was taking an individual fact deposition.  Thus, any delay in identifying Ms. Meincke is harmless, her evidence would not disrupt the trial because Plaintiff is informed of her knowledge, the testimony she will offer is central to Defendant's case and defenses, she was identified in timely supplemented discovery responses as Defendant investigated the claims in this case, and there has been no bad faith by Defendant.[4]

---

[4] Plaintiff also argues that "GMAC has not revealed where [Ms. Meinecke or Ms. Manning] reside and work.  Not even their addresses, nor even their state of residence." (Docket No. 84, 2.)  This is incorrect. Plaintiff was informed that both could be contacted through GMAC's counsel of record; also, the deposition notices issued by Plaintiff clearly include their work address, so Plaintiff does know where they work and their state of residence.  (**Exhibit F**; **Exhibit G**.)  Further, all of this information could have been obtained by Plaintiff during the depositions she took of Ms. Meinecke and Ms. Manning on July 17, 2011 (which concluded hours before Plaintiff filed this Motion).  Indeed, during her corporate representative deposition, Plaintiff learned that Ms. Fleitas is from Waterloo, Iowa and works there.  (**Exhibit HH**, Fleitas Trans. 3:20-23.)  Rule 26(b)(1) places limitations on discovery: "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). That cross-referenced provision permits this Court, on motion or *sua sponte*, to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added); *see also Nicholas v. Wyndham Int'l Inc*., 373 F.3d 537, 543 (4th Cir. 2004) ("Even assuming that this information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit [such discovery] . . . if it concludes that [a limitation in Rule 26(b)(2)(C) applies].").  Here, there is no justification or rationale offered by Plaintiff as to why she needs these persons home addresses and/or telephone numbers, and even if she does need this information for some unknown purpose, she had an opportunity to discover this information through depositions.

**4.      The Testimony and Evidence Related to Lynnette Manning Should Not Be Excluded From Trial.**

Plaintiff learned of Ms. Manning in April 2010 and she was timely identified in supplemented discovery responses in May 2010 – any delay in disclosing her is harmless and/or substantially justified as GMAC was investigating the claims and defenses in this case.  There is no surprise to Plaintiff; even if there was, she had the ability to cure it by deposing Ms. Manning, which she decided not to do after noticing Ms. Manning's deposition.  On April 29, 2011, Plaintiff served a Notice of 30(b)(1) Deposition for Ms. Manning.  (**Exhibit G**).  On May 4 and 10, 2011, Plaintiff reiterated her intention to depose Ms. Manning on June 6, 2011.  (**Exhibit H**; **Exhibit I**.)  Although Plaintiff noticed the deposition of Ms. Manning for June 6, 2011 and stated an intention to serve a subpoena upon her directly, she withdrew this deposition of her own choice.  (**Exhibit L**.)

On May 27, 2011, Plaintiff filed a Motion to Clarify, which was granted by this Court and Plaintiff was told she could depose as many employees of GMAC as she desire because employee depositions are considered "party-depositions."  (Docket No. 64).  Plaintiff did not request to take the deposition of Ms. Manning in this Motion to Clarify and did not thereafter seek to depose Ms. Manning.  Ms. Manning was timely disclosed, any delay in disclosing her is harmless because Plaintiff decided not to depose her, evidence from Ms. Manning would not disrupt the trial since Plaintiff has questioned both individual witnesses and GMAC's corporate representatives about her, and the evidence is important because she is the supervisor for the GMAC employees that handle responding to ACDVs, which is a central issue in this case, and there has been no bad faith by Defendant.[5]

---

[5] Plaintiff argues that Rule 26(a)(1) required GMAC to identify all of "the employees that actually handled Ms. Wilkes' file."  (Docket No. 84, 6.)  However, this position taken by

