**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ALISHA W. WILKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 1:10-cv-01160 (CMH-TRJ)** |
| | ) | |
| **GMAC MORTGAGE, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GMAC MORTGAGE LLC'S BRIEF IN OPPOSITION TO**
**PLAINTIFF'S SUPPLEMENTAL MOTION FOR RULE 37(c)(1) SANCTIONS**

Defendant GMAC Mortgage LLC ("GMAC" or "Defendant"), by counsel, hereby submits its Brief in Opposition to the Supplemental Motion for Rule 37(c)(1) Sanctions ("Motion") filed by the Plaintiff, Alisha Wilkes ("Plaintiff").

## I.      INTRODUCTION

Plaintiffs' Motion seeks an extreme remedy that is contrary to the relevant fats, discovery rules, controlling authority from the Fourth Circuit, and undermines GMACM's right to due process.  Plaintiff is trying to exclude critically relevant evidence in a last-ditch effort to prevent the jury from considering the documentary evidence produced by GMAC during discovery and GMAC's expert's opinions that directly rebut Plaintiff's expert's opinions.

There is no justification or basis for Plaintiff's delay in bringing forth this discovery issue – she was threatening a motion under Rule 37(c)(1) for almost three (3) months prior to filing her Motion for Sanctions.  Her Motion for Sanctions is untimely and should be denied.

Defendant timely supplemented its Rule 26(a)(1) Disclosures and its Answers to Plaintiff's Interrogatories under Rule 26(e). Plaintiff's theory – that a defendant can never supplement its Rule 26(a)(1) Disclosures, its Answers to Interrogatories, or its Responses to

Document Requests because it is required to have all information available to it at the time of the disclosure or discovery response  – is simply incorrect.  Rule 26(e) expressly permits a party to supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," and the Advisory Committee Notes to Rule 26(e) to the 2007 amendments to Rule 26(e) expressly provide that a party may supplement its disclosures and discovery responses even if the information was available at the time of the initial disclosure or response.

Any delay in producing these documents is harmless and/or substantially justified – Plaintiff is neither surprised nor prejudiced.  Oscar Marquis' ("Mr. Marquis") Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks ("Rebuttal Expert Report") should not be excluded.  The notion that Mr. Marquis's Rebuttal Export Report is untimely is flatly contradicted by the Consent Order entered by this Court on March 25, 2011, which states "the the extent necessary, rebuttal disclosures shall be served on or before June 3, 2011." (Docket No. 52.)  Defendant had no obligation to serve it rebuttal expert report on May 6, 2011 – this was the deadline for a party without the burden of proof to disclose its own expert witness(es) regardless of whether or not Plaintiff had its own expert witness(es).  Also, Plaintiff pre-marked his Rebuttal Expert Report as a deposition exhibit and deposed Mr. Marquis on June 8, 2011.  Although during the deposition Plaintiff chose not examine Mr. Marquis about his Rebuttal Expert Report, Plaintiff still had a full and fair opportunity to inquire as to Mr. Marquis' opinions and the grounds for them.  Moreover, Plaintiff has listed Mr. Marquis on **her Rule 26(a)(3) witness list** as an individual that **she intends to call at trial both "live and by deposition."** (Docket No. 77, at Witness No. (A)(7); emphasis added).  Moreover, Plaintiff has listed "**GMAC Expert Witness Disclosure and Rebuttal of Oscar Marquis**" on **her Rule**

**26(a)(3) exhibit list** as a document **she intends to use at trial**.  (Docket No. 75, at Exhibit No. 93; emphasis added.)

Regarding the other documents Plaintiff seeks to exclude, all of them were timely produced in supplemental 26(a)(1) disclosures and discovery responses.  All of them were produced well in advance of Plaintiff depositions of GMAC's Rule 30(b)(6) corporate representatives on June 1, 2011 and June 17, 2011.  Eight (8) of the documents (exhibits numbered 274, 275, 276, 277, 281, 295, 297, and 298) were produced in timely supplemental disclosures on April 29, 2011 – during the same week that GMAC timely provided its discovery responses on April 25, 2011.  Four (4) of the documents (exhibits numbered 302, 303, 308, and 310) were produced in timely supplemental disclosures and discovery responses – ten days after GMAC's discovery responses were served on April 25, 2011.  Four (4) of the documents (exhibits numbered 300, 301, 320, and 321) were produced in timely supplemental disclosures and discovery responses on May 16, 2011 – three weeks after GMAC's discovery responses were served on April 25, 2011.

All of the documents were produced because Plaintiff requested them – now she desires to exclude them.  The Wilkes Monthly Reports and Wilkes Credit Tapes are critically relevant to the information being reported to the credit bureaus by GMAC – there is a discrepancy between what GMAC was reporting and what was showing up on Plaintiff's credit file; for example, what was being reporting to Experian and when it was reported, whether Plaintiff's credit file accurately reflected the information reported by GMAC, as well as when the account was deleted as opposed to when GMAC requested the account to be deleted.  Each of the remaining documents Plaintiff seeks to exclude is critically relevant to GMAC's defenses because they establish that GMAC's procedures are reasonable since, in order to prevail in a claim against a

furnisher under 15 U.S.C. § 1681s-2(b), Plaintiff must prove that GMAC did not have reasonable policies and procedures in place to assure the accuracy of information submitted to credit reporting agencies.

## II.  <u>BACKGROUND</u>

1. On February 2, 2011, the Court issued its Scheduling Order and the Initial Pretrial Conference was scheduled for February 16, 2011.  (Docket No. 32.)  On February 9, 2011, a Proposed Discovery Plan was filed by Plaintiff, Experian Information Solutions, Inc., Nationstar Mortgage, LLC, America Funding, Inc., and Trans Union, LLC.  (Docket No. 35.)  On February 16, 2011, the Court entered the Rule 16(B) Scheduling Order.  (Docket No. 41.)

2. Defendant was permitted, with consent of Plaintiff and leave of this Court, to file its Answer on March 18, 2011.  (Docket No. 49.)

3. In addition to filing its Answer on March 18, 2011 (Docket No. 51), Defendant also served its Rule 26(a)(1) Disclosures.  As soon as Defendant served its Rule 26(a)(1) Disclosures on March 18, 2011, Plaintiff took the position that these disclosures were untimely and stated that she "will object to later supplementation of employees or documents that are as of today known to GMAC.  (As opposed to Rule 26(e) supplementation of newly discovery witnesses or documents)."  (**<u>Exhibit A</u>**.)

4. On March 23, 2011, Plaintiff served her first set of interrogatories and requests for production of documents upon Defendant.  (**<u>Exhibit B</u>**.)

5. On April 19, 2011, GMAC served its second supplemental Rule 26(a)(1) disclosures, in which it identified and described (among other documents) its "policies and procedures regarding the Fair Credit Reporting Act" and "the credit tapes from December 2008, December 2009, and May 2010.  (**<u>Exhibit C</u>**.)

6.      On April 25, 2011, Defendant timely served its objections and responses to Plaintiff's first set of interrogatories and requests for production of documents.  (**Exhibit D**.)

7.      On April 29, 2011, Defendant served its supplemental responses to Plaintiff's first set of interrogatories and requests for production of documents - GMAC produced the following documents Plaintiff seeks to exclude: exhibits numbered 274, 275, 276, 277, 281, 295, 297, and 298.  (**Exhibit E**.)

