IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ALISHA W. WILKES,<br>　　　　　Plaintiff,<br>　　v.<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br>　　　　　Defendants. | )<br>)<br>)<br>)　Civil No. 1:10-cv-01160 (CMH-TRJ)<br>)<br>)<br>)<br>)<br>) |

## MS. WILKES' FIRST SET OF INTERROGATORIES TO DEFENDANT GMAC MORTGAGE, LLC

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia, the Plaintiff, Alisha W. Wilkes ("Ms. Wilkes" or "Plaintiff"), by counsel, propounds the following Interrogatories to the Defendant, GMAC MORTGAGE, LLC ("GMAC" or "Defendant"), to be answered under oath within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia:

### Definitions

As used in these Interrogatories, the words and terms set forth below are defined as follows:

　　A.　　**"Describe"**, **"specify"**, **"explain"** and/or **"state"** shall mean to set forth fully and unambiguously, using technical terms or words of art, if necessary, each and every fact relevant to the answer called for by the Interrogatory of which the Defendant or its agents, employees or representatives have knowledge.

　　B.　　**"Person"** shall mean any and all: natural persons; business associates; corporations; partnerships; limited partnerships; joint ventures; estates; trusts; banks savings associations;

Exhibit B

governmental agencies, departments, commissions, boards or committees.

  C. **"Agreement"** means any common understanding reached by two or more people or entities, whether written or oral, formal or informal.

  D. **"You"** or **"your"** means the party separately answering these Interrogatories, together with its wholly or partly owned subsidiaries, and its affiliates or parent companies, and each and every other legal entity within its direct or indirect control or in which it holds any equity or other interests, as well as its merged or acquired predecessors in interest (if any), its present and former officers, directors, employees, agents, representatives, and any other persons or corporations acting in a consulting or advisory capacity or acting or purporting to act on behalf of any of the foregoing. "**You**" includes your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. You may also be referenced herein simply as **"Defendant."**

  E. Whenever relevant, words in singular shall include the plural thereof. Whenever relevant, use of the words "his", "him" or "he" shall include her, hers, and she.

  F. **"Document(s)"** means any written, printed, typed or other graphic material of any kind or nature, and all mechanical, electronic or sound recordings in the Defendant's possession or control, or known by it to exist. It shall also mean all drafts or non-identical copies of documents by whatever means made. **"Document(s)"** shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance

sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term **"documents"** shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each **"document"** responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

G.    **"Communicate"** or **"communication"** means every manner or means of disclosure or transfer or exchange of information of any kind whether oral or by document or whether face-

to-face, by telephone, mail, personal or any other means of delivery.

      H.    (i) **"Identify"** or **"identity"** when used with respect to a natural person means to state his full name, present or last known address, present or last known position or business affiliation, all positions or business affiliations during the time period of these Interrogatories, and a general description of the business in which he is or was engaged in each such position.

      (ii) **"Identify"** or **"Identity"** when used with respect to any other entity means to state its full name, the address of its principal place of business and the name of its officers.

      (iii) **"Identify"** or **"Identity"** when used with respect to a document means to state the name and title of the document, the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date, the person who wrote it, the person who signed it, the person to whom it was addressed, the person to whom it was sent, its present location, and its present custodian. If any such document was, but is no longer in the Defendant's possession or subject to its control, state what disposition was made of it and explain the circumstances surrounding, and the authorization for, such disposition, and state the date or approximate date thereof. Documents prepared prior to the period covered by these Interrogatories but which relate or refer thereto are to be included.

      (iv) **"Identify"** or **"identity"** when used with respect to any non-written communication means to state the identity of the natural person making and receiving the communication, their respective principals or employers at the time of the communication, the date, manner and place of the communication, and the substance of the communication.

      (v) **"Identify"** or **"identity"** when used with respect to a meeting means to state the nature of the meeting (formal gathering, conversation, telephone call, etc.) to identify all persons participating, to provide the date, duration, location(s) and to state the substance of the discussion.

I.  The words, "and" and "or" shall each include "and/or".

J.  The word **"file"**, unless otherwise noted, means the account which you have associated with the Plaintiff and all records or documents related to such account.

K.  The word **"complaint"**, unless otherwise noted, means the original and any amended complaint served by the Plaintiff in this action.

L.  The word **"Plaintiff"** means Alisha W. Wilkes.

M.  The words **"personal identifiers"** means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

N.  **"Audit Trail"** means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the consumer report or profile as maintained in recorded form, in the broadest sense, by "you."  The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.  The term **"audit trail"** also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

O.  **"Data"** means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

P.  **"Data field"** means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information.  **"Data field"** includes all types of data whether maintained in integer, real, character or boolean format.

Q.  **"Database"** or **"databank"** means any grouping or collection of data field(s)

maintained, in any format or order, in any permanent or temporary recorded form.

