ETHAN G. OSTROFF
757.687.7541 telephone
757.687.1541 facsimile
ethan.ostroff@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
757.687.7500 telephone
troutmansanders.com

May 16, 2011

**VIA E-MAIL AND US MAIL**

John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

    Re:    **Alisha Wilkes v. GMAC Mortgage, LLC et al**
           **Case No.: 1:10-cv-1160**

Dear Mr. Bazaz:

    Enclosed please find Defendant GMAC Mortgage, LLC's ("GMAC") Third Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests. An endorsed verification page will be forthcoming.

    Under the terms of the Court's Rule 16(B) Scheduling Order, we are also producing documents that have been designated as "confidential" under paragraph 1(e) of the Court's Rule 16(B) Scheduling Order. (Docket No. 41.) These documents are Bates labeled GMAC/AW 905-1163 and 1934-2448. We previously produced documents Bates labeled GMAC/AW 1772-1920, which were also designated "confidential" under paragraph 1(e) of the Court's Rule 16(B) Scheduling Order.

    Enclosed for your reference is a copy of the Court's Rule 16(B) Scheduling Order, which provides in paragraph 1(e) that "No material designated "confidential" by any party shall be disclosed to anyone except counsel and their staffs until further order of the court. (No such material shall be filed with the court except in compliance with paragraph 2 below.)" As such, we expect these documents to be treated in accordance with this Order of the Court and that they will not be disclosed to anyone other than Plaintiff's counsel and their staffs unless the Court orders otherwise.

    We went to great lengths in attempt to fashion an agreement on a protective order to cover the documents that are enclosed and designated "confidential." We believe the terms of the proposed protective order that we provided to you are more than reasonable, and indeed would have required GMAC to file a motion to seal should it be informed by Plaintiff of her desire to use these documents in a filing with the Court. We still remain willing to discuss this

ATLANTA   CHICAGO   HONG KONG   LONDON   NEW YORK   NEWARK   NORFOLK   ORANGE COUNTY   PORTLAND
RALEIGH   RICHMOND   SAN DIEGO   SHANGHAI   TYSONS CORNER   VIRGINIA BEACH   WASHINGTON, DC

Exhibit I

**TROUTMAN SANDERS**

John C. Bazaz, Esq.
May 16, 2011
Page 2

issue and work with you in good faith to resolve this discovery issue in good faith without the necessity of the Court's intervention.

Please do not hesitate to contact me with any questions.

Very truly yours,

Ethan G. Ostroff

Enclosures

cc: Matthew Erausquin, Esq.
Leonard Bennett, Esq.
Brian Casey, Esq.

418082v1