IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES,                    )<br>                        Plaintiff,    )<br>             v.                        )<br>                                       )<br>EXPERIAN INFORMATION                   )<br>SOLUTIONS, INC., et al.,               )<br>                        Defendants.   )<br> | Civil No. 1:10-cv-01160 (CMH-TRJ) |

## NOTICE OF 30(b)(6) DEPOSITION

TAKE NOTICE that on the 1st day of June 2011, at 10:00 a.m., and continuing until completed, in the law offices of Troutman Sanders located at 1660 International Drive Suite 600, McLean, VA 22102, Plaintiff, through her attorney, before a duly authorized Notary Public, will proceed to take the video deposition of the corporate designee of the Defendant, GMAC MORTGAGE, LLC., ("GMAC") pursuant to Fed. R. Civ. P. 30(b)(6), the Plaintiff identifies the following topics on which examination will take place:

1.      The history and corporate structure of Defendant and its parents.

2.      The relationship between GMAC Mortgage, LLC and GMAC Mortgage Corporation (or Corp.).

3.      The styles, number, allegations and outcome of consumer lawsuits filed against GMAC by other consumers during the last five years in which the consumer alleged that GMAC violated 15 U.S.C. § 1681s-2(b).

4.      The manner in which GMAC informed itself of its obligations to comply with 15 U.S.C. § 1681s-2(b).

5.      GMAC's knowledge and understanding of its obligations under 15 U.S.C. § 1681s-2(b) and how it obtained such understanding.

6.  .    GMAC's knowledge and understanding of the Fourth Circuit's explanation of a furnisher's duties under 15 U.S.C. § 1681s-2(b) under the *Johnson v. MBNA* and *Saunders v. BB & T* decisions and how it obtained such understanding.

Exhibit K

7.      All actions, steps, procedures and systems that GMAC claims existed at Defendant's company to ensure that it fully understood and also complied with its duties under 15 U.S.C. § 1681s-2(b) in 2010.

8.      GMAC's knowledge of the requirements of the FCRA as of 2010.

9.      GMAC's knowledge of the reporting requirements for the CDIA's Metro II format.

10.     The identity, job description, immediate supervisor and last known contact information of each employee at GMAC who as part of their job responsibility has reviewed the text of 15 USC §1681s-2(b).

11.     The content of all email provided to employees of ACDV department or outsource vendors in 2009 and 2010 regarding how to conduct ACDV investigations, how the employee would be compensated, quality control or other reviews, or how the employee would be evaluated.

12.     The steps GMAC took after its registered agent was personally served with Plaintiff's verified complaint in the lawsuit styled *Alisha W. Wilkes v. First Class Settlement, LLC et al.*, Prince William County Circuit Court, Civil Action # CL-85687 ("State Court Action").

13.     The names and addresses of employees at GMAC who were responsible for monitoring, reviewing and making decisions concerning the State Court Action.

14.     GMAC's knowledge of the State Court Action and its outcome and disposition order.

15.     All facts regarding the history of the disputed GMAC mortgage account, all contacts with any person and regarding the account, and all documents regarding the account.

16.     The credit reporting of the Plaintiff's account that GMAC forwarded to the Credit Reporting Agencies since October 2008.

17.     The full process, procedure and details of any audits made of the work of GMAC's employees who processed the ACDV disputes in this case.

18.     GMAC'S actual knowledge of each communication to which it was a party regarding the Plaintiff, the Plaintiff's credit reporting disputes and or the GMAC mortgage account that is the subject of this litigation.

19.     All communications GMAC has had regarding the events and/or subject of this lawsuit, or any prior lawsuit with any of its employees or its outsource vendor who were responsible for conducting ACDV investigations.

20.     The method manner and terms of compensation for each GMAC employee or ex-employee who did participate in the investigation of the Plaintiff's credit reporting disputes.

21.   The meaning, content and or decoding of the GMAC's records regarding the Plaintiff or the GMAC mortgage account at issue in this case, including but not limited to: ACDVs; any account database screens; and GMAC's archived investigation records.

22.   GMAC's policies and or procedures for conducting investigations of consumer credit report disputes received through the consumer reporting agencies, including all details as to who conducts such disputes, the guidelines by which such disputes would be completed, all documents and records or other information considered in such investigation.

23.   GMAC's best estimate of the expense and cost of each ACDV investigation to it for each ACDV dispute received regarding the Plaintiff.

24.   The manner, dates, persons providing and content of all training provided to any of the GMAC employees who performed any work regarding the Plaintiff's disputes.

25.   Everything that was done regarding the Plaintiff's disputes made pursuant to 15 U.S.C. §§1681i and 1681s-2(b), including all dates of communications or actions, all documents considered, all persons involved, the locations of all such actions, all steps taken to investigate or verify the subject accounts and all audits or reviews by or for GMAC of these actions or events.

26.   GMAC's knowledge regarding the impact of a tradeline with a CCC filed value of XB on a consumer's credit score.

27.   The substance of Defendant's e-Oscar scorecard for 2010.

28.   The process and procedure GMAC claims it would have followed if an ID Theft affidavit had been provided in this case and all proof that it asserts exists to support that claim.

29.   All evidence, documents and proof evaluated or considered by GMAC in its decision to verify the account as accurately reported in response to the Plaintiff's credit reporting disputes.

30.   What FCRA or other remedy does GMAC believe would exist for Plaintiff if she had provided an ID Theft Affidavit and GMAC still refused to correct its credit reporting?

31.   What FCRA or other remedy does GMAC believe would exist for Plaintiff if GMAC received the Plaintiff's credit reporting disputes from the credit reporting agencies and then GMAC did not conduct a reasonable investigation of the dispute?

32.   The factual explanation and details as to why GMAC claims that an ID Theft Affidavit would have received a different reaction at GMAC than the Plaintiff's sworn testimony and the disposition and final order in the State Court Action.

33.   All information in the Plaintiff's credit report that GMAC now admits was inaccurate.

3

34.   All information that GMAC sent to the national credit reporting agencies that it now admits was inaccurate.

35.   The names and addresses of the person(s) at GMAC who were responsible for creating and drafting the ACDV dispute procedures followed by GMAC in this case.

36.   The full background and process by which GMAC created and drafted the ACDV dispute procedures followed by GMAC in this case.

ALISHA W. WILKES

By: _____
                    Counsel

John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

4

Certificate of Service

I certify that on the May 24, 2011 the foregoing was e-mailed to:

Leonard Anthony Bennett, VSB #37523
Consumer Litigation Assoc PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net
Counsel for Ms. Wilkes

Matthew James Erausquin, VSB #65434
Consumer Litigation Associates PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
Counsel for Ms. Wilkes

John C. Lynch, Esq., VSB #39267
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
GMAC Mortgage, LLC

Brian Nelson Casey, Esq., VSB #26710
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com
America Funding, Inc.

John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com