AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Alisha W. Wilkes<br>*Plaintiff*<br>v.<br>Experian Information Solutions, Inc., et al<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:10cv01160(CMH-TRJ)<br>)<br>)  (If the action is pending in another district, state where:<br>)  Eastern District of Virginia  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Oscar Marquis, c/o Troutman Sanders, LLP
55 West Monroe Street, Suite 3000, Chicago, IL 60603-5758

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents requested on the attached Exhibit "A"
  *COPIES MAY BE PRODUCED IN LIEU OF ORIGINALS TO: Leonard A. Bennett, Esq., Consumer Litigation Associates, P.C., 12515 Warwick Blvd., Suite 100, Newport News, VA 23606

| Place: Tara L. Goodwin, Edelman, Combs & Latturner and Goodwin, LLC, 120 S. LaSalle St., Suite 1800, Chicago, IL 60603 | Date and Time:<br>06/14/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 6/7/2011

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ Plaintiff _____
Consumer Litigation Associates, PC _____, who issues or requests this subpoena, are:
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
(757) 930-3660

Exhibit U

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:10cv01160(CMH-TRJ)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS

ALISHA W. WILKES,

          Plaintiff

v.                                    CIVIL NO. 1:10cv1160
                                    *(presently pending in the USDC*
                                    *Eastern District of Virginia,*
                                    *Alexandria Division)*

EXPERIAN INFORMATION SOLUTIONS, INC.,
                         et al.
          Defendants.

## Exhibit "A"

Please produce the following documents:

1.     All documents communicated or provided to you or any of your employees or agents by GMAC Mortgage, LLC ("GMAC") (or GMAC Mortgage Corporation) or any of its attorneys, from January 1, 2006 to the present.

2.     All documents communicated or provided from you or any of your employees or agents to GMAC or any of its attorneys from January 1, 2006 to the present.

3.     Copies of all publications you claim to have drafted or accomplished.

4.     Copies of all drafts of your reports and any other work papers created by you for the present case.

5.     Copies of any checks, bills, or other documents exchanged between you and GMAC or its counsel regarding payment to you for services in this case.

6.     Your billing and time records in the present case.

7.     Your contract with GMAC in the present case.

8.     Copies of any and all communications, including electronic communications with regard to the present case with GMAC or its counsel.

9. Copies of all documents you reviewed or used to prepare your report in this case.

10. All correspondence and any other documents you have previously ever reviewed, received, drafted or provided to any person regarding:

    a. Compliance requirements for 15 USC §1681s-2(b) of the FCRA.

    b. Industry practices for compliance with 15 USC §1681s-2(b) of the FCRA.

11. All billing records for you (including in your present or previous law firm positions) generated since January 1, 2006 for any mortgage company or other "data furnisher" governed by 15 USC §1681s-2.

12. All letters, memos or other documents you have provided to any mortgage company or other "data furnisher" governed by 15 USC §1681s-2 since January 1, 2004 in your capacity as their attorney, which explains your actual opinion of that client's FCRA obligation under 15 USC §1681s-2(b) of the FCRA.

ALISHA W. WILKES,

By: _____
        Counsel

LEONARD A. BENNETT, ESQ.
VSB #37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
lenbennett@clalegal.com

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road
Suite 1100
Fairfax, VA 22033
Telephone: (703) 272-8455
Facsimile: (703) 596-4555
jbazaz@bazazlaw.com

*Counsel for Plaintiff*

## MAILING CERTIFICATE

I hereby certify that on this 7th day of June, 2011, a true and correct copy of the foregoing pleading was mailed postage prepaid, to:

John C. Lynch
Elizabeth Spain Flowers
Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462

*Counsel for GMAC Mortgage, LLC.*

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490

*Counsel for America Funding, Inc.*

_____
Leonard A. Bennett, Esq.