IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|   |   |
|---|---|
| ALISHA W. WILKES,<br>　　　　　　　Plaintiff,<br>　　v.<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br>　　　　　　　Defendants. | Civ. No. 1:10-cv-01160 (CMH-TRJ) |

**MS WILKES' SUPPLEMENTED 26(a)(1) DISCLOSURES**

The Plaintiff, ALISHA W. WILKES ("Ms. Wilkes" or "Plaintiff"), by counsel, pursuant to

Fed. R. Civ. P. 26(a)(1), makes the following supplemented disclosures:

**I. Individuals likely to have discoverable information**

　　Ms. Wilkes
　　c/o John C. Bazaz, Esq.
　　Surovell Isaacs Petersen & Levy PLC
　　4010 University Drive, Suite 200
　　Fairfax, VA 22030

　　　　　*All facts.*

　　Employees of Experian Information Solutions, Inc.
　　c/o David Neal Anthony
　　Troutman Sanders LLP
　　Troutman Sanders Bldg
　　1001 Haxall Point
　　Richmond, VA 23218-1122

　　　　　*All facts regarding the subject matter of the Complaint.*

　　Employees of Trans Union, LLC.
　　c/o Grant Edward Kronenberg
　　Morris & Morris PC
　　700 East Main Street, Suite 1100
　　Richmond, VA 23218

　　　　　*All facts regarding the subject matter of the Complaint.*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Exhibit W

Employees of GMAC Mortgage, LLC.
c/o John C. Lynch
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462

*All facts regarding the subject matter of the Complaint.*

Employees of Western Sierra Acceptance Corp.
c/o Turkessa Bynum Rollins
Fullerton & Knowles PC
12644 Chapel Rd., Suite 206
Clifton, VA 20124

*All facts regarding the subject matter of the Complaint.*

Employees of National Future Mortgage, Inc.
c/o National Registered Agents, Inc.
201 N. Union Street, Suite 140
Alexandria, VA 22314

*All facts regarding the subject matter of the Complaint.*

Employees of America Funding, Inc.
c/o Brian Nelson Casey
Taylor & Walker PC
555 Main St
Norfolk, VA 23514-3490

*All facts regarding the subject matter of the Complaint.*

Employees of Nationstar Mortgage, LLC.
c/o Jason Hamlin
Glasser & Glasser PLC
580 E Main St., Suite 600
Norfolk, VA 23510

*All facts regarding the subject matter of the Complaint.*

Employees of Precision Funding Group, LLC.
226 Haddonfield Rd., Suite 100
Cherry Hill, NJ 08002

*All facts regarding the application for credit by Ms. Wilkes.*

Employees of Quicken Loans, Inc.
20555 Victor Parkway
Livonia, MI 48152

> *All facts regarding the application for credit by Ms. Wilkes.*

Employees of TransUnion Interactive, Inc. d/b/a TrueCredit.
100 Cross Street, Suite 202
San Luis Obispo, CA 93401

> *All facts regarding the tri-merge credit report generated for Ms. Wilkes.*

Employees of Universal Credit Services, Inc.
201 Marple Ave
Clifton Heights, PA 19018

> *All facts regarding the credit report and/or credit score received from Experian, Equifax, and TransUnion with regard to Ms. Wilkes.*

Employees of CoreLogic, Inc. d/b/a First American CREDCO.
4 First American Way
Santa Ana, CA 92707

> *All facts regarding the credit report and/or credit score received from Experian, Equifax, and TransUnion with regard to Ms. Wilkes.*

Debra Wilson

Keyser, WV, 26726

> *All facts regarding the Plaintiff's mental and emotional health.*

Natalie Lint

Gainesville, VA 20155-4426

> *All facts regarding the Plaintiff's mental and emotional health.*

Unknown persons as may be revealed in discovery.

All witnesses identified by the Defendants.

## II.  Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the

3

following documents in her possession and control:

>Documents concerning the Plaintiff's claims against Experian Information Solutions, Inc.

>Documents concerning the Plaintiff's claims against Trans Union, LLC.

>Documents concerning the Plaintiff's claims against GMAC Mortgage, LLC.

>Documents concerning the Plaintiff's claims against Western Sierra Acceptance Corp.

>Documents concerning the Plaintiff's claims against National Future Mortgage, Inc.

>Documents concerning the Plaintiff's claims against America Funding, Inc.

>Documents concerning the Plaintiff's claims against Nationstar Mortgage, LLC.

>**SUPPLEMENTED DISCLOSURE:**

>Documents concerning the state court action styled *Alisha W. Wilkes v. First Class Settlement, LLC et al.,* Prince William County Circuit Court, Civil Action # CL-85687.

>Documents produced by Plaintiff for the deposition of Oscar Marquis.

