UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Alisha W. Wilkes,<br>                       Plaintiff,<br><br>   - against -<br><br>Experian Information Solutions, Inc., Trans Union, LLC., GMAC Mortgage, LLC., Western Sierra Acceptance Corp., DCFS USA, LLC., Credit Infonet, Inc., Credit One Bank N.A., FAMS/One Technologies, National Future Mortgage, Inc., America Funding, Inc., Nationstar Mortgage, LLC.,<br><br>                       Defendants. | Civil No. 1:10-cv-01160-TRJ |

**Plaintiffs' Memorandum in Opposition to (Docket No. 91) Motion to Strike Motion for Sanctions Pursuant to Rule 37(c)(1) and to (Docket No. 97) Motion to Strike Supplemental Motion for Sanctions**

COMES NOW the Plaintiff, Alisha Wilkes, by counsel, and for her opposition to (Docket No. 91) Motion to Strike Motion for Sanctions Pursuant to Rule 37(c)(1) and to (Docket No. 97) Motion to Strike Supplemental Motion for Sanctions, she states as follows:

**ARGUMENT**

The argument presented in Defendant's "Motions" in opposition to Plaintiff's Motion for Rule 37(c)(1) Sanction, and her Supplemental Motion, should properly be made as part of GMAC's response brief (Docket No. 107) rather than in the posture of a motion to strike. Plaintiff will file her reply to that opposition.

However, the germane position now asserted by Defendant – that Plaintiff is barred from seeking relief under Rule 37(c)(1) because such a motion for such relief should have been filed for hearing on or before June 10, 2011 – is simply wrong. It suggests a procedural logic that would render Rule 37(c)(1) meaningless and toothless. And that GMAC prosecutes this motion

more than anything proves its motives and objectives in attempted delay at nearly every stage of this case.

As argued in Plaintiff's opening memorandum, Rule 37(c)(1) imposes a bar on the use at trial of evidence that is not properly and timely disclosed or revealed to the other side. The theoretical possibility that a party may later attempt to use such evidence is insufficient to trigger a right and need for remedy under Rule 37(c)(1). Further,

> The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure, as authorized by Rule 37(a)(3)(A) in order to compel a further disclosure, as a predicate for imposition of the sanction of exclusion. It resembles the sanction authorized by Rule 37(b)(2)(A)(ii), prohibiting use of certain matters as evidence.

FPP § 2289.1, 8B Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.). Such a motion is not as a conventional Motion to Compel, but instead is an automatic bar on later attempted use of evidence not fairly disclosed.

Plaintiff could not have filed a Rule 37(c)(1) motion until and unless GMAC attempted to use the challenged witnesses and exhibits at trial. This issue was the primary basis for Plaintiff's opposition to GMAC's attempt to push off the Parties' Rule 26(a)(3) pre-trial disclosures. *See* Plaintiff's Memorandum in Opposition to Defendant GMAC Mortgage, LLC's Motion to Clarify Court's Rulings During the Telephonic Hearing on June 1, 2011, or Alternatively for an Extension of Pretrial Disclosure Deadlines (Docket No. 70), p.2 ("Among these is that counsel anticipates multiple substantial Motions in Limine that will need to be litigated prior to the start of trial, given the Defendant's discovery conduct. Thus, it is imperative that the Defendants disclose their intentions as to witnesses and trial exhibits by the deadline that has been in effect for months."). When the Court denied GMAC's motion to delay disclosures, GMAC made these on June 16, 2011 and disclosed 324 exhibits (Docket No. 74) and 15 witnesses (Docket No. 75)

for its use at the scheduled "1-2 day" trial now scheduled before United States District Judge Hilton. Without any delay, on June 17, 2011 Plaintiff filed the Motion for Sanctions to exclude GMAC's use at trial of four of these witnesses. Within a week of the Final Pre-trial Conference, on June 24, 2011, Plaintiff filed her supplemental motion to exclude 17 of GMAC's proposed exhibits.

Plaintiff could not have acted any sooner. A Rule 37(c)(1) motion was inappropriate and was not ripe prior to GMAC's attempted use of the challenged exhibits and witnesses. And it was hardly possible to have filed the motion any sooner than was accomplished.

GMAC's argument – as with the earlier matter resolved by this Court – neglects substance for Defendant's view of form. An interpretation of the cited Rule 16(b) Order that allowed a party to escape its obligations to disclose because its Final Pre-trial disclosures were not due until after a motions deadline is irrational and inconsistent with the Order's intent. The Order does not bar the post-final pretrial filing of a Rule 37(c)(1) motion in limine to exclude a party's use of untimely disclosed exhibits.[1]

---

[1] Further, Defendant's lead counsel sat immediately next to Ms. Wilkes' counsel at the Final Pre-trial Conference, opposite Judge Hilton, when Wilkes' counsel asked the Judge his preference for resolving a Rule 37(c)(1) motion and was mutually informed that Plaintiff should "file the motion and notice it for a Friday" just as with pre-trial discovery motions.

Respectfully Submitted,

ALISHA WILKES,

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com

          /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net