**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ALISHA W. WILKES, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 1:10-cv-01160 (CMH-TRJ) |
| ) | |
| GMAC MORTGAGE, LLC, *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION TO EXCEED PAGE LIMIT**</u>

Defendant, GMAC Mortgage, LLC ("GMACM"), by counsel, files this Memorandum in Support of its Motion to Exceed the Page Limit ("Motion") set forth in Rule 7(F)(3) of the Local Rules of the United States District Court for the Eastern District of Virginia for the filing of GMAC Mortgage, LLC's Memorandum in Support of Motion for Summary Judgment. For the reasons set forth below, this request is justified and reasonable and GMACM has demonstrated good cause for granting the Motion.

<u>**BACKGROUND**</u>

This case arises out of Plaintiff's allegations that Defendant GMAC failed to take timely corrective action to stop reporting the delinquency of a mortgage on Plaintiff's property. On October 14, 2010, Plaintiff filed her Complaint asserting causes of action against multiple defendants, including GMACM, for violations of the Fair Credit Reporting Act ("FRCA") and common law defamation. (Docket No. 1). In her Complaint, Plaintiff alleges that her former husband, Daniel Wilkes ("Mr. Wilkes") forged her signature on a promissory note and deed of trust secured by property owned by Mr. Wilkes and Plaintiff. (Compl. ¶¶16-17.) Plaintiff

discovered the forgery when she began receiving phone calls from Mr. Wilkes' creditors and obtained a copy of her credit report. (Compl. ¶ 18.) Upon reviewing her credit report, she discovered the existence of a delinquent GMAC Mortgage account. (*Id.*) On November 25, 2008, Plaintiff filed a complaint in the Prince William County Circuit Court requesting that the Court void the note and deed of trust and asserting a claim for damages as a result of Mr. Wilkes' actions. (Compl. ¶ 20.) Ultimately, on February 26, 2010, the Prince William Circuit Court entered an order voiding the note and deed of trust and finding that Mr. Wilkes had forged Plaintiff's signature on those documents. (Compl. ¶ 23.)

On March 8, 2010, Plaintiff sent her first dispute letter to the credit reporting agencies, Equifax, Experian and TransUnion. (Compl. ¶ 26.) Although Equifax removed the GMAC Mortgage account from Plaintiff's report, Experian and TransUnion verified the account and continued to report it. (Compl. ¶ 27.) On May 12, 2010, Plaintiff sent her second dispute letter to Experian and TransUnion, but both refused to reinvestigate the matter. (Compl. ¶ 28.) On June 22, 2010, Plaintiff sent her third dispute letter to Experian and TransUnion and her first dispute letter to Defendant. (Compl. ¶ 30.) Plaintiff alleges that, despite her efforts to dispute the GMAC Mortgage account, Defendant, as well as Experian and TransUnion failed to properly investigate the dispute. (Compl. ¶ 33.)

Plaintiff alleges either negligent or willful violation(s) of section 1681s-2(b), and seeks statutory damages, actual damages, punitive damages, costs, and attorneys' fees. Plaintiff alleges that her actual damages include (i) denial and inability to obtain credit; (ii) damage to reputation; (iii) violation of right to privacy; (iv) embarrassment and humiliation; and (v) other emotional and mental distress related to these events. With respect to her defamation claim, Plaintiff seeks punitive and actual damages. Her claims for actual damages are the same as she

alleges in her FCRA claims: (i) denial and inability to obtain credit; (ii) damage to reputation; (iii) violation of right to privacy; (iv) embarrassment and humiliation; and (v) other emotional and mental distress related to these events.

The parties have conducted a substantial amount of discovery, including depositions of the Plaintiff, representatives of GMACM, expert witnesses, and other fact witnesses, in addition to engaging in written discovery. Defendant now expects to file a Motion for Summary Judgment and Memorandum in Support setting forth the reasons that it is entitled to summary judgment in this case. Defendant expects to assert a number of different legal grounds supporting its Motion for Summary Judgment.

## ARGUMENT

Pursuant to Local Rule 56(B), in support of its Motion for Summary Judgment, GMACM must set forth in its Memorandum in numbered paragraphs all of the undisputed facts, together with the citations to the record that support those facts. In this case, the undisputed facts will number more than eighty-five (85) separate facts, each supported by citations to the record. The use of numbered paragraphs to set forth the undisputed facts consumes far more page space than otherwise would be required. Indeed, in this case the numbered facts are expected to consume nearly half of the page space allotted by the Local Rules, leaving insufficient space for Defendant to thoroughly explain the grounds supporting its Motion for Summary Judgment. The significance of a motion for summary judgment requires a thorough legal and factual analysis to appropriately address the reasons that the Court should summarily dispose of the case. Unless Defendant is permitted to exceed the 30-page limit, it will be unable to adequately argue the Motion for Summary Judgment. Defendant believes that a page limit of no more than forty-five (45) pages is adequate to permit it to fully set forth the facts, as well as the argument in support

of its contention that this Court should grant summary judgment. Accordingly, justice requires that GMACM be permitted to exceed the thirty-page limitation in this instance.

WHEREFORE, defendant, GMAC Mortgage, LLC, respectfully requests that this Court grant its Motion to Exceed Page Limit for GMAC Mortgage, LLC's Memorandum in Support of Motion for Summary Judgment and permit it to file a brief no longer than forty-five (45) pages in length.

                                  GMAC MORTGAGE, LLC


                              By:     /s/ John C. Lynch
                                    By Counsel


John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71620)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-1597
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

　　　/s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504