IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALISHA W. WILKES,

        **Plaintiff**

v.                                                                                           Civ. No. 1:10cv1160

EXPERIAN INFORMATION SOLUTIONS, INC.,
                                et al.
        **Defendants.**

**PLAINTIFF'S OPPOSITION TO MOTION TO
EXCEED PAGE LIMIT BY GMAC MORTGAGE, LLC**

COMES NOW the Plaintiff, Alisha Wilkes, by counsel, and for her opposition to Defendant, GMAC MORTGAGE, LLC.'S Motion to Exceed Page Limit, she states as follows:

**ARGUMENT**

First, GMAC's motion should be denied because GMAC's lead counsel expressly represented to Magistrate Judge Jones, in response to the Court's questions, that there were no other motions or matters contemplated for hearing beyond those that were set on July 29, 2011.  That date was then agreed between the parties and effectuated by Judge Jones.  (Docket No. 112).  GMAC has now set the present motion for hearing on July 15, 2011.  The unavailability of this date has been expressly discussed with GMAC's counsel on at least five occasions.

Under ordinary circumstances, Plaintiff and her counsel would not object to a page limit motion.  But GMAC's request does not occur under ordinary circumstances.

This case was filed on October 14, 2010. GMAC was served on December 2, 2010. Thereafter, through each stage of the case, GMAC has waited and delayed to Plaintiff's prejudice. It waited to respond to the Complaint and required consent to avoid a Default Judgment. (Docket No. 42). It delayed discovery compliance and mandatory disclosures resulting in a post-discovery cutoff order requiring GMAC to produce its employees for July depositions. (Docket No. 113). GMAC even moved unsuccessfully to delay its final pre-trial disclosures. (Docket No. 71).

  Now, with just a month before trial, Defendant has decided it would file a Motion for Summary Judgment. As will be addressed in response to such a filing, it cannot be anything beyond a scattershot motion – the merits of the case are, objectively, indefensible. This is a case about damages. In its memorandum, GMAC suggests that there are 85 paragraphs in its intended statement of fact. This is, with due respect, ridiculous. (As much so as GMAC's listing of 324 exhibits in its Rule 26(a)(3) disclosures). The Plaintiff made her actionable credit reporting disputes in March 2010. As of that point in time, the Circuit Court for Prince William County had already issued a detailed Order and Memorandum that defines the facts and law for the period that preceded that point. There is no basis in this simple case for such an expansive statement of facts.

  Further, given the tight timetable for response – 14 days – forced by GMAC's very delayed filing of such a motion, Plaintiff would be greatly prejudiced by the suspension of the rules – the page limits – under which all parties litigated through this date. Further, Plaintiff's lead counsel is out of town with his wife and three-year old on a long ago scheduled vacation. This scheduling was discussed long ago with Defendant's

counsel. The filing of the motion on such a late date and with such tactical timing thus effectively reduces the 14-day response time to 7 days. Adding an additional 15 pages – an additional 50% - would require additional response time not available given the trial date.

Finally, the July 15, 2011 hearing date for the present motion reinforces again GMAC's pattern of delay and tardy conduct. There is nothing surprising about the discovery completed and evidence available in the case. Defendant has had months to contemplate the request it now belatedly makes. Waiting for a motion that can be heard no earlier than July 15, 2011 to make the request should not be countenanced.

Respectfully Submitted,

ALISHA WILKES,

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 5th day of July, 2011,  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com


Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

Brian Nelson Casey
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com

       /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net