UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES | : |
| Plaintiff, | : |
| v. | : CIV. NO. 1:10-cv-01160 |
| GMAC MORTGAGE LLC, et al., | : |
| Defendants. | : |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION IN LIMINE**

Plaintiff Alisha Wilkes, by counsel, hereby submits her Reply to Defendant's Opposition to Plaintiff's Motion in Limine to Exclude Testimony of Matthew Kingery. GMAC filed its Motion to Seal Memorandum in Opposition to Motion in Limine to Exclude Testimony of Matthew Kingery (Docket # 102) on June 28, 2011.

There is not a shred of evidence to support Defendant's theory that the Plaintiff's relationship with Matthew Kingery caused the emotional distress she actually suffered as a result of the Defendant's wrongdoing that is the subject of this litigation. GMAC argues that the Plaintiff "*must have felt* tremendous guilt" which caused her emotional distress and Mr. Kingery's testimony would fulfill the relevance requirement that would make a fact of consequence in issue more or less probable than without the evidence. *United States v. Lentz*, 282 F.Supp.2d 399, 427 (E.D.Va. 2002). The Defendant cites no authority that permits it to introduce prejudicial and irrelevant evidence in order to argue that the Plaintiff "*must have felt*" a certain way. Even so, emotional distress is but one of the non-economic harms the Plaintiff alleges was caused by GMAC's violations of the FCRA.

The evidence of the Plaintiff's non-economic damages is relevant, and GMAC may attack it. However, it may not do so without compliance with the Federal Rules of Evidence, including that which is not admissible and or otherwise speculative and unsupported by the record.

The evidence that has been adduced through this litigation will establish that the Plaintiff suffered many types of non-economic damages as a result of GMAC's repeated violations of the FCRA, and despite GMAC's attempt to suggest an alternative cause, there is not a single statement or other evidence that the Plaintiff had guilty feelings that caused her damages. GMAC has cited no statement or fact by the Plaintiff or Kingery, or anyone else, to suggest that its alternate theory is true or plausible. Because there is no evidence rising above speculation suggested by anyone but GMAC, the testimony must be excluded and GMAC must be barred from using it without any evidence that it was the cause of Plaintiff's distress. Not only is it a ridiculous argument, it is a transparent attempt to attack the Plaintiff's character, divert attention away from GMAC's actions and attempt to focus the fact-finders on another narrative that is salacious, irrelevant, prejudicial and generally inadmissible under the Federal Rules of Evidence.

It is well established that a Plaintiff is entitled to recover non-economic actual damages as a result of even negligent violations of the FCRA. *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 500 (4th Cir. 2007)(explaining that the statute specifically authorized "actual damages may include not only economic damages, but also damages for humiliation and mental distress."). Damages may be awarded for, among other things, emotional distress, vexation, and invasion of privacy. *Id.* Emotional distress can include a range of harm such as loss of sleep, nervousness, frustration, mental anguish,

injury to reputation, family, work and sense of well-being, humiliation, embarrassment and mental distress. *See, e.g., Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983)(holding damages are available for humiliation, embarrassment and emotional distress); *Dalton v. Capital Assoc. Indus.*, 257 F.3d 409 (4th Cir. 2001)(holding that non-economic damages including for emotional distress are available under the FCRA); *McMillan v. Experian*, 170 F. Supp. 2d 278, 285-86 (D. Conn. 2001)(holding that "it is well-settled that actual damages under the FCRA 'may include humiliation and mental distress, even in the absence of out-of-pocket expenses,'" quoting *Casella v. Equifax Info. Servs.,* 56 F.3d 469, 474 (2d Cir. 1995) and citing *Dalton*, 257 F.3d 409; *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir.1995); *Fischl*, 708 F.2d 143, 151 (5th Cir.1983); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509, 513 (5th Cir.1982); *Bryant v. TRW, Inc.,* 487 F.Supp. 1234, 1240 (E.D.Mich.1980), *aff'd,* 689 F.2d 72 (6th Cir.1982)).

As a direct result of GMAC's violation of the FCRA, Plaintiff has suffered the denial of and inability to obtain credit, damage to her reputation, violation of her privacy, embarrassment and humiliation, and other emotional and mental distress related to GMAC's continual derogatory reporting of an account she never owned. (Def's Mem. in Opp'n to Motion in Limine at 4)(under seal, listing Plaintiff's allegations of damages). She went to state Court and had the underlying mortgage declared a legal nullity, yet GMAC continued to make and verify the most derogatory reports about her to the consumer reporting agencies. Despite Plaintiff's allegations of specific types of non-economic damages she suffered, GMAC focuses on solely on the Plaintiff's emotional distress by suggesting "guilty feelings" caused her those damages, then suggests it

justifies allowing such evidence only so it can introduce the character evidence. Because all of the non-economic damages alleged in the Complaint are available under the FCRA, and because GMAC attempts only to raise a speculative alternative theory as to one type of damage for which there is actually no evidence, and because the testimony GMAC seeks to utilize is so prejudicial, it must be excluded.

## CONCLUSION

Because there is no reason, other than an impermissible introduction of irrelevant and prejudicial information, to allow the testimony of Matthew Kingery concerning his ex-spouse, marriage, child, and extra-marital relationship with the Plaintiff, to suggest that any such information is the cause of Plaintiff's damages, such testimony must be excluded.

Dated: July 6, 2011

        Respectfully Submitted,
        ALISHA WILKES,


        By: _____/s/_____
        Leonard A. Bennett, VSB #37523
        Consumer Litigation Assoc PC
        12515 Warwick Blvd
        Suite 100
        Newport News, VA 23606
        757-930-3660
        757-930-3662 (fax)
        lenbennett@cox.net


## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2011, I electronically filed the following document with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following CM/ECF participants:

Counsel for GMAC Mortgage, LLC
John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
757-687-7765
757-687-1504 (fax)
john.lynch@troutmansanders.com

          /s/
Leonard A. Bennett, VSB #37523
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
757-930-3662 (fax)
lenbennett@cox.net