IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 1:10-cv-01160 (CMH-TRJ) |
| | ) |
| GMAC MORTGAGE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GMAC MORTGAGE LLC'S MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* TO LIMIT PLAINTIFF'S CLAIM FOR DAMAGES
UNDER THE FAIR CREDIT REPORTING ACT
TO MARCH 19, 2010 THROUGH AUGUST 12, 2010**

Defendant GMAC Mortgage LLC ("GMACM" or "Defendant"), by counsel, moves this Court for entry of an Order prohibiting Plaintiff at trial from making any claim for damages under the Fair Credit Reporting Act ("FRCRA") beyond the period of time beginning March 19, 2010 and ending on August 12, 2010, and for a instruction so informing the jury of this limitation on Plaintiff's claim for damages under the FCRA.[1]

In Count Eight of her Complaint, Plaintiff alleges either a negligent or willful violation of the FCRA pursuant to 15 U.S.C. section 1681s-2(b).  With respect to damages under the FCRA alleged in Count VII, Plaintiff seeks damages under 15 U.S.C. section 1681o and/or 1681n.  Plaintiff testified at her deposition that she is seeking damages for: (i) credit denials; (ii) emotional distress; (iii) her "lost time … while [she] was dealing with this;" (iv) for

---

[1] Defendant will be filing a motion for summary judgment on Plaintiff's claim under the FCRA. This Motion *in Limine* is filed in the alternative to the relief sought in the Motion for Summary Judgment.

"unquantifiable time [she] spent elsewhere;" and (v) punitive damages. (**Exhibit A**, Transcript of Deposition of Alisha W. Wilkes, ("Wilkes Trans."), pp. 233:8-237:5.)

"The elements of a claim under Section 1681s-2(b)(1) are: (1) that plaintiff notified a credit reporting agency that plaintiff disputed the debt; (2) that the credit reporting agency notified the defendant of the dispute; (3) that the defendant either willfully or negligently fails to (a) conduct an investigation with respect to the disputed information, (b) review all the relevant information provided to the credit reporting agency, and/or (c) report the results of the investigation to the consumer reporting agency." *Blackwelder v. Specialized Loan Servicing, LLC, et al.*, No. 1:10-cv-01308 (E.D. Va. March 9, 2011) (Trenga, J.) (slip op.) (citations omitted).

March 19, 2010 is the first date that GMACM investigated a dispute that it received from a credit reporting agency regarding the subject account. (*See* **Exhibit B**, Defendant's Answers to Plaintiff's Interrogatories, p. 10.[2]) Plaintiff claims in her Answer to Interrogatories that she is alleging a violation of the FCRA because Defendant "upon *receiving* these ACDVs did not conduct a reasonable investigation; …." (*See* **Exhibit C**, Plaintiff's Answers to Defendant's Interrogatories, p. 13; emphasis added.[3]) Defendant was not notified of a dispute from a credit reporting agency until March 15, 2010 at the earliest. (*See* **Exhibit D**, Deposition Transcript of Jason Scott, Rule 30(b)(6) representative of Experian Information Solutions, Inc., 34:3-11). Plaintiff's expert, Evan Hendricks, testified at his deposition that there is no potential FCRA violation in this case until GMACM responded to the ACDVs in March of

---

[2] Only the relevant pages of Defendant's Answers to Interrogatories are attached.
[3] Only the relevant pages of Plaintiff's Answers to Interrogatories are attached.

2010. (*See* **Exhibit E**, Deposition Transcript of Evan Hendricks ("Hendricks Trans."), 177:15-178:8).

