IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ALISHA W. WILKES,<br>            Plaintiff,<br>v.<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br>            Defendants. | Civil No. 1:10-cv-01160 (CMH-TRJ) |

**DEFENDANT GMAC MORTGAGE, LLC'S OBJECTIONS AND FIFTH
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

*CONTAINS CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO
THE PARTIES' PROTECTIVE ORDER THAT HAS BEEN AGREED UPON AND
SUBMITTED TO THE COURT FOR ENTRY*

Defendant GMAC Mortgage, LLC. ("Defendant" or "GMACM"), by counsel, submits the following objections and fifth supplemental answers to Plaintiff's First Set of Interrogatories.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Defendant's objections herein are given without prejudice to Defendant's right to provide subsequent relevant information or to add, modify, supplement, or otherwise change or amend its objections to the Interrogatories as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. To the extent attorney notes, work product and/or attorney-client communications are or become responsive to any of the following requests, Defendant expressly reserves it rights to assert such objections. The information contained in Defendant's objections are also subject to correction for

Exhibit B

5. With regard to any Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] or other notice of dispute received from any credit reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

    a. identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

    b. identify the date of the investigation and all written and non-written communications pertaining to the investigation;

    c. describe all procedures you used in conducting the investigation; and

    d. identify all steps you took with respect to the Plaintiff's file following the investigation.

**OBJECTIONS: Per the written agreements of counsel, Defendant's objections to this interrogatory have been resolved.**

**ANSWER: Without waiver of these objections and subject to confirmation of the parties' agreement to limit this interrogatory, in the course of their job responsibilities as employees of GMAC, Lori Aguiar and Allison Higgins conducted and participated in the investigations that occurred upon receipt of the ACDVs that were received from credit reporting agencies regarding Plaintiff. Counsel for Defendant has and will accept service on their behalf. They are both employed by Defendant, are paid an hourly wage, and do work overtime as needed. They do not receive a bonus that is linked to their specific job function, but may receive a bonus if one is given to GMAC employees as a whole based upon the company's performance annually.**

9

The dates of investigation were on or about March 19, 2010, March 22, 2010, and March 24, 2010. Pursuant to Rule 33(d), *see* GMAC/AW 81, 83, and 257-266.

GMAC followed its policies and procedures in responding to these ACDVs, which indicated Plaintiff claims identity fraud and account fraudulently opened. Pursuant to Rule 33(d), *see* GMAC/AW 151-256. The ACDVs all came through e-OSCAR. GMAC, through its employees Allison Higgins and Lori Aguiar, verified personal identifiers and account information through the FiServ System. Ms. Higgins and Ms. Aguilar, on behalf of GMAC, personally checked the account information on the FiServ System to determine whether there was any indication that GMAC had received three or more ACDVs alleging identity theft from credit reporting agencies prior to the particular ACDV under investigation regarding Plaintiff within the prior three months and each at least one week apart. GMAC also checked the I.S.S. application to verify the personal and account information contained on the ACDVs matches the information on the original loan documents. The only information GMAC received from the credit reporting agencies is the information actually contained on the ACDVs; it did not receive any other documents or information. Following its investigations on or about March 19, March 22, and March 24, 2010, GMAC sent ACDV responses on or about March 19, March 22, and March 24, 2010 to the credit reporting agencies from whom it had received ACDVs. In its responses, GMAC indicated what information is the same, what is different, what information was unknown to it, and what information should be modified. GMAC also updated the account notes on the Fiserv system to indicate that ACDVs were received and the date a response was sent, as well as the basic information contained on the ACDVs and the information contained on the ACDV responses.

On May 14, 2010, after receiving a less than full payoff of the loan because of the settlement of the title claim, GMAC reported to the credit reporting agencies that account number ▮▮▮▮ had a $0 balance, with $0 past due, and a less than full balance payoff on April 22, 2010. Defendant also removed the litigation from Plaintiff's account number ▮▮▮▮

Following receipt of Plaintiff's letter dated June 16, 2010 and received by GMAC on July 13, 2010, an employee of GMAC, Kari Krull, sent an AUDF on behalf of GMAC to Equifax, Experian, Innovis and Trans Union indicating that the tradeline regarding account number ▮▮▮▮ should be deleted from the records of the credit reporting agencies, which AUDF is dated August 12, 2010.

On December 16, 2010, GMAC received a telephone call from a representative of Trans Union seeking to verify information concerning account number ▮▮▮▮ and this person was informed that GMAC could not disclose this information to a third party without Plaintiff's consent and/or Plaintiff being part of the telephone conversation.

Pursuant to Rule 33(d), see GMAC/AW 21-95, 217, 257-266, 267-318, and 328-329.

**SECOND SUPPLEMENTAL ANSWER:** Pursuant to Rule 33(d), see GMAC/AW 816-870, 894-904, and 1454-1763.

**THIRD SUPPLEMENTAL ANSWER:** Pursuant to Rule 33(d), see GMAC/AW 1772—1874 and 1965-2448.

22. State the name, function, lifecycle history, capacity, and content of any systems as they relate to information stored regarding the Plaintiff or any of her identifiers or as they were used in the course of any investigation regarding the disputed account(s).

**OBJECTIONS: Defendant objects because interrogatory seeks to elicit confidential or proprietary commercial or business information in seeking information and documents concerning Defendant's systems for investigating consumer disputes. Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective Order by the Court. Defendant also objects because the terms "lifecycle history, capacity and content" are vague and ambiguous because undefined.**

**ANSWER: Without waiving these objections, Defendant understands Plaintiff has withdrawn this interrogatory and therefore no response is required.**

GMAC MORTGAGE, LLC

By: _____
Counsel

John C. Lynch, Esq., VSB #39267
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
Email: ethan.ostroff@troutmansanders.com

47

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:10-cv-01160 (CMH-TRJ) |
| GMAC MORTGAGE, LLC, et al., | ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2011, I sent a true and correct copy of the foregoing via email and first class mail, postage prepaid, to the following counsel of record:

**Counsel for Plaintiff**
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com


Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net


Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

48

**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com

_/s/ Ethan G. Ostroff_
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7541
Fax: 757-687-1541
Email: ethan.ostroff@troutmansanders.com

418744v1