**5.     The Testimony and Evidence Related to Christopher Nolan Should Not Be Excluded From Trial.**

Plaintiff has known about Mr. Nolan's role as GMAC's attorney in prior state court action since prior to instituting this lawsuit – one of Plaintiff's current counsel of record also represented her in the prior litigation.  Therefore, Plaintiff cannot claim she is surprised by Defendant identifying Mr. Nolan and there is no bad faith by Defendant.  After engaging in the discovery process and participating in Plaintiff's depositions of other persons, Defendant came to understand that Plaintiff intends to put on evidence regarding what occurred in the state court lawsuit, thus GMAC identified Mr. Nolan on June 1, 2011 to rebut these claims.  (**Exhibit P**; **Exhibit Q**.)  Mr. Nolan's testimony will not be, despite what Plaintiff states in her Rule 26(a)(3) Witness Disclosure, about what he did or did not advise GMAC (Docket No. 77); instead, his testimony will be used, for example, for the purpose of explaining what did or did not happen in the state court litigation between Plaintiff and GMAC (e.g., that Plaintiff did not send an Identity Theft Affidavit to him during that case and did not contact him during the pendency of that case (or after the state court ruling) regarding the tradeline on Plaintiff's credit file).  This evidence is crucial to Defendant's argument concerning mitigation of damages because Plaintiff sent her dispute letter to the credit bureaus ten (10) days after the final order in the state court lawsuit (before the 30 day appeal period had elapsed), but did not take any steps to contact GMAC

---

Plaintiff misconstrues Defendant's initial disclosure obligations under Rule 26(a)(1), which is different than the obligation to respond to an interrogatory asking for the identification of individuals who may have knowledge or information.  As Magistrate Judge Anderson has ruled in a previous case dealing with this issue, Rule 26(a)(1) only requires a party to identify those persons it will rely upon to support its claims and defenses.  Simply because individuals appear in the file notes of Defendant does not mean that Defendant will rely upon them to support its defenses.  It is only if Defendant intends to rely upon them to support its defenses that it must identify such person(s) under Rule 26(a)(1)(A)(i), and it is neither unusual nor prejudicial nor in bad faith that a party, as discovery progresses and investigation continues, identifies and discloses individuals it will use to support its claims and defenses.

directly until July 2010 and neither Plaintiff nor her counsel ever took any steps to contact Mr.

Nolan regarding this issue.  Instead, her attorney drafted letters to send to the credit bureaus and

purposely decided not to contact GMAC directly.

On June 10, 2011, Plaintiff asked that GMAC arrange for Mr. Nolan's deposition during

the week of June 13-17, 2011.  (**Exhibit R**.)  On June 13, 2011, Plaintiff served a subpoena for

documents upon Mr. Nolan.  (**Exhibit S**.)  On June 14, 2011, Defendant arranged for Mr. Nolan

to be deposed on either June 16, 2011 or June 21, 2011.  (**Exhibit T**.)  Thereafter, Plaintiff

decided not to depose Mr. Nolan and withdrew the subpoena for documents served upon him,

apparently deciding instead to pursue a Motion. (**Exhibit U**; **Exhibit V**; **Exhibit W**.)  As a

result, Plaintiff cannot claim she did not have the ability to cure any prejudice or surprise that

might exist, therefore any delay in disclosing Mr. Nolan is harmless and/or substantially

justified.

      **6.**     **The Rebuttal Expert Report of Defendant's Expert, Mr. Oscar Marquis, Should Not Be Stricken.**

The basis for Plaintiff's argument that Mr. Marquis' Rebuttal Expert Report is "untimely

and prejudicial" is entirely unclear.  (Docket No. 84, at 8.)  Defendant timely disclosed Mr.

Marquis' Rule 26(a)(2)(B) expert report on May 6, 2011 and Mr. Marquis' Rebuttal Expert

Report was timely served on June 3, 2011.  (**Exhibit AA**; **Exhibit DD**.)  Plaintiff deposed him

on June 8, 2011, a date agreed to by the parties.  Plaintiff's failure to put before the Court her

own expert report along with Mr. Marquis' rebuttal report in order for the Court to compare

them, to inform the Court that she deposed Mr. Marquis on June 8, 2011, or to inform the Court

that she waited until June 8, 2011 to serve a subpoena for documents upon Mr. Marquis, speaks

volumes: she was not prejudiced by Mr. Marquis' Rebuttal Expert Report and her attempt to

exclude this Rebuttal Expert Report should be denied.  There is simply no justification to support

Plaintiff's assertion that she was "unable to discovery additional information from Mr. Marquis" and "unable to discovery additional information from GMAC regarding the new 'opinions' and disclosed information in the second report."  (Docket 84, at 8.)  She has not been harmed by GMAC because it complied with the deadlines.