8.      On May 5, 2011, Defendant served its third supplemental Rule 26(a)(1) disclosures and also served its second supplemental responses to Plaintiff's first set of interrogatories and requests for production of documents  (**Exhibit F**.) GMAC specifically identified and produced the following documents Plaintiff seeks to exclude: exhibits numbered 274, 275, 276, 277, 281, 295, 297, 298, 302, 303, 308, and 310.  (**Exhibit G**.)

8.      On May 16, 2011, Defendant served its fourth supplemental Rule 26(a)(1) disclosures and also served its second supplemental responses to Plaintiff's first set of interrogatories and requests for production of documents  (**Exhibit H**; **Exhibit I**.)  GMAC specifically identified and produced the following documents Plaintiff seeks to exclude: exhibits numbered 300, 301, 320, and 321.  (**Exhibit J**.)

9.      On May 24, 2011 – after all of the documents Plaintiff seeks to exclude had been produced – Plaintiff served her Notice of 30(b)(6) Deposition.  (**Exhibit K**.)

10.     On June 1, 2011, Plaintiff deposed one of GMAC's corporate representatives, Peter Knapp.

11.     On June 17, 2011, Plaintiff deposed Heather Meinecke and Amy Fleitas (as corporate representatives of GMAC to discuss topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition).

**C.**      **The Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks of GMAC's expert, Oscar Marquis.**

12.      The Proposed Discovery Plan, filed in this case on February 9, 2011, originally established that the party with the burden of proof must make its expert disclosures on March 18, 2011, responding disclosures were due April 22, 2010, and rebuttal disclosures were due May 20, 2011.  (Docket No. 35.)  On March 15, 2011, Plaintiff requested a two week extension for her expert designation.  (**Exhibit L**.)

13.      Defendant agreed to this requested extension, and the parties agreed that Plaintiff's expert designations would be due on or before April 1, 2011, responding expert disclosures would be due May 6, 2011, and rebuttal disclosures would be due June 3, 2011. (**Exhibit M**.)  A Consent Order was entered by the Court on March 25, 2011.  (Docket No. 52.)

14.      On April 1, 2011, Plaintiff timely identified Evan Hendricks as her expert and served her Rule 26(a)(2) Expert Witness Disclosure and Designation.  (**Exhibit N**.)

15.      On May 6, 2011, Defendant timely identified Oscar Marquis ("Mr. Marquis") as its testifying expert and served its Rule 26(a)(2) Expert Witness Disclosure and Designation, including Mr. Marquis' Expert Report.  (**Exhibit O**.)

16.      On May 20, 2011, Plaintiff issued a Notice of Deposition for Mr. Marquis, seeking to depose him on June 8, 2011 in Fairfax, Virginia.  (*See* **Exhibit P**.)  On May 24, 2011, Plaintiff issued an Amended Notice of Deposition for Mr. Marquis and thereafter Plaintiff deposed Mr. Marquis on June 8, 2011 in Chicago, Illinois.  (**Exhibit Q**.)

17.      On June 3, 2011. Defendant timely served its Rule 26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks, authored by Mr. Marquis.  (**Exhibit R**.)

18.      Plaintiff deposed Mr. Marquis for more than five (5) hours on June 8, 2011, and she chose not to ask any further questions of Mr. Marquis.  (Deposition Transcript of Oscar

Marquis ("Marquis Trans."), **Exhibit S**, pp. 1-5; 178)  Plaintiff had the opportunity to questions

Mr. Marquis about all of his opinions in his Rule 26(a)(2) Expert Report, as well as his Rule

26(a)(2)(D)(ii) Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks ("Rebuttal Expert

Report").  In fact, Plaintiff pre-marked Mr. Marquis' Rebuttal Report as his intended Exhibit 15

to Mr. Marquis' Deposition Transcript.  (**Exhibit T**.)

19.     During his deposition on June 8, 2011, Plaintiff served a Subpoena for documents

upon Mr. Marquis.  (**Exhibit U**.)  This Subpoena commanded Mr. Marquis to produce

documents on June 14, 2010 at 10:00 a.m. in Chicago, Illinois 60603, after the June 10, 2011,

deadline for written discovery.

### III.     ARGUMENT

Plaintiff's Motion should be denied.  All of the exhibits Plaintiff seeks to exclude were

timely disclosed for each to be the subject of inquiry by Plaintiff during her Rule 30(b)(6)

deposition of GMAC, which occurred with Plaintiff's agreement on two (2) different dates: June

1, 2011 and June 17, 2011.  They were provided well before these depositions and before

Plaintiff even noticed GMAC's 30(b)(6) deposition.  Therefore, there is no harm or surprise to

Plaintiff, and even if there was a delay in producing the documents Plaintiff had the ability to

cure the surprise when she deposed GMAC after all of the documents were produced, the

documents will not disrupt the trial, each document is highly relevant to GMAC's defendants,

and as GMAC continued to investigate the claims and locate documents they were produced in a

timely manner.

Rule 26(e)(1) that "[a] party … must supplement or correct its disclosure or responses:

(A) *in a timely manner* if the party learns that in some material respect the disclosure or response

is *incomplete or incorrect, and if the additional or corrective information has not otherwise been*

*made known to the other parties during the discovery process or in writing*; or (B) as ordered by the court." Fed. R. Civ. P. 26 (emphasis added); *see also Malozienc v. Pac. Rail Servs.*, 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008) (holding that Rule 26(e) "allows for supplemental disclosure [of Rule 26(a)(1) disclosures] at a later date, so long as the material is produced in a timely manner" and denying request for sanctions where documents were not disclosed under Rule 26(a)(1) until "more than seven months after the close of discovery, and two weeks after Defendant filed this motion for summary judgment"); *Tardiff v. Knox County*, 598 F. Supp. 2d 115, 117 (D. Me. 2009) (refusing to exclude evidence not provided in initial disclosures because the information was provided in answers to interrogatories, which occurred one month before the plaintiff was deposed therefore the defendant could not reasonably claim to have suffered any prejudice in its preparation for trial and the tardy disclosure did not prejudice the defendant's ability to investigate).

The Notes of Advisory Committee Notes on 2007 amendments to Rule 26(e) expressly provide that a party may supplement its disclosures and discovery responses even if the information was available at the time of the initial disclosure or response:

> *Rule 26(e) stated the duty to supplement or correct a disclosure or discovery response "to include information thereafter acquired." This apparent limit is not reflected in practice; parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response.* **These words are deleted to reflect the actual meaning of the present rule**.

> Former Rule 26(e) used different phrases to describe the time to supplement or correct a disclosure or discovery response. Disclosures were to be supplemented 'at appropriate intervals.' A prior discovery response must be 'seasonally * * * amend[ed].' The fine distinction between these phrases has not been observed in practice. Amended Rule 26(e)(1)(A) uses the same phrase for disclosures and discovery responses. *The party must supplement or correct "in a timely manner."*

(Emphasis added.)[1]

---

[1]    The Notes of Advisory Committee Notes on 1993 amendment to subdivision (a) of Rule

All of the exhibits Plaintiff seeks to exclude were timely disclosed so that Plaintiff could ascertain the relevant of each during the depositions of GMAC's three corporate representatives: Peter Knapp, Amy Fleitas, and Heather Meinecke.   Mr. Marquis' Rebuttal Expert Report was timely served in discovery according to the deadlines in this Court's Consent Order (Docket No. 52), and it was served prior to Plaintiff deposing him, therefore Plaintiff had a full opportunity to depose him and determine the substance of his knowledge and opinions.   There is no evidence or claim that Defendant was trying to conceal anything – as its investigation continued, it promptly cured any failure to disclose and produce the documents at issue – therefore any failure to disclose earlier was harmless and/or substantially justified since there was no prejudice to Plaintiff.   *See, e.g.*, *Umbenhower v Copart, Inc.* 222 FRD 672, 59 FR Serv 3d 663 (D. Kan. 2004) (denying motion for sanctions where failure to disclose document and individual with knowledge cured after plaintiff moved for sanctions).