R. **"Hardware"** means the physical components of a computer or any device capable of maintaining recorded data.

S. **"Software"** means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

T. **"Computer"** means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term **"computer"** includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

U. **"Format"** means the general makeup or general plan of organization or arrangement of data.

V. **"The Credit Reporting Agencies"** means the Defendants Trans Union, LLC., Experian Information Solutions, Inc. and the companies, entities, institutions, agencies, subsidiary(ies), parent corporation(s), predecessors, and/or any of their branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.

W. **"Prince William County litigation"** means *Alisha W. Wilkes v. First Class Settlement, LLC et al.,* Prince William County Circuit Court, Civil Action # CL-85687.

Instructions

      A.      The information requested is for all information known to the Defendant, its officers, directors, employees, and personnel available at the time of answering, including information in the possession of its agents.

      B.      To the extent any information called for by these Interrogatories is unknown, so state, and set forth such remaining information as is known.  If any estimate or general description can reasonably be made in place of unknown information, set forth the best estimate or general description, clearly designating the answer as such, in place of unknown information and the basis upon which the estimate or general description is made.

      C.      To the extent any Interrogatory is objected to, set forth all reasons therefore.  If any claim of privilege is asserted as a ground for not answering any Interrogatory, whether in whole or in part, describe the factual basis for such claim in sufficient detail so as to permit the court to adjudicate the validity of the claim.

      D.      These Interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial.  Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

Interrogatories

1. Identify and describe each and every occasion on which any of your employees or agents has communicated or met with any employee or agent of Equifax, Experian or Trans Union regarding the allegations, facts, positions, findings, holdings, verdict, decisions or opinions which were presented, made, asserted, rendered or written by Linda Slater (Linda Johnson), MBNA or the District Court or Court of Appeals in the case Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02CV523.  For each such occasion, provide a complete account and description of the content and subject of such communication, and identify the name(s) and employer(s) of all persons involved, the means or manner of such communication, all persons with knowledge of such communication, and all documents which regard such communication.

**ANSWER:**

2. Since January 1, 2006, did you provide or verify any information related or attributed to the Plaintiff to any consumer reporting agency?  If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**ANSWER:**

3. Did you ever receive any written or non-written communication from the plaintiff? If so, specifically list and identify each such communication.  For non-written communication, state the content of each such communication.  For written communications, in your answer to this Interrogatory, identify the document and the date of receipt for each document so identified.

**ANSWER:**

4. Did you ever receive any written or non-written communication from any other person pertaining to the plaintiff? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication. For written communications, identify the document and the date of receipt for each document so identified.

**ANSWER:**

5. With regard to any Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] or other notice of dispute received from any credit reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

    a. identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

    b. identify the date of the investigation and all written and non-written communications pertaining to the investigation;

    c. describe all procedures you used in conducting the investigation; and

    d. identify all steps you took with respect to the Plaintiff's file following the investigation.

**ANSWER:**

6. To the extent not described in your response to Interrogatory No. 5, did you ever conduct any other investigations or reinvestigations of information placed in the Plaintiff's credit file, including, but not limited to, the time period after the verdict was rendered in the Prince William County litigation? If so, for each such investigation or reinvestigation:

    a. identify all persons who conducted or participated in any such investigation or reinvestigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

    b. identify the date of all such investigation or reinvestigation and all written and non-written communications pertaining to any such investigation or reinvestigation;

    c. describe the reason for any such investigation or reinvestigation;

    d. describe all procedures you use in conducting any such investigation or reinvestigation; and

    e. identify all steps you took with respect to the plaintiff's file following any such investigation or reinvestigation.

**ANSWER:**

7. Please explain and describe when, how, and under what circumstances you archive, retain, or capture account data in any file bearing any of Plaintiff's personal identifiers. List the archived data files and reports wherein any personal information about the Plaintiff or attributed to any of the Plaintiff's personal identifiers, including the date such data was captured, retained and/or archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy[ies] regarding those reports. This request includes your normal data file retention processes.

**ANSWER:**

11

8. Separately state and describe each and every change which you have instituted or made to your procedures and policies for investigation of consumer disputes before and following the date you first learned about the decision of the Fourth Circuit in Linda Slater (Linda Johnson) v. MBNA, Eastern District of Virginia, Civ. No. 3:02cv523, regarding the duties of furnishers of credit information. For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**ANSWER:**

9. Please explain and describe each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency which regarded the Plaintiff or any of her personal identifiers. For each such CDV, ACDV, or other dispute communication, please identify the agency, state the date the item was received and the date you issued any response, explain and describe the dispute conveyed, state what documents or computer files you consulted or reviewed in conducting the investigation, and fully explain and describe the response[s] you provided to any agencies on each such occasion.

**ANSWER:**

10. Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in the Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please

identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred.