### III. Computation of Damages

#### Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

#### Categories and types of Actual Damages

>i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

>ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

>iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

>iv. Plaintiff has suffered general economic damages in the form of lost credit

    capacity and decreased credit scores.

 v. Plaintiff has suffered general damages in the form of damage to reputation.

 vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

 vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in their credit reports.

 viii. The damage to Plaintiff's credit score may also have impacted the interest rates she has on current loans, credit she has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

 ix. Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

 x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

 xi. Plaintiff has also suffered embarrassment from having to explain themselves to potential creditors as well.  Plaintiff suffer anxiety when considering seeking additional credit because they believe, justifiably, that they will be forced to once again subject themselves to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about them.

### **Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

  *Adams v Phillips,* 2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

  *Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

  *Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on

5

offer of judgment $95,000 for claimed damages of emotional distress and mortgage denial under 15 U.S.C. 1681e(b), defended by Jones Day).

*Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages).

*Boris v. Choicepoint Servs., Inc.*, WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency. $250,000 punitive damage award sustained.);

*Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

*Collins v. Retail Credit Co.*, 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life"; $50,000 in punitive damages and $21,000 in attorney's fees).

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

*Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages; 4.5 million punitive vacated by appellate court.)

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s-2(b) trial and appeal by Len Bennett, appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) ($4,000 even though erroneous credit report was corrected one week after

publication; verdict was sustainable as humiliation, emotional distress, or injury to reputation or credit rating.);

*Kirkpatrick v. Equifax*, (Oregon 2004) ($275,000 actual damages for identity theft reinvestigation claim)

*McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded 1.85 million to theft of identity victim against no credit bureaus.)

*Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for credit damage, $20,224 in attorney's fees);

*Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

*Morris v. Credit Bureau*, 563 F. Supp. 962 (S.D. Ohio 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation, his work, his family, his sense of well-being);

*Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

*Northrop v. Hoffman of Simsbury, Inc.*, 6 Conn. Ops. 447 (Apr. 24, 2000) (jury verdict of $100,000 in compensatory damages and $500,000 in punitives remitted by Chief Judge Covello to $125,000 for punitives, no compensatory).

*Phillips v. David McDermott Chevrolet, Inc.*, 1992 WL 67374 (Conn. Super. 1992)($5,000 for credit rating damage);

*Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

*Robinson v. Equifax*, Case No. 06-cv-1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim).

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and $80,000 in punitive damages).

*Sloan v. Equifax, (E.D. Va. 2005)*($350,000 actual damages for identity theft reinvestigation claim)

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages).

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and

>embarrassment damages, plus $20,700 in attorney's fees);

>*Thomas v. Trans Union*, (D. Or. 2002) tried in Oregon. In 2002, the jury awarded $5 million punitive, $300,000 actual damage for emotional distress. Judge remitted the punitive to $1million with $100,000 fees.

>*Thompson v. Equifax*, (Ala. 2002) (jury award $80,000)

>*Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses).

>*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

>*Wenger v. Trans Union* (Cal. jury award of actual damages of $200,000).

>*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

>*Zotta v. Nations Credit*, Case No: 4:02-CV-1650 (E.D. MO 2004)(Jury verdict against furnisher under 15 U.S.C. ' 1681s-2b for $87,000 on claims for emotional distress associated with negligent noncompliance with 15 U.S.C. §1681s-2(b)).

c. **Specific examples of credit denials/ adverse actions**

Ms. Wilkes experienced specific and known damage to her credit that has been manifested in her credit reports including decreased credit scores as a result of the inaccurate information contained in her credit files.

Ms. Wilkes suffered extreme emotional distress when she reviewed her credit file and discovered multiple unauthorized pulls and the derogatory GMAC account.

It is Ms. Wilkes' understanding, as summarized through her counsel, that each of the credit reports utilized contained the inaccurate derogatory accounts and inaccurate information at issue in this case.

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e. **Case Law Supporting Punitive Damages.**

8

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Boris v. Choicepoint Servs., Inc.*, WL 1255891 (W.D. Ky. Mar. 14, 2003) ($250,000 in punitive damages award was appropriate under FCRA);

*Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and 900,000.00 in punitive damages);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld);

*Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

*Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

*Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and $80,000 in punitive damages).

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages).

S*tevenson v. TRW, Inc.*, 978 F.2d 288 (5th Cir. 1993) ($30,000 mental anguish and embarrassment, $20,700 fees; appellate court remitted $100,000 punitives);

*Thomas v. Trans Union*, (D. Or. 2002) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages).

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

*Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000; fees and costs over $33,000 in case involving impermissible access of consumer reports under false pretenses);

Plaintiff reserves the right to further supplement these disclosures.

ALISHA W. WILKES

_____/s/_____
John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

Certificate of Service

I certify that on the June 9, 2011 a copy of the foregoing was emailed to:

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net
Counsel for Ms. Wilkes

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
Counsel for Ms. Wilkes

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com
America Funding, Inc.

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
GMAC Mortgage, LLC

_____/s/_____
John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com