Plaintiff testified at her deposition that the time period involved in the present case is from March 2010 to August or September of 2010:

> Q: So after you received this particular report in September 2010, you knew that GMAC was no longer reporting the second account?
> A: I don't remember specifically looking at it, but if I would have pulled this and looked at it, then, yes, I would have had that understanding that GMAC was not reporting in September of 2009.
> Q: '10.
> A: '10. I'm sorry.
> Q: Okay.
> A. September of 2010. Yes.
> Q: *So you would agree with me that the time period we're dealing with, in this case, is after you had the state court trial, GMAC continued to report the fraudulently-opened account from March to either August or September of 2010?*
> A: *Yes.*
> Q: And it's fair to say that – what's – well, let me ask you, what's the date of the credit report in September 2010?
> A: September 13 –
> Q: Okay.
> A: -- 2010.
> Q: It's fair to say that you don't know the specific date prior to September 13, 2010, when GMAC deleted that account from your credit report?
> A: I don't.
> Q: *So in generalities, we're talking about a six-month period following the trial where you're contending GMAC continued to report the fraudulently-opened account on your credit report?*
> A: *March, April, May, June, July, August, September. So about seven months.*
> Q: *But it could be six, based on the fact that you don't know exactly when it was deleted?*
> A: *Yes. I don't know if there is a credit report close to September or not that I could look at, but by September, it was gone, according to this.*

(**Exhibit A**, Wilkes Trans., 171:18-173:18; emphasis added). As a result, Plaintiff should be prohibited from claiming any damages under the FCRA that predate March 19, 2010.

3

Moreover, in the present case, Plaintiff testified at her deposition that she is only seeking emotional distress damages from, at most, the time frame of March 2010 through September 2010:

> Q: I'm going to make sure I kind of understand the categories of damages that you're claiming in this case. My understanding is that from the March through September [2010] time frame, you're claiming emotional distress; is that true?
> A. Yes.

(**Exhibit A**, Wilkes Trans., 233:8-14).

Plaintiff also acknowledges that her claim for "economic damage" cannot pre-date March 2010. She states in her Answers to Interrogatories that she is seeking "economic damage" for "the total time spent in her attempts to resolve her dispute to be approximately 40 hours (*from 3/10 -* to present)." (**Exhibit C**, Plaintiff's Answers to Defendant's Interrogatories, pp. 19-20; emphasis added.)

Plaintiff also seeks damages for "credit denials." (**Exhibit C**, Plaintiff's Answers to Defendant's Interrogatories, pp. 19.) However, Plaintiff testified at her deposition, based upon the documents she produced in discovery, that her credit applications were denied in May, 2010. (**Exhibit A**, Wilkes Trans., 208:21-209:3; 219:7-18).

4

Upon GMAC's receipt of a letter from Plaintiff sent directly to it, GMAC requested that the credit bureaus delete the subject tradeline on August 12, 2010. (*See* **Exhibit B**, Defendant's Answers to Plaintiff's Interrogatories, p 11.)  Therefore, Plaintiff should be prohibited from claiming any damages under the FCRA that post-date August 12, 2010.[4]

As a result, Plaintiff's claims for damages under the FCRA should be limited to the time period of March 19, 2010 through August 12, 2010.

WHEREFORE, GMAC Mortgage, LLC, requests this Court grant its foregoing Motion *in Limine*, limit Plaintiff's claims for damages under the Fair Credit Reporting Act to the time period of March 19, 2010 through August 12, 2010, instruct the jury as to this time period for which it may consider Plaintiff's claims for damages under the Fair Credit Reporting Act, and for such other and further relief as this Court deems appropriate and just.

Dated:  July 7, 2011                                              Respectfully Submitted,

**GMAC MORTGAGE LLC**

By:      /s/ John C. Lynch
                        Of Counsel

---

[4] Alternatively, it is undisputed that the subject tradeline was completely removed from Plaintiff's credit report, at the latest, by September 13, 2010. (*See* **Exhibit A**, Wilkes Trans. 169:11-172:14.)  Plaintiff specifically testified that, as of September of 2010, the GMAC account that is the subject of this lawsuit "was deleted by then." (*Id*., 170:17-171:1.)  In other words, she knew it was deleted before filing the present lawsuit.  Further, Plaintiff's own expert, Evan Hendricks, also testified that the tradeline was completely deleted from Plaintiff's credit file, at the latest, as of September 13, 2010. (*See* **Exhibit E**, Hendricks Trans., 208:12-22.)  As a result, at the very least Plaintiff should be prohibited from claiming any damages under the FCRA that postdate September 13, 2010.

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
Email: bcasey@taylorwalkerlaw.com

    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
*Counsel for Defendant GMAC Mortgage LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

419726v1