Rule 26(a)(2)(D)(ii) expressly provides for submitting evidence in the form of a Rebuttal Expert Report that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) …."  This is precisely what Mr. Marquis' Rebuttal Expert Report does: it contradicts and rebuts Plaintiffs expert report on the same subject matter identified in Plaintiff's expert report.  *Compare* Plaintiff's Rule 26(a)(2) Expert Witness Report of Evan Hendricks, attached as **Exhibit   Z**, *with* Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks by Oscar Marquis, attached as **Exhibit DD**.  To suggest otherwise, without any explanation, is disingenuous at best.  (Docket No. 84, at p. 8.)

On March 15, 2011, Plaintiff requested a two week extension for her expert designation.  (**Exhibit X**.)  Defendant agreed to this requested extension, and the parties agreed that rebuttal disclosures would be due June 3, 2011.  (**Exhibit   Y**.)  Plaintiff chose this new deadline for her to serve her expert report – it was not imposed by the Court nor demanded by Defendant.  Although she could have requested a longer extension of the disclosure deadline, or one or more additional extensions that would have provided her until after April 1, 2011 to designate her expert, she did not choose to do so. She should not be allowed, at this point, to complain that she did not have the benefit of Defendant's discovery responses when her expert's report was due.  (Docket No. 84, 8.)

Pursuant to the Court's Scheduling Order (Docket No. 32), Plaintiff could have issued discovery requests to Defendant as early as February 18, 2011, when Defendant's counsel

entered an appearance in this case.  Plaintiff chose not to do so, instead waiting until March 23,

2011 to serve her first set of interrogatories and documents requests upon Defendant.  (**Exhibit**

**B**.)  Having decided to serve her interrogatories on March 23, 2011, Plaintiff was fully aware at

this point that her expert report would be due before GMAC served its discovery responses.[6]

Plaintiff could have requested another extension to designate her expert until after GMAC served

its discovery responses, but she did not.

　　　　Plaintiff deposed Mr. Marquis for more than five (5) hours on June 8, 2011 and she chose

not to ask any further questions of Mr. Marquis.  (Marquis Trans., **Exhibit EE**, pp. 1-5; 178.)

Plaintiff had the opportunity to questions Mr. Marquis about all of his opinions in Rebuttal

Expert Report.  In fact, Plaintiff pre-marked Mr. Marquis' Rebuttal Report as his intended

Exhibit 15 to Mr. Marquis' Deposition Transcript.  (**Exhibit FF**.)  She should not be permitted to

claim prejudice or surprise because she had a full and fair to examine him regarding his Rebuttal

Report.  (Docket No. 84, at 8.)[7]

---

[6] In fact, when GMAC requested on May 2, 2011, an additional one (1) week to disclose its
expert, Plaintiff responded that "[a]s for GMAC's expert witness, we cannot agree to an
enlargement of time.  The current disclosure date has already been moved back once and GMAC
issued its discovery requests with full knowledge of the impending disclosure date."  The same
applies to Plaintiff: she cannot argue she was prejudiced by the deadline for GMAC to serve its
rebuttal report, in particular where she did in fact get an additional two (2) weeks to disclose her
expert.