---

26 state that *"[t]he rule does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances*, focusing on the facts that are alleged with particularity in the pleadings. … *The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1).*"  (Emphasis added.)   Further, the Notes of Advisory Committee Notes on 1993 amendment to subdivision (e) of Rule 26 state that "[t]his subdivision is revised to provide that the requirement for supplementation applies to all disclosures required by subdivisions (a)(1)-(3). Like the former rule, *the duty*, while imposed on a "party," *applies whether the corrective information is learned by the client or by the attorney. Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period*, and with special promptness as the trial date approaches. It may be useful for the scheduling order to specify the time or times when supplementations should be made. … *The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect.*"  (Emphasis added.)

The Notes of Advisory Committee Notes on 2000 amendment to subdivision (a)(1) of Rule 26 state that "[s]ubdivision (e)(1), which is unchanged, requires supplementation if information later acquired would have been subject to the disclosure requirement. *As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use.*"  (Emphasis added.)

A.  **PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE IT IS UNTIMELY.**

Plaintiff's Motion for Sanctions is a discovery motion, which pursuant to this Court's Rule 16(B) Scheduled Order was required to be filed and noticed for hearing before the final pretrial conference.  As it is a discovery motion that was not filed or noticed for hearing until after the final pretrial conference, it is therefore untimely and should be denied.[2]  *See Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 358 B.R. 45, 62 (Bankr. S.D.N.Y. 2006) (denying request for sanctions, including preclusion of any testimonial or documentary evidence at trial, where Rule 26(a)(1) disclosures were fifty days late, the plaintiff only raised objections late in litigation and did not explain why the delay in raising her objections occurred, plaintiff failed to show how she was prejudiced by the more than seven week delay, and plaintiff was not "fooled" as to who would be offered to testify to support claims).

This Court's Rule 16(B) Scheduling Order (Docket No. 41) provides that "*[a]ll motions*, except for summary judgment, shall be noticed for hearing on the earliest possible Friday *before the final pretrial conference*."  (Emphasis added.)  The Final Pretrial Conference was held on June 16, 2011 (Docket No. 78.)  Plaintiff waited until after the final pretrial conference to file her Motion for Sanctions, which is a discovery motion.  (Docket No. 83.)

---

[2]      Defendant has no recollection of conferring in person or by telephone with Plaintiff concerning the documents she seeks to exclude in this Motion.  Local Civil Rule 7(E) provides that "*[b]efore endeavoring to secure an appointment for a hearing on any motion*, it shall be incumbent upon the counsel desiring such hearing *to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement*." (Emphasis added.)  Although emails were exchanged months ago about Plaintiff's threats to file a Rule 37(c)(1) motion, there has not been any discussion on the issue of the particular documents at issue.  There has been no meet and confer, to Defendant's recollection, concerning Mr. Marquis' rebuttal expert report.  There was no discussion during or after Plaintiff's depositions of Mr. Knapp, Ms. Fleitas and Ms. Meinecke in their roles as corporate representatives for GMAC's Rule 30(b)(6) deposition on June 1 and June 17, 2011.  The parties have never discussed in person or by telephone Plaintiff's belief that she has been prejudiced and harmed such that Mr. Marquis' expert rebuttal report should be excluded from trial.

Defendant was permitted, with consent of Plaintiff and leave of this Court, to file its Answer on March 18, 2011.  (Docket No. 49.)  Defendant filed its Answer (Docket No. 51) and also served its Rule 26(a)(1) Initial Disclosures on March 18, 2011.   Plaintiff has been threatening to file her Motion for Sanctions pursuant to Rule 37(c)(1) (without providing any specifics as the relief she would seek) since as early as March 22, 2011.  There is no justification or basis for her delay in bringing forth this discovery issue – she was threatening a motion under Rule 37(c)(1) for almost three (3) months prior to filing her Motion for Sanctions.

**B.**   **PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE DEFENDANT TIMELY SUPPLEMENTED ITS RULE 26(A)(1) DISCLOSURES AND DISCOVERY RESPONSES, AND PLAINTIFF SUFFERED NO HARM OR PREJUDICE SINCE ALL OF THESE DOCUMENTS WERE PROVIDED TO HER WELL BEFORE HER 30(B)(6) DEPOSITIONS OF GMAC.**

   **1.**   **Under Fourth Circuit precedent, exclusion of evidence is an extreme sanction that is in appropriate and not warranted in this case.**

The standard to exclude highly relevant evidence as a sanction for alleged discovery violations pursuant to Rule 37 of the Federal Rules of Civil Procedure is exceedingly high and is an extreme remedy that is rarely justified by the facts.  The Fourth Circuit has emphasized that "[g]enerally, preclusion is considered a drastic remedy, and is not imposed unless the party's conduct is in bad faith or callous disregard of the discovery rules."  *Tritchler v. Consolidation Coal Co.*, No. 95-2679, 1996 U.S. App. LEXIS 15600 *5 (4th Cir. June 28, 1996) (unpublished); *see also Lathon v. Wal-mart Stores East, LP*, No. 3:09-cv-57, 2009 U.S. Dist. LEXIS 54682 *6, 12 (E.D. Va. June 24, 2009) (denying defendant's motion to exclude evidence pursuant to Rule 37(c) despite the fact that the plaintiff failed to timely respond to any discovery requests and

served deposition notices less than two months before trial, finding excluding evidence is "the most severe sanction" and is "drastic").[3]

Indeed, excluding evidence as a sanction for alleged discovery violations is rarely appropriate because it undermines a party's due process right to a fair trial. *See Goeken v. Wal-Mart-Stores, Inc.*, No. 99-4191, 2002 U.S. Dist. LEXIS 10974, *16 (D. Kan. May 16, 2002) (finding exclusion of evidence is a "severe" sanction that is "not usually appropriate…because it implicates due process concerns," thus "Courts will not generally impose such a drastic remedy unless the failure to disclose or supplement is in bad faith or callous disregard of the discovery rules) (quoting *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 653 (D. Kan. 1996) and citing *Tritchler v. Consolidation Coal Co.*, 91 F.3d 134 (4th Cir. 1996) (Table)).

The Fourth Circuit has recognized that appellate courts have reversed district court orders excluding evidence where "the evidence was essential, or the exclusion resulted in fundamental prejudice." *C&C Diesel Service, Inc. v. B & P Towing, Inc.*, 911 F.2d 721 *7 (4th Cir. 1990);

---

[3]     Similarly, Federal Courts in other jurisdictions routinely deny motions for sanctions to exclude evidence under Rule 37, finding exclusion is a drastic remedy that is rarely appropriate, absent a showing of bad faith. *See, e.g., Derrickson v. Circuit City Stores, Inc.*, 95-3296, 1999 U.S. Dist. LEXIS 21100 *20 (D. Md. March 19, 1999) (concluding that "exclusion is a harsh sanction") (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 504 (D. Md. 1997); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D. N.Y. 1995) (denying motion for sanctions, emphasizing that the "[i]mposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard for the Federal Rules of Civil Procedure"); *Dorocon, Inc. v. Burke*, No. 02-2556, 2005 U.S. Dist. LEXIS 38839 *55 (D. D.C. Nov. 1, 2005) (refusing to award sanction precluding evidence or testimony, characterizing the exclusion of evidence under Rule 37 as a "drastic" sanction); *Lozano v. City of Hazleton*, 241 F.R.D. 252, 255 (M.D. Penn. 2007) (emphasizing that the court "exclude[s] critical evidence rarely, since 'exclusion of critical evidence is an 'extreme' sanction, not normally imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence"); *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1392, 2007 U.S. Dist. LEXIS 17797 *9 – 10 (S.D. Cal. March 13, 2007) (finding "'[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the other side") (quoting *Amersham Pharmacia Biotech, Inc v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2008) citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)).