**ANSWER:**

11. Identify all documents prepared by or on behalf of you used in connection with the training, instruction, supervision, or evaluation of any of your employees or of any third party paid by you who is identified in your responses to these Interrogatories.

**ANSWER:**

12. State your net worth, gross revenue, and net revenue for fiscal and/or calendar years 2008, 2009, and 2010 and identify any annual report issued for either the fiscal or calendar years 2008, 2009, and 2010.

**ANSWER:**

13. Please list, explain, and describe each and every code contained in each reinvestigation record and file and retained computer record and screen/file you generated and accessed regarding the Plaintiff or any account attributed to the Plaintiff. For each such code, please also explain and describe, in detail, the purpose of such code, the content of such action, the duration of such action, and the reason you permitted such action or entry.

**ANSWER:**

14. State the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint. For each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial. If you contend as one of your defenses that, as of the date of each ACDV received by you, the Plaintiff owed a balance on or was otherwise legally responsible for the GMAC account that you have asserted she is responsible for, including, but limited to the GMAC account beginning in

"477177," state every single reason and fact and identify every single document which supports your contention.

    **ANSWER:**

15. Identify each meeting, training program, document, or other communication since January 1, 2001 which you have regarding the establishment, maintenance, implementation, improvement, or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2, and identify any person(s) with knowledge of same and any document(s) regarding same.

    **ANSWER:**

16. Please explain and describe each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency which pertained to the Plaintiff or any of her personal identifiers. For each such UDF, AUDF, or other reporting correction communication, please identify the agency[ies], state the date you issued the communication, explain and describe the correction requested by you and fully explain and describe the basis for such request.

    **ANSWER:**

17. Describe in full detail every action you took in "investigating" the disputes made by the Plaintiff as alleged in the Complaint and explain and describe your reinvestigation procedures and policies regarding the contested credit reporting that you made to the credit reporting agencies.

    **ANSWER:**

18. Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2. Include the style of the case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the Plaintiff's attorney, the identities of any

of your co-defendants, the date the case was filed, and the disposition in the case. If it was settled, state the terms of settlement.

**ANSWER:**

19. Describe, state, and identify every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your reinvestigation procedures. Identify all documents which regard such system(s).

**ANSWER:**

20. If you contend that the Plaintiff has ever been personally liable to you for a balance on any account(s), note(s), or other debt(s), for each such account, state the date the Plaintiff became personally liable, the account number, a complete history of all payments received, the balance of the account when the Plaintiff became personally liable, the date of any payment which was late after the date of such personal liability, and the legal reason(s) and all facts upon which you rely in concluding that the Plaintiff was personally liable for any outstanding balance and identify all documents which support this conclusion and allegation.

**ANSWER:**

21. State the job titles and the number of years that all employees involved with the Plaintiff's disputes have been employed by you, describe all training that you have provided to them regarding the investigation of consumer disputes and identify all manuals, documents, videotapes, or other materials which were provided to them in conjunction with said training.

**ANSWER:**

22. State the name, function, lifecycle history, capacity, and content of any systems as they relate to information stored regarding the Plaintiff or any of her identifiers or as they were used in the course of any investigation regarding the disputed account(s).

**ANSWER:**


ALISHA W. WILKES

By: _____
                                    Counsel

John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

## Certificate of Service

I certify that on the March 23, 2011 the foregoing was e-mailed to:

Leonard Anthony Bennett, VSB #37523
Consumer Litigation Assoc PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net
Counsel for Ms. Wilkes

David Neal Anthony, Esq., VSB #31696
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
Richmond, VA 23218-1122
804-697-5410
Fax: 804-698-5118
Email: david.anthony@troutmansanders.com
Experian Information Solutions, Inc.

Jason Hamlin, Esq., VSB #46931
Glasser & Glasser PLC
580 E Main St., Suite 600
Norfolk, VA 23510
(757) 625-6787
Fax: (757) 625-5959
Email: jhamlin@glasserlaw.com
Nationstar Mortgage, LLC

Brian Nelson Casey, Esq., VSB #26710
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com
America Funding, Inc.

Matthew James Erausquin, VSB #65434
Consumer Litigation Associates PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
Counsel for Ms. Wilkes

Turkessa Bynum Rollins, Esq., VSB #47346
Fullerton & Knowles PC
12644 Chapel Rd
Suite 206
Clifton, VA 20124
(703) 818-2600
Fax: (703) 818-2602
Email: trollins@fullertonlaw.com
Western Sierra Acceptance Corp.

Grant E. Kronenberg, Esq., VSB #65647
Morris & Morris PC
700 East Main Street, Suite 1100
Richmond, VA 23218
804-344-6334
Fax: 804-344-8359
Email: gkronenberg@morrismorris.com
Trans Union, LLC

John C. Lynch, Esq., VSB #39267
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
GMAC Mortgage, LLC

_____
John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com