[7] During his deposition on June 8, 2011, Plaintiff served a Subpoena for documents upon Mr.
Marquis.  (**Exhibit GG**.)  She should not be permitted to claim prejudice because she waited
until June 8, 2011 – twenty-three days after Mr. Marquis was timely identified as GMAC's
expert in this case – to serve a subpoena upon Mr. Marquis.  (Docket No. 84, at 8.)  On June 12,
2011, Defendant served its Objections to Subpoena Issued by Plaintiff to Oscar Marquis.
Plaintiff would not agree to withdraw this Subpoena, even though she now acknowledges she
cannot enforce it because it is untimely.  (Docket 84, at 8.)  As a result, GMAC filed a Motion to
Quash this Subpoena in the United States District Court for the Northern District of Illinois,
which is currently pending.

**C.    PLAINTIFF'S REQUEST FOR SANCTIONS UNDER RULE 37(B) SHOULD BE DENIED AND DEFENDANT'S ANSWER AND AFFIRMATIVES DEFENSES SHOULD NOT BE STRICKEN.**

As explained above, there is no basis for the imposition of discovery related sanctions in this case. Applying the *Southern States* five-factor test to the facts of the present case, it is clear that Plaintiff suffered no harm because Ms. Fleitas, Ms. Meinecke, Ms. Manning, Mr. Nolan and Mr. Marquis' Rebuttal Expert Report were all known to Plaintiff during discovery and all of them made available to Plaintiff to be deposed during discovery.[8]

Further, Plaintiff's "request[] [that] the court consider whether an additional sanction is warranted under Rule 37(b), including striking GMAC's Answer and Affirmative Defenses," should be denied and she offers no justification or rationale for seeking this extreme form of relief. (Docket 84, at 13.) Rule 37(b) "governs sanctions imposed for a party's failure to obey a Court's discovery order." *Barksdale*, 2010 U.S. Dist. LEXIS 121862, *11 fn 5. There has not been any failure of GMAC to comply with an order on a discovery motion in this case, therefore Plaintiff's request for Rule 37(b) sanctions should be summarily denied. Further, the Court has never mentioned let alone warned GMAC about a default sanction, nor has Plaintiff filed any previous discovery motion that sought the production of documents, more or information, or

---

[8] Plaintiff's suggestion that GMAC did not properly disclose its documents to support its claims and defense is incorrect. (Docket 84, at 6-7.) GMAC identified its documents by categories (e.g. "account notes," "payment history," "ACDVs responses sent to consumer reporting agencies regarding Plaintiff," "GMAC's policies and procedures regarding the Fair Credit Reporting Act"), and also supplemented its Rule 26(a)(1) document disclosures with specific Bates numbers to identify the documents it will use (as these documents were produced in discovery as part of its Responses to Plaintiff's Requests for Documents). (**Exhibit P**.) Plaintiff, on the other hand, only identified "documents in her possession and control," rather than documents she will use to support her claims and defenses, and only identified them in vague descriptions like "[d]ocuments concerning the Plaintiff's claims against GMAC Mortgage, LLC." (**Exhibit JJ**.) Even when Plaintiff served her Supplemented 26(a)(1) disclosures on June 9, 2010 (one day before the written discovery cut-off), she still did not identify documents she will use to support her claims and defenses and continued with the ambiguous description of "[d]ocuments concerning the Plaintiff's claims against GMAC Mortgage, LLC." (**Exhibit KK**.)

sought sanctions.  As a result, entry of default judgment against GMAC by striking its Answer and Affirmative Defenses or any other form of sanctions under Rule 37(b) is not appropriate.

In deciding whether to impose a sanction other than evidence exclusion, the court must consider four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Riggins v. Steel Techs.*, 48 Fed. Appx. 460, 462 (4th Cir. 2002) (citing *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88 (4th Cir. 1989)).

### 1.      No Sanctions Are Warranted in this Case Under These Facts and Circumstances.

For all of the reasons expressed above, GMAC respectfully submits that sanctions are not warranted in this case.  All of the persons that Plaintiff seeks to exclude were disclosed in time to be deposed and to permit the substance of his/her knowledge and opinions to be ascertained. GMAC's disclosures and discovery responses were timely and seasonably supplemented – even if there was any failure to timely supplement, it was harmless and/or substantially justified.