*see also Guantanamera Cigar Co. v. Corp. Habanos, S.A.*, 263 F.R.D. 1, 6 (D. D.C. 2009) (refusing to preclude testimony because such evidence is critical, finding the "importance of testimony is an important consideration in deciding whether to preclude it or not" under Rule 37). Indeed, if the evidence the movant seeks to exclude is "critical" then, "'exclusion is an extreme sanction' and…one 'not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of the court order by the proponent.'" *Metts v. Airtran Airways, Inc.*, No. 10-0466, 2010 U.S. Dist. LEXIS 112714 *7–10 (D. Md. Oct. 22, 2010) (denying motion to preclude evidence, finding such evidence is critical and there is no prejudice to the opposing party) (quoting *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745, n.4 (E.D. Pa. 2007). Applying the above standard, Plaintiffs' Motion for Sanctions to Exclude Evidence should be denied because it seeks an extreme remedy that is contrary to the law and facts of this case, there has been no prejudice or harm to Plaintiff, no showing of willful deception, no showing of any flagrant disregard of a court order, and it implicates GMAC's due process right to a fair trial based on the merits of the case.[4]

---

[4]     Federal Courts in other jurisdictions have consistently held that exclusion of critical or important evidence under Rule 37 requires a showing of bad faith, willful deception, or flagrant disregard of a court order. *See Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992) (finding if the evidence "is 'important' to the party against whom the exclusion is sought, then its 'importance' weighs in favor of its inclusion"); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3rd Cir. 1997) (finding "that 'the importance of excluded testimony' should be considered. The 'exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence'") (quoting *Meyers v. Pennyback Woods Home Ownership Assoc.*, 559 F.2d 894, 905 (3rd Cir. 1977) (overruled on other grounds); *Borden v. Ingersoll-Rand Co.*, No. 01-CV-5455, 2003 U.S. Dist. LEXIS 1272 (E.D. Pa. Jan. 17 2003) (same); *Catalina Rental Apts., Inc. v. Pac. Ins. Co.*, No. 06-20532, 2007 U.S. Dist. LEXIS 24651 *9 (S.D. Fla. April 3, 2007) (same); *In re Mercedes-Benz Antitrust Litig.*, No. 99-4311, 2006 U.S. Dist. LEXIS 51202 *25 (D. N.J. July 26, 2006) (refusing to preclude an expert affidavit submitted more than three months after the close of discovery, finding "the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent willful deception or flagrant disregard of a court order") (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 – 92 (3rd Cir. 1994)); *Byrd v. Wal-Mart Transp., LLC*,

Not a single factor of the five-part test established by the Fourth Circuit in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), justifies the exclusion of the documents or Mr. Marquis' Rebuttal Expert Report, all of which were timely disclosed in discovery such that Plaintiff had time to depose GMAC concerning each of the exhibits and to ascertain the substance of the knowledge and opinions of Mr. Marquis at his deposition.[5]   Therefore, any failure to disclose earlier was harmless because Plaintiff was not

---

No. 6:09-cv-014, 2009 U.S. Dist. LEXIS 99692, n.4 (S.D. Ga. Oct. 23, 2009) (refusing to exclude evidence, finding such evidence is critical to plaintiff's case, does not prejudice defendant, and was identified early in the litigation process).

[5]      The cases relied upon by Plaintiff are entirely inapposite.  In *Hoyle v. Freightliner, LLC* 2011 U.S. App. LEXIS 6628, *11-16 (4th Cir. Apr. 1, 2011), the Fourth Circuit affirmed the district court's decision to strike a declaration that was attached a motion for summary judgment and signed by a person that was not timely identified in discovery; references to this individual in deposition testimony and in discovery responses were not sufficient to alert the defendant that this individual was a potential witness because he was not identified in response to discovery requests that expressly sought identification of potential witnesses and persons with relevant knowledge.  The Fourth Circuit held the district court did not abuse its discretion because the defendant was prejudiced since it lost its opportunity to depose this individual during discovery.

*Barksdale v. E & M Transp., Inc.*, 2010 U.S. Dist. LEXIS 121862, *5-12 (E.D. Va. Oct. 27, 2010), involved a situation where a defendants intended to file for bankruptcy (but did not), did not provide any Rule 26(a) disclosures during discovery period, did not serve objections or responses to plaintiff's discovery requests during the discovery period, and plaintiff could not get in touch with defendants regarding these discovery issues until after discovery closed.  Ten (10) days after the close of discovery and on the deadline for moving for summary judgment, defendants served initial disclosures and produced documents while plaintiff moved for summary judgment.  Later, defendants responded to plaintiff's discovery requests.  Because of the inability of plaintiff to engage in discovery on the issues in their complaint, they were prejudiced and sanctions issued.

In *Bland v. Fairfax County*, 2011 U.S. Dist. LEXIS 47164, *2-5 (E.D. Va. May 3, 2011), the court granted in part and denied in part defendant's motion for summary judgment.  In defendant's reply in support of summary judgment, it argued that the court should not consider certain exhibits to Plaintiff's Opposition to Defendant's Motion for Summary Judgment because plaintiff did not identify certain witnesses and documents in her Federal Rule of Civil Procedure 26(a)(1)(A) disclosures or her responses to Defendant's discovery requests.  The court did not address the issue with Rule 26(a)(1)(A) disclosures or discovery responses, instead it held that *"[f]or those witnesses that Bland identified in Plaintiff's [Rule 26(a)(3)] Pre-Trial Disclosure, the Court finds no reason to disregard their testimony under the Southern States standard, even assuming Plaintiff's [Rule 26(a)(3)] Pre-Trial Disclosure fell short of Rule 26 because Defendant cannot be surprised to see their testimony referenced here*. 318 F.3d at 596.  For those

prejudiced or surprised, had multiple opportunities to cure any surprise, the documents will not disrupt the trial, the evidence is important, and they were produced in timely supplementations after investigating Plaintiff's claims and discovery requests.

Rule 37 permits the court to impose sanctions against a party if the party fails to provide information or identify a witness as required by Rule 26(a) or (e) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether the a nondisclosure of evidence is substantially justified or harmless, federal courts in the Fourth Circuit are governed by the five factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc.*, 318 F.3d at 597 (affirming district court's order excluding the expert's third opinion, which was not disclosed until trial); *Pascoe v. Furniture Brands Int'l, Inc.*, No. 3:10-cv-193, 2011 U.S. Dist. LEXIS 15003, at *10 (W.D.N.C. Feb. 4, 2011) (refusing to strike expert report for failure to supplement because, even though there was no explanation for the non-supplementation, the opposing side did not suffer prejudice and, to the extent it did, such

---

witnessed (sic) not identified in Plaintiff's Pre-Trial Disclosure, the Court will not permit Plaintiff to use those witnesses to supply evidence in opposition to the motion. Hoyle, 2011 U.S. App. LEXIS 6628, 2011 WL 1206658, at *4. *This does not mean, however, that evidence properly presented that concerns those witnesses will be disregarded.*" *Bland,* 2011 U.S. Dist. LEXIS 47164, *4-5 (emphasis added).