All relevant and discoverable information was provided seasonably under Rule 26e by GMAC to Plaintiff.  Plaintiff had full opportunity to discover knowledge of each person she seeks to exclude, both through individual depositions and during the Rule 30b6 deposition of GMAC.  Indeed, this Court ruled during the hearing on Plaintiff's Motion to Clarify that Plaintiff could depose as many employees of GMAC as Plaintiff desired because a deposition of a GMAC employee is considered a party-deposition – Plaintiff chose not to take the individual depositions of Ms. Fleitas, Ms. Manning or Ms. Meinecke, despite Defendant offering them up for individual depositions and Plaintiff actually noticing the depositions of both Ms. Fleitas and Ms. Manning.

Indeed, Plaintiff obtained an Order from this Court permitting her to depose Ms. Fleitas on June 6, 2011, but later decided not to conduct this deposition.

>   **2.     Plaintiff has unclean hands since she did not disclose witnesses and did not produce documents during written discovery.**

Plaintiff's attempt to obtain sanctions against GMAC is even more curious considering that two of the witnesses identified on her Rule 26(a)(3) Witness List – Matthew Kingery and Brian Garcia – were never identified by Plaintiff in discovery.  (Docket No. 77.)  Indeed, despite both of them clearly having relevant information, neither was ever listed in either Plaintiff's Answers to Defendant's Interrogatories or Plaintiff's Rule 26(a)(1) disclosures – even though Plaintiff states in her Memorandum in Support of Motion *in Limine* to Exclude Testimony of Matthew Kingery that "*Mr. Kingery has knowledge of relevant evidence going to Plaintiff's damages, which are substantial*."  (Docket No. 80, at 3; emphasis added.)   Plaintiff also did not produce any documents that mention or refer to Mr. Garcia – despite the existence of literally hundreds of pages of documents (emails and contracts) that are central to Plaintiff's claims for damages in this case and that are within Plaintiff's possession, custody and/or control, including numerous email correspondence between Plaintiff and Defendant – yet listed documents on her Rule 26(a)(3) Exhibit List that were produced by him pursuant to a subpoena issued by Defendant.[9]   (Docket No. 76, exhibits 78-79.)  Plaintiff also did not produce any documents

---

[9] Mr. Garcia produced six hundred and sixty-two (662) pages of documents, many of which are central to Plaintiff's claim that she was forced to sell her house because of the state court litigation (in order to pay her attorney's fees incurred in the state court litigation, which resulted in her counsel placing an attorney lien on her home and apparently being unwilling to provide Plaintiff with a payment plan that would have allowed her to use the rental income she had from the house to satisfy her outstanding fees – this attorney lien was the only lien existing after the state court litigation ended) and could not pull equity out of the home through a refinance loan that identified the property as for investment purposes, which loan applications were made at a time when she already knew that she could not qualify for a loan because she did not have sufficient income. (*See* **Exhibit LL**, GMAC/AW 2853, 2859, 2864, and 2870-2872.)

referring to Mr. Kingery, yet he produced an email authored by Plaintiff that is also directly relevant to her claim for damages in this litigation (i.e., her claim that she was forced to sell the house because she could not refinance due to credit denials for a home equity loan and the timing of the sale of the house that she could not recall during her deposition).

3.       **Under Fourth Circuit precedent, the harsh sanctions of default judgment or an adverse jury instruction are not warranted absent a showing of bad faith and specific warning by the Court before imposing such sanctions, which has not occurred in this case.**

In *Wilson v. Volkswagen of Am*, the Fourth Circuit made clear that entry of a default judgment or dismissal of a claim is "the most severe sanction" that is rarely justified.  561 F.2d 494, 503-505 (4th Cir. 1977), superseded by statute on other grounds as stated in *Carrasquilla v. Mazda Motor Corp.*, 166 F. Supp. 2d 181, 184 (M.D. Pa. 2001) (internal quotations omitted) (emphasis added) (reversing district court's granting of a default judgment against defendant for failure to comply with Rule 37).   Controlling Fourth Circuit precedent requires a clear and explicit warning of default as a discovery sanction before it can be imposed.  *See, e.g.*, *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[A] party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction."); *accord Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 472-73 (4th Cir. 1993).   The Fourth Circuit explained that "explicit and clear notice" is "demanded both by fairness to the plaintiff and by the sound public policy of deciding cases on their merits and poses no significant burden on district courts" and "[c]onsiderations of constitutional due process also suggest that the district court's warning must be explicit and clear."  *Choice Hotels*, 11 F.3d at 471 n. 2, 473 (citations omitted).