On the contrary, in the present case, there is no surprise to Plaintiff and no prejudice to Plaintiff because all of the exhibits were disclosed timely under Rule 26(e). Plaintiff deposed GMAC's three Rule 30(b)(6) representatives over the course of two different dates in June 2011, more than one month after the exhibits she seeks to exclude were produced during discovery as part of GMAC's continued investigation and supplementation of its discovery responses. Plaintiff had the opportunity to inquire about each document during her depositions of GMAC;s corporate representatives. She also had the opportunity to depose GMAC employees who participating in drafting and implementing the Fair Credit Reporting Act policies and procedures she now seeks to exclude.

prejudice could be cured by reconvening depositions); *In re Derivium Capital, LLC*, Adv. Pro. No. 07-80119, 2011 Bankr. LEXIS 575, at \*9-10 (Bankr. D.S.C. Jan. 21, 2011) (refusing to strike previously undisclosed information because it did not constitute an unfair surprise and did not prejudice the other side).

In *Southern States,* the Fourth Circuit recognized that "bad faith" could be "relevant to the fifth factor of [the] test - the nondisclosing party's explanation for its failure to disclose evidence." 318 F.3d at 598.  The Fourth Circuit clarified in a more recent case that *"[g]enerally, preclusion is considered a drastic remedy, and is not imposed unless the party's conduct is in bad faith or callous disregard of the discovery rules." Tritchler*, 1996 U.S. App. LEXIS 15600, at \*5 (emphasis added).   In *Southern States*, the court ordered exclusion of the expert's third opinion that was not disclosed to the opposing side before trial.    *Southern States Rack & Fixture, Inc.,* 318 F.3d at 594.  In that case, on the third day of trial, the expert witness testified about his new opinion, which he had formed several days earlier and communicated to counsel but which counsel did not disclose.   *Id.*   Under these circumstances, the court found that preclusion of this third opinion was a proper sanction because this opinion resulted in unfair surprise to the opposing party.  *Id.* at 598.  Further, reopening of the depositions would disrupt the trial, which had already begun and in which several out-of-state witnesses had testified.  *Id.* at 599.  Finally, no explanation was offered for why discovery responses were not supplemented even after the counsel had learned about this new opinion.  *Id.*  Nonetheless, even in this case of an extremely prejudicial discovery abuse, the court did not order that the expert be precluded from testifying at trial or that all of his expert reports be stricken.  *Id. passim*.

In *Pascoe*, which is more similar to the present case, the court found that the party's failure to supplement its expert disclosures with the evidence of the notes of telephone interviews

between the expert and plaintiffs until the day of the deposition did not warrant the imposition of Rule 37(c) sanction of exclusion.  2011 U.S. Dist. LEXIS 15003, at *10.  Applying the five-factor test, the court found that plaintiffs did not suffer an unfair surprise because plaintiffs were on notice that there existed notes of the telephone interviews between plaintiffs and the expert. *Id.* at *9.  Additionally, any such surprise could be cured by the reconvening of the depositions, and this additional evidence would not disrupt the trial.  *Id.*  Here, of course, Plaintiff deposed Mr. Marquis on June 8, 2011, after his rebuttal report was timely served on June 3, 2011, and Plaintiff pre-marked Mr. Marquis' rebuttal report as an exhibit for his deposition, but chose not to cross-examine him about it.

Finally, the Fourth Circuit makes clear that the sanction of default judgment, which is what Plaintiff seeks by asking this Court to consider additional sanctions, including striking Defendant's Answer and Affirmative Defenses pursuant to Rule 37(b), does not issue even in cases of repeated and egregious discovery violations absent the Court's clear and unequivocal warning that the party's continuing misconduct will result in dismissal or default.  *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir. 1995) (vacating the sanction of dismissal). This situation clearly does not obtain in this case.  Moreover, Plaintiffs unfairly seek sanctions against GMAC while having unclean hands themselves – they did not identify key witnesses or produce critical documents during written discovery, instead Defendant only learned of these third-party witnesses during Plaintiff's deposition and obtained these documents through subpoenas issued to these third-parties.

### 2.   The Documents Should Not Be Excluded From Trial.

Plaintiff's attempt to exclude these documents should be denied.  There is no surprise or prejudice to Plaintiff that GMAC intends to use these documents at trial.  Any delay was

harmless and/or substantially justified - after continuing to investigate the claims of Plaintiff during discovery, Defendant timely supplemental its Rule 26(a)(1) disclosures and discovery responses **before Plaintiff even served her Notice of 30(b)(6) Deposition on May 24, 2011**. (**Exhibit K**.)

Even if there was a delay, it was harmless and/or substantially justified.  Although there was no surprise, Plaintiff still had ample time and opportunity to depose GMAC after the documents were produced.  On June 1, 2011, after all of these documents had been produced as part of supplemental initial disclosures and discovery response, Plaintiff deposed Peter Knapp as one of GMAC's Rule 30(b)(6) corporate representatives.  On June 17, 2011, more than one month after all of these documents had been produced as part of supplemental initial disclosures and discovery responses, Plaintiff deposed Heather Meinecke and Amy Fleitas as corporate representatives of GMAC.  As a result, Plaintiff cannot claim she did not have the ability to cure any prejudice or surprise that might exist.

Allowing these documents to be used would not disrupt the trial, they are central to Defendant's case and defenses, and there has been no bad faith by Defendant.  As this case progressed, information was obtained, the claims were investigated, and discovery was exchanged, Defendant identified and disclosed the documents in timely supplemental discovery responses and supplemental 26(a)(1) disclosures.  Any delay in production was therefore harmless and/or substantially justified.

### 3.     The Rebuttal Expert Report of Defendant's Expert, Mr. Oscar Marquis, Should Not Be Stricken.

Plaintiff is attempting two bites at the proverbial appeal: she asked this Court to exclude Mr. Marquis' Rebuttal Expert Report in a previously filed Motion for Rule 37(c)(1) Sanctions (Docket No. 83) and now requests the same relief again (Docket No. 95).  Plaintiff's argument,

that Mr. Marquis' Rebuttal Expert Report should be excluded because "Plaintiff's expert has

only issued one report (April 1, 2011) and was deposed on June 6, 2011.  Clearly there was

nothing new to rebut," is baseless.  (Docket No. 95, at 2-3.)

There is no obligation or requirement in Rule 26(a)(2) or this Court's Scheduling Orders

that Defendant provide its rebuttal report on May 6, 2011.  Apparently, Plaintiff maintains that,

when a party with the burden of proof has a deadline to designate that party's expert and the

party without the burden of proof has a separate deadline, the latter deadline for the party without

the burden of proof also functions as the deadline for the party without the burden of proof to

serve its rebuttal report.  This Court's Consent Order (Docket No. 52) and Rule 26(a)(2) clearly

indicate Plaintiff is incorrect.  A party without the burden of proof can designate an expert

witness to testify on any issue on which the party desires to introduce expert testimony –

regardless of whether the party with the burden of proof has designated an expert or not – and the

party without the burden of proof is not required to provide rebuttal disclosures with its

26(a)(2)(B).  Both parties, under this Court's Consent Order, then had an opportunity to serve

rebuttal disclosures simultaneously on June 3, 2011.  (Docket No. 52.)  Plaintiff did not serve a

rebuttal disclosure – it appears her failure to do this is leading her to assert her unfounded

position in multiple motions before this Court.