According to the Fourth Circuit, where there is no prior violation of a court order and there is a lack of warning, the drastic remedy of entering default is not appropriate. *See Hathcock*, 53 F.3d at 40. In *Hathcock*, the Fourth Circuit reversed the entry of default judgment by the trial court: "*Because the court had issued only general scheduling orders in the case at bar, the lack of any advance notice is especially problematic.*" *Id*. at 40-41 (emphasis added). Likewise, in the present case, GMAC did not violate any order compelling discovery (no prior motion to compel has been filed by Plaintiff) and no preliminary lesser sanctions have been imposed. Therefore striking GMAC's Answer and Affirmative Defenses is not justified. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) (reversing the entry of default and distinguishing cases in which the non-disclosing party was explicitly warned that the non-compliance would result in default.); *Malhotra v. KCI Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007) (vacating dismissal of an action for Rule 37 discovery abuses and stating that the court must give the non-complying party an "explicit and clear" warning of the consequences of failing to satisfy the court's orders).[10]

Although an adverse jury instruction does not officially end the party's case, it is also considered a "severe sanction." *See, e.g., Duval v. Law Office of Andreu, Palma & Andreu*, 09-22636-CIV, 2010 U.S. Dist. LEXIS 70617, at *10 (S.D. Fla. June 24, 2010) (finding that despite the party's repeated discovery violations, an imposition of a "draconian" sanction of an adverse jury instruction was not justified). Accordingly, courts refuse to order an adverse inference instruction absent a finding of bad faith. *See, e.g., Managed Care Solutions, Inc. v. Essent*

---

[10]    The Eastern District of Virginia recently addressed this issue in *Montanile v. Botticelli*, 2009 U.S. Dist. LEXIS 65140 (E.D. Va. July 28, 2009). In *Montanile*, an extreme case with a "legion" of discovery abuses, the District Judge reversed the Magistrate Judge's order dismissing plaintiff's claims despite plaintiff's "obdurate" refusal to comply with court orders because no clear warning about that sanction had been provided and a less harsh sanction was available. *Id*. at *10, 13, 15-16.

*Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1333 (S.D. Fla. 2010) (denying the party's request for an adverse jury instruction because the record did not contain evidence of bad faith on the part of the opposing party).

As discussed in great detail above, GMAC's conduct is not even remotely like the discovery abuses in case law imposing sanctions, much less the severe and draconian sanctions Plaintiff seeks.  Not a single factor of the four-part test favors the issuance of sanction under Rule 37(b).  This Court has not issued any prior discovery orders, Plaintiff has not filed any motion to compel additional information or documents, nor did GMAC violate any order compelling discovery.  Without a discovery order, the Court should not impose the "ultimate sanction" against GMAC, sanctions that courts uniformly reserve for the "last resort."  7 Moore's Federal Practice § 37.50 (2009) ("[C]ourts uniformly have held that orders dismissing the action or granting judgments on default as sanctions for violating discovery orders are generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders.").  Therefore, Defendant requests that the Court deny Plaintiff's request for sanctions under Rule 37(b) and specifically deny her request that the Court consider striking GMAC's Answer and Affirmative Defenses.

WHEREFORE, Defendant GMAC Mortgage, LLC, by counsel, respectfully requests that the Court enter an Order: (1) denying Plaintiff's Motion for Rule 37(c)(1) Sanctions; and (2) granting it such further relief as the Court deems appropriate.

Dated:  June 28, 2011                                      Respectfully Submitted,

                                                          **GMAC MORTGAGE LLC**

                                                          By:   /s/ John C. Lynch
                                                                    Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

/s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com