Defendant timely disclosed Mr. Marquis' Rule 26(a)(2)(B) expert report on May 6, 2011

and Mr. Marquis' Rebuttal Expert Report was timely served on June 3, 2011.  (**Exhibit O**;

**Exhibit R**.)   Plaintiff deposed him on June 8, 2011, a date agreed to by the parties.  Plaintiff's

failure to put before the Court her own expert report along with Mr. Marquis' rebuttal report in

order for the Court to compare them, to inform the Court that she deposed Mr. Marquis on June

8, 2011, or to inform the Court that she waited until June 8, 2011 to serve a subpoena for

documents upon Mr. Marquis, speaks volumes: the Rebuttal Expert Report was timely, she was not harmed or prejudiced by the date Mr. Marquis' Rebuttal Expert Report was timely served, and her attempt to exclude this Rebuttal Expert Report should be denied.  Given that Mr. Marquis was designated on May 6, 2011, his Rebuttal Expert Report was served on June 3, 2011, and Plaintiff deposed Mr. Marquis on June 8, 2011, there is simply no justification to support any claim by Plaintiff that she was "unable to discovery additional information from Mr. Marquis" and "unable to discovery additional information from GMAC regarding the new 'opinions' and disclosed information in the second report."  (Docket 84, at 8.)  She has not been harmed by GMAC because GMAC complied with the deadlines.

Rule 26(a)(2)(D)(ii) expressly provides for submitting evidence in the form of a Rebuttal Expert Report that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) …."  This is precisely what Mr. Marquis' Rebuttal Expert Report does: it contradicts and rebuts Plaintiffs expert report on the same subject matters identified in Plaintiff's expert's report.  *Compare* Plaintiff's Rule 26(a)(2) Expert Witness Report of Evan Hendricks, attached as **Exhibit N**, *with* Rebuttal Report to Plaintiff's Expert Report of Evan Hendricks by Oscar Marquis, attached as **Exhibit R**.  To suggest otherwise, without any explanation, is disingenuous at best.  (Docket No. 84, at p. 8; Docket No. 95, at p. 2-3.)

On March 15, 2011, Plaintiff requested a two week extension for her expert designation.  (**Exhibit L**.)  Defendant agreed to this requested extension, and the parties agreed that rebuttal disclosures would be due June 3, 2011.  (**Exhibit M**.)  Plaintiff chose this new deadline for her to serve her expert report – it was not imposed by the Court nor demanded by Defendant.  Although she could have requested a longer extension of the disclosure deadline, or one or more additional

extensions that would have provided her until after April 1, 2011 to designate her expert, she did not choose to do so. She should not be allowed, at this point, to complain that she did not have the benefit of Defendant's discovery responses when her expert's report was due. (Docket No. 84, 8.)

Pursuant to the Court's Scheduling Order (Docket No. 32), Plaintiff could have issued discovery requests to Defendant as early as February 18, 2011, when Defendant's counsel entered an appearance in this case. Plaintiff chose not to do so, instead waiting until March 23, 2011 to serve her first set of interrogatories and documents requests upon Defendant. (**Exhibit B**.) Having decided to serve her interrogatories on March 23, 2011, Plaintiff was fully aware at this point that her expert report would be due before GMAC served its discovery responses.[6] Plaintiff could have requested another extension to designate her expert until after GMAC served its discovery responses, but she did not.

Plaintiff deposed Mr. Marquis for more than five (5) hours on June 8, 2011 and she chose not to ask any further questions of Mr. Marquis. (Marquis Trans., **Exhibit S**, pp. 1-5; 178.) Plaintiff had the opportunity to questions Mr. Marquis about all of his opinions in Rebuttal Expert Report. In fact, Plaintiff pre-marked Mr. Marquis' Rebuttal Report as his intended Exhibit 15 to Mr. Marquis' Deposition Transcript. (**Exhibit T**.) She should not be permitted to

---

[6] In fact, when GMAC requested on May 2, 2011, an additional one (1) week to disclose its expert, Plaintiff responded that "[a]s for GMAC's expert witness, we cannot agree to an enlargement of time. The current disclosure date has already been moved back once and GMAC issued its discovery requests with full knowledge of the impending disclosure date." The same applies to Plaintiff: she cannot argue she was prejudiced by the deadline for GMAC to serve its rebuttal report, in particular where she did in fact get an additional two (2) weeks to disclose her expert.

claim prejudice or surprise because she had a full and fair to examine him regarding his Rebuttal Report.  (Docket No. 95.)[7]

**C.     PLAINTIFF'S REQUEST FOR SANCTIONS UNDER RULE 37(B) SHOULD BE DENIED AND DEFENDANT'S ANSWER AND AFFIRMATIVES DEFENSES SHOULD NOT BE STRICKEN.**

As explained above, there is no basis for the imposition of discovery related sanctions in this case.  Applying the *Southern States* five-factor test to the facts of the present case, it is clear that Plaintiff suffered no harm because all of the documents and Mr. Marquis' Rebuttal Expert Report were all provided to and known to Plaintiff during discovery and all of them made available to Plaintiff to be used for depositions during discovery.[8]

Further, Plaintiff's "request[] [that] the court consider whether an additional sanction is warranted under Rule 37(b), including striking GMAC's Answer and Affirmative Defenses," should be denied and she offers no justification or rationale for seeking this extreme form of

---

[7] During his deposition on June 8, 2011, Plaintiff served a Subpoena for documents upon Mr. Marquis.  (**Exhibit U**.)  She should not be permitted to claim prejudice because she waited until June 8, 2011 – twenty-three days after Mr. Marquis was timely identified as GMAC's expert in this case – to serve this subpoena.  (Docket No. 84, at 8.)  On June 12, 2011, Defendant served its Objections to Subpoena Issued by Plaintiff to Oscar Marquis.  Plaintiff would not agree to withdraw this Subpoena, even though she now acknowledges she cannot enforce it because it is untimely.  (Docket 84, at 8.)  As a result, GMAC filed a Motion to Quash this Subpoena in the United States District Court for the Northern District of Illinois, which is currently pending.

[8] Any suggestion by Plaintiff that GMAC did not properly disclose its documents to support its claims and defense is incorrect.  (Docket 84, at 6-7.)  GMAC identified its documents by categories (e.g. "account notes," "payment history," "ACDVs responses sent to consumer reporting agencies regarding Plaintiff," "GMAC's policies and procedures regarding the Fair Credit Reporting Act"), and also supplemented its Rule 26(a)(1) document disclosures with specific Bates numbers to identify the documents GMAC will use at trial (as these documents were produced in discovery as part of its responses to Plaintiff's requests for documents and answers to interrogatories).  (**Exhibit J**.)  In Plaintiff's 26(a)(1) Disclosures, on the other hand, only identified "documents in her possession and control," rather than documents she will use to support her claims and defenses, and only identified them in vague descriptions like "[d]ocuments concerning the Plaintiff's claims against GMAC Mortgage, LLC."  (**Exhibit V**.)  Even when Plaintiff served her Supplemented 26(a)(1) disclosures on June 9, 2010 (one day before the written discovery cut-off), she still did not identify documents she will use to support her claims and defenses and continued with the amorphous description of "[d]ocuments concerning the Plaintiff's claims against GMAC Mortgage, LLC."  (**Exhibit W**.)

relief.  (Docket 95, at 4.)  Rule 37(b) "governs sanctions imposed for a party's failure to obey a Court's discovery order."  *Barksdale*, 2010 U.S. Dist. LEXIS 121862, *11 fn 5.  There has not been any failure of GMAC to comply with an order on a discovery motion in this case, therefore Plaintiff's request for Rule 37(b) sanctions should be summarily denied.[9]  Further, the Court has never mentioned let alone warned GMAC about a default sanction, nor has Plaintiff filed any previous discovery motion that sought the production of documents, more or information, or sought sanctions.  As a result, the Court has never had occasion to warn or provide any notice to GMAC that any discovery failure has occurred, let alone to indicate discovery conduct would be sanctionable with entry of default judgment against it by striking its Answer and Affirmative Defenses or any other form of sanctions under Rule 37(b).

In deciding whether to impose a sanction other than evidence exclusion, the court must consider four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Riggins v. Steel Techs.*, 48 Fed. Appx. 460, 462 (4th Cir. 2002) (citing *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88 (4th Cir. 1989)).

    **1.**    **No Sanctions Are Warranted in this Case Under These Facts and Circumstances.**

---

[9] Plaintiff has repeatedly, in this Motion and her other Motion for Rule 37(c)(1) Sanctions, represented that GMAC has violated "the orders of this Court."  (Docket No. 84, at p. 11; Docket No, 95, at p. 4.)  This claim is baseless and specious at best.  Plaintiff asserts this position based on case that previously was pending in the United States District Court for the Western District of Virginia, which is not this Court.  More importantly, Plaintiff fails to inform this Court that the Memorandum Opinion that Plaintiff relies upon was vacated and stricken from the docket by District Judge Norman K. Moon on April 27, 2011.  (*See* **Exhibit Y**; *see also* Docket entries 201, 202, and 231, available at https://ecf.vawd.uscourts.gov/cgi-bin/DktRpt.pl?192652517894775-L_942_0-1.)

For all of the reasons expressed above, GMAC respectfully submits that sanctions under Rule 37(b) are not warranted in this case.   In summary, GMAC's disclosures and discovery responses were timely and seasonably supplemented under Rule 26(e) – even if there was any failure to timely supplement, it was harmless and/or substantially justified. All of the documents that Plaintiff seeks to exclude were disclosed well before Plaintiff deposed GMAC's 30(b)(6) representatives – indeed, they were provided before she even noticed GMAC's 30(b)(6) deposition.   There was neither harm nor surprise.   Clearly, she has the opportunity to inquire about them during 30(b)(6) depositions over the course of two (2) days in June, 2011, and to cure any surprise that might have existed.   Plaintiff's position regarding Mr. Marquis' Rebuttal Expert Report is incorrect – it was timely disclosed pursuant to the Court's Consent Order (Docket No. 52) and Plaintiff had it available to her (as a pre-marked exhibit) for use at Mr. Marquis' deposition on June 8, 2011; she clearly had the everything in time to depose him and to ascertain the substance of his knowledge and opinions contained in his Rebuttal Expert Report.

> **2.     Plaintiff has unclean hands since she did not disclose witnesses and did not produce documents during written discovery.**

Plaintiff's attempt to obtain sanctions against GMAC is even more curious considering that two of the witnesses identified on her Rule 26(a)(3) Witness List – Matthew Kingery and Brian Garcia – were never identified by Plaintiff in discovery.   (Docket No. 75.)   Instead, Defendant only learned of them during Plaintiff's deposition.   Indeed, despite both of them clearly having relevant information, neither was ever listed in either Plaintiff's Answers to Defendant's Interrogatories or Plaintiff's Rule 26(a)(1) disclosures – even though Plaintiff states in her Memorandum in Support of Motion *in Limine* to Exclude Testimony of Matthew Kingery that " Mr. Kingery has knowledge of relevant evidence going to Plaintiff's damages, which are

substantial." (Docket No. 80, at 3.)    Plaintiff also did not produce any documents that mention

or refer to Mr. Garcia – despite the existence of literally hundreds of pages of documents (emails

and contracts) that are central to Plaintiff's claims for damages in this case and that are within

Plaintiff's possession, custody and/or control, including numerous email correspondence

between Plaintiff and Defendant – yet listed documents on her Rule 26(a)(3) Exhibit List that

were produced by him pursuant to a subpoena issued by Defendant.[10]  (Docket No. 76, Exhibit

Nos. 78 and 79.)  Plaintiff also did not produce any documents referring to Mr. Kingery, yet Mr.

Kingery produced an email from Plaintiff that is also directly relevant to her claim for damages

in this litigation (i.e., her claim that she was forced to sell the house because she could not

refinance due to credit denials for a home equity loan and the timing of the sale of the house,

which she could not recall during her deposition).

> **3.**    **Under Fourth Circuit precedent, the harsh sanctions of default judgment or adverse jury instruction are not warranted absent a showing of bad faith and specific warning by the Court before imposing such sanctions, which Condition Precedent Has Not Occurred in This Case.**

In *Wilson v. Volkswagen of Am*, the Fourth Circuit made clear that entry of a default

judgment or dismissal of a claim is "the most severe sanction" that is rarely justified:

> The power to impose sanctions … is discretionary with the Trial
> Court. It is not, however, a discretion without bounds or limits but
> one to be exercised discreetly and never when it has been

---

[10] Mr. Garcia produced six hundred and sixty-two (662) pages of documents, many of which are central to Plaintiff's claim that she was forced to sell her house because of the state court litigation (in order to pay her attorney's fees incurred in the state court litigation, which resulted in her counsel placing an attorney lien on her home and apparently being unwilling to provide Plaintiff with a payment plan that would have allowed her to use the rental income she had from the house to satisfy her outstanding fees – this attorney lien was the only lien existing after the state court litigation ended) and could not pull equity out of the home through a refinance loan that identified the property as for investment purposes, which applications were made at a time when she already knew that she could not qualify for a loan because she did not have sufficient income. (*See* **Exhibit X**, GMAC/AW 2853, 2859, 2864, and 2870-2872.)

established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of the non-complying party. … **Particularly the Court is to act cautiously when the sanction imposed is that of default judgment, which is the most severe in the spectrum of sanctions provided by statute or rule.** In that situation the Trial Court's range of discretion is more narrow than when the Court is imposing other less severe sanctions. **The reason for this narrower range of discretion is that the sanction of a default judgment [is] an infringement upon a party's right to trial by jury under the seventh amendment and runs counter to sound public policy of deciding cases on their merits and against depriving a party of his "fair day in court."** Because of the importance of these constitutional and policy considerations, … **the exercise of the power should be confined to the flagrant case … .** Even in those cases where it may be found that failure to produce results in the discovering party's case being jeopardized or prejudiced, it is the normal rule that the proper sanction must be no more severe than is necessary to prevent prejudice to the movant… .

561 F.2d 494, 503-505 (4th Cir. 1977), superseded by statute on other grounds as stated in

*Carrasquilla v. Mazda Motor Corp.*, 166 F. Supp. 2d 181, 184 (M.D. Pa. 2001) (internal

quotations omitted and emphasis added) (reversing district court's granting of a default judgment

against defendant for failure to comply with Rule 37).

Controlling Fourth Circuit precedent requires a clear and explicit warning of default as a

discovery sanction before it can be imposed.  *See, e.g.*, *Hathcock v. Navistar Int'l Transp. Corp.*,

53 F.3d 36, 40 (4th Cir. 1995) ("[A] party is entitled to be made aware of the drastic

consequences of failing to meet the court's conditions at the time the conditions are imposed,

when he still has the opportunity to satisfy the conditions and avoid the sanction."); *Choice*

*Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 472-73 (4th Cir. 1993) (reversing dismissal of the

action with prejudice for failure to comply with the court's order finding that "Because the

district court's order did not specify explicitly and clearly that Choice's failure to move to reopen

its action within thirty days would result in prejudicial dismissal, we find that the dismissal of

Choice's first action was without prejudice."); *accord Lolatchy v. Arthur Murray, Inc.*, 816 F.2d

951, 954 n.2 (4th Cir. 1987).  The Fourth Circuit explained that "explicit and clear notice" is

"demanded both by fairness to the plaintiff and by the sound public policy of deciding cases on

their merits and poses no significant burden on district courts" and "[c]onsiderations of

constitutional due process also suggest that the district court's warning must be explicit and

clear."  *Choice Hotels*, 11 F.3d at 471 n. 2, 473 (citations omitted); *see also Malhotra v. KCI*

*Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007) (citing *Choice Hotels* as requiring an

"explicit and clear" warning before imposing the ultimate discovery sanction for violating the

court's discovery orders).

       According to the Fourth Circuit, where there is no prior violation of a court order and

there is a lack of warning, the drastic remedy of entering default is not appropriate:

> While the imposition of sanctions under Rule 37(b) lies within the trial court's
> discretion, "it is not . . . a discretion without bounds or limits." In the case of
> default, the "range of discretion is more narrow" than when a court imposes less
> severe sanctions. In particular, this court has emphasized the significance of
> warning a defendant about the possibility of default before entering such a harsh
> sanction. As we recently noted in a slightly different context, a party "is entitled
> to be made aware of the drastic consequences of failing to meet the court's
> conditions at the time the conditions are imposed, when he still has the
> opportunity to satisfy the conditions and avoid" the sanction.

*Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (internal citations

omitted).  In *Hathcock*, the Fourth Circuit reversed the entry of default judgment by the trial

court because lesser sanctions could have been imposed and no warning was given to the party

that default was being considered.  *Id.* at 41.  "Because the court had issued only general

scheduling orders in the case at bar, the lack of any advance notice is especially problematic."

*Id.* at 40.  Further, the Court found that the entry of default judgment was inappropriate because

the trial court had not issued any lesser sanctions as a preliminary deterrent and "the [trial] court

did not even issue a specific order to compel the discovery of materials to which Navistar objected." *Id.* at 41 (emphasis added).

Likewise, in the present case, GMAC did not violate any order compelling discovery (no prior motion to compel has been filed by Plaintiff) and no preliminary lesser sanctions have been imposed. Therefore any sanction under 37(b), including but not limited to striking GMAC's Answer and Affirmative Defenses, is not justified. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) (reversing the entry of default and distinguishing cases in which the non-disclosing party was explicitly warned that the non-compliance would result in default explaining "No such warning was given in this case; had there been, another case would be presented."); *Malhotra v. KCI Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007) (vacating dismissal of an action for Rule 37 discovery abuses and stating that the court must give the non-complying party an "explicit and clear" warning of the consequences of failing to satisfy the court's orders); *Jermar, Inc. v. L.M. Communs. II, Inc.*, No. 98-1279, 1999 U.S. App. LEXIS 12082, at *6-7 (4th Cir. June 11, 1999) (affirming the sanction of dismissal when the district court followed the Fourth Circuit requirements for imposing such harsh sanction "to the letter" because the district court had twice warned Jermar of the risk of dismissal and, as part of its third order, in May 1997, imposed the lesser sanction of requiring Jermar to reimburse LMC for its expenses); *Zornes v. Specialty Indus.*, No. 97-2337, 1998 U.S. App. LEXIS 31686, at *17-18 (4th Cir. Dec. 21, 1998) (affirming dismissal of an action for failure to comply with the court's discovery orders when the magistrate judge gave several clear warnings, verbally and in writing, that "further discovery abuse would result in the dismissal of their actions").[11]

---

[11]     The Eastern District of Virginia recently addressed this issue in *Montanile v. Botticelli*, 2009 U.S. Dist. LEXIS 65140 (E.D. Va. July 28, 2009). In *Montanile*, a much more extreme case with a "legion" of discovery abuses, the District Judge reversed the Magistrate's order

Although an adverse jury instruction does not officially end the party's case, it is also considered a "severe sanction." *See, e.g., R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13 (S.D.N.Y. 2010) (reversing the order of an adverse inference instruction finding that "instructing the jury that it 'may assume that [the spoliated jewelry exemplars] would have been unfavorable to Defendants,' would be devastating to defendants' case"); *Duval v. Law Office of Andreu, Palma & Andreu*, 09-22636-CIV, 2010 U.S. Dist. LEXIS 70617, at *10 (S.D. Fla. June 24, 2010) (finding that despite the party's repeated discovery violations, an imposition of a "draconian" sanction of an adverse jury instruction was not justified); *Baker v. GMC*, 86 F.3d 811, 817 (8th Cir. 1996), rev'd and rem'd on other grounds, 522 U.S. 222 (U.S. 1998) (reversing the district court's entry of an adverse inference instruction finding that such sanction was too severe because it essentially decided the matter for the jury and deprived a party from having a trial on the merits). Accordingly, courts refuse to order an adverse inference instruction absent a finding of bad faith. *See, e.g., Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1333 (S.D. Fla. 2010) (denying the party's request for an adverse jury instruction because the record did not contain evidence of bad faith on the part of the opposing party).

As discussed in great detail above, GMAC's conduct is not even remotely like the discovery abuses in case law imposing sanctions, much less the severe and draconian sanctions Plaintiff seeks. Not a single factor of the four-part test favors the issuance of sanctions under Rule 37(b). Here, the Court has not issued any prior discovery orders, Plaintiff has not filed any

---

dismissing plaintiff's claims despite plaintiff's "obdurate" refusal to comply with court orders because no clear warning about that sanction had been provided and a less harsh sanction was available. *Id.* at *10, 13, 15-16. In *Montanile*, the plaintiff had violated more than one of the Magistrate's discovery orders but the District Judge found it dismissal excessive as a "first sanction" and without clear warning in advance. *Id.* at *15-16 (citing *Hathcock*, 53 F.3d at 40; *Pandolfo v. Howard Perry & Watson Realty, Inc.*, 2007 U.S. Dist. LEXIS 45889 (E.D.N.C. June 25, 2007); *PVD Plast Mould Indus., Ltd. v. Polymer Group, Inc.*, 2001 U.S. Dist. LEXIS 23804 (D.S.C. Feb. 1, 2001)).

motion to compel additional information or documents, nor did GMAC violate any order compelling discovery.   Without a discovery order, and without sufficient facts or legal justification, the Court should not impose the "ultimate sanction" against GMAC, sanctions that courts uniformly reserve for the "last resort."   *Id.* at *15 (quoting 7 Moore's Federal Practice § 37.50 (2009) ("[C]ourts uniformly have held that orders dismissing the action or granting judgments on default as sanctions for violating discovery orders are generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders.")).   Therefore, Defendant requests that the Court deny Plaintiff's request for sanctions under Rule 37(b) and deny her request to strike GMAC's Answer and Affirmative Defenses.

WHEREFORE, Defendant GMAC Mortgage, LLC, by counsel, respectfully requests that the Court enter an Order: (1) denying Plaintiff's Motion for Rule 37(c)(1) Sanctions; and (2) granting it such further relief as the Court deems appropriate.

Dated:  June 29, 2011

Respectfully Submitted,

**GMAC MORTGAGE LLC**

By:     /s/ John C. Lynch
Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

      /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com