IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ALISHA W. WILKES,<br>　　　　　Plaintiff,<br>　　v.<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br>　　　　　Defendants. | Civil No. 1:10-cv-01160 (CMH-TRJ) |

**PLAINTIFF'S ANSWERS TO INTERROGATORIES OF GMAC MORTGAGE, LLC**

The Plaintiff, ALISHA W. WILKES ("Ms. Wilkes"), by counsel, provides her answers to GMAC Mortgage, LLC's ("Defendant") First Set of Interrogatories and states as follows:

OVERVIEW

1. Ms. Wilkes does not agree to follow Defendant's "instructions" accompanying its discovery requests to the extent that they purport to impose duties inconsistent with duties proscribed by the Rules of Court and any discovery orders entered by the Court in this matter.

2. Ms. Wilkes does not agree to use Defendant's proposed definitions to the extent the proposed definitions differ from the meaning of those words in common usage or as provided by the Rules of Court and any discovery orders entered by the Court in this matter.

3. Ms. Wilkes' responses are based upon the best information currently available to her. She reserves the right to amend, supplement or correct her responses if and when she discovers other or additional information.

Exhibit H

3. If you contend that your claim for Defamation in Count Seven of your Complaint is not barred by the statute of limitations found in Virginia Code § 8.01-247.1, then set forth each and every application of law to fact, activity and/or communication upon which you rely to support your contention and state the basis for your contention(s), including but not limited to (a) the date you first learned or became aware of any alleged defamatory statements, (b) the date(s) of each alleged defamatory statement(s), and (c) the number of defamatory statements you allege. In your response, identify all persons with knowledge of the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:**

Ms. Wilkes incorporates her answers to Interrogatories #1 and #2 above.

A credit report is issued in confidence to only those persons with the appropriate credentials to access the report, and the subject of the report may not learn of an inaccurate report until well after the issuance of the initial inaccurate report. Accordingly, the Weaver rule determines when the statute of limitations begins to run on credit slander, and the statute begins to run anew with each republication of the allegedly slanderous credit report. *Armstrong v. Bank of Am.*, 61 Va. Cir. 131(citing *Weaver v. Beneficial Finance Co.*, 199 Va. 196).

Ms. Wilkes filed this lawsuit on October 14, 2010. Therefore, any and all defamatory statements made by GMAC (all credit reports furnished to third parties containing the inaccurate tradeline) within the one-year preceding this filing are actionable.

9. Set forth each and every application of law to fact, activity and/or communication upon which you rely to support your contention that Defendant violated section 1681s-2(b) of the Fair Credit Reporting Act as alleged in Count Eight of your Complaint, and state the basis for your contention(s), including but not limited to (a) the number of violations you allege; (b) the date(s) of the alleged violation(s), (c) the basis for your contention that the alleged violation(s) was negligent, if you do so contend; and (d) the basis for your contention that the alleged violation(s) was willful, if you do so contend. In your response, identify all persons with knowledge of the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:**

GMAC was party to the state court action. It was served with a verified complaint in late 2008 or early 2009. GMAC entered an appearance in the state court action and was represented by counsel throughout. It participated in the two day trial and signed the final order of the case in which the court held Ms. Wilkes was not responsible for the GMAC account. GMAC had actual knowledge that Ms. Wilkes was not obligated on the GMAC account. The final order was entered in February 2010.

After the final order was entered, GMAC did not remove the GMAC account from Ms. Wilkes credit file even though it had actual knowledge that she was not obligated on that account. Ms. Wilkes was forced to send dispute letters to Experian, Trans Union, and Equifax. As a result of these disputes, Experian and Trans Union sent GMAC approximately five ACDVs notifying GMAC that Ms. Wilkes was disputing the GMAC account. The ACDVs cited true identity theft as the reason for Ms. Wilkes' dispute. GMAC upon receiving these ACDVs did not conduct a reasonable investigation; it did not even conduct an investigation. It simply conducted a cursory review of its own computer system to match certain personal identifiers. No further actions were

taken other than to verify the GMAC account. GMAC responded to the ACDVs on or about 3/19/10, 3/22/10 & 3/24/10. Its responses failed to accurately and fully report the status of the account as not belonging to the Plaintiff and as disputed. Each of these represented multiple FCRA violations.

    Please see Ms. Wilkes' Documents Bate Stamp No. 400082 – 400197 and 400235 – 400238.

13.     Identify and state with specificity any and all damages which you are claiming herein as a result of the alleged actions or omissions on the part of Defendant, if any, including but not limited to any and all actual damages, consequential damages, financial damages or out-of-pocket expenses. In your answer, state the basis for your claims, including but not limited to the nature and amount of each item of damages sought by you, when the damages were allegedly suffered, the date each item of damage was incurred, the amount of compensation that you allege that you are entitled to from the loss, how the figures used in computing the value of each item of damage were computed, and the basis of your contention that Defendant's actions proximately caused each item of damage(s) you identify. In your response, identify all persons with knowledge of the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:**

Ms. Wilkes seeks actual damages, most of which are not liquidated and do not lend themselves to a statement of calculation. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486-487 (5th Cir. 2000); See *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

The damage to Ms. Wilkes' credit rating caused unliquidated economic damages in the form of lost credit capacity and a decreased credit score. Ms. Wilkes has suffered general damages in the form of damage to reputation. Ms. Wilkes suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that Ms. Wilkes did not receive. Ms. Wilkes has experienced credit denials based on a review of her credit file/credit scores. Plaintiff's credit denials included: (see Ms. Wilkes' Documents Bates Stamp Nos. 200001 – 200004). The Plaintiff incorporates the expert witness report provided by Evan Hendricks.

Ms. Wilkes' economic damage also includes the considerable time, effort and expense she

19

has been forced to expend attempting to force the Defendants to comply with its statutory obligations, including telephone calls, writing letters and litigation. Ms. Wilkes has estimated the total time spent in her attempts to resolve her dispute to be approximately 40 hours (from 3/10 – to present). Plaintiff earned roughly $19.00 per hour. The estimate of time lost as a dollar impact is thus $760.00.

In lieu of actual damages, the jury could award statutory damages between $100.00 and $1,000.00 15 U.S.C. §1681n (e.g. *Saunders v. B.B. & T. of Virginia*).

Ms. Wilkes has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this ordeal to recapture her good name and credit. Ms. Wilkes suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false information that has been and continues to be circulated about her. As a result, Ms. Wilkes suffered from a loss of appetite, noticeable weight loss, social anxiety, a constant fear or uneasiness, difficulty sleeping, unusual nightmares, trouble relating to other people, emotional blunting, feelings of unreality, the inability to concentrate at work, stress-related neck, shoulder, and back pain.

Ms. Wilkes sought help from her family doctor - Victoria Hammonds, MD. Ms. Wilkes was prescribed certain medication to help her cope with these recent discoveries. Ms. Wilkes eventually moved in with her father and began seeing a local doctor there - Dr. Elaine Price in which she continued with her treatment.

Ms. Wilkes was forced to file a lawsuit in the Prince William County Circuit Court as GMAC, among others, were trying to foreclose on her home. The Prince William County litigation took over 14 months and trial lasted two full days. The presiding judge issued a written opinion that took an additional few weeks. All the while, Ms. Wilkes was suffering from extreme emotional distress and anxiety as she did not want to lose her home. The judge ruled in Ms.

20

Wilkes favor and stated affirmatively that Ms. Wilkes is not obligated on the GMAC loan. Ms. Wilkes had a moment of relief until she attempted to refinance her home in early 2010. The GMAC loan was still being reported on her credit. She was not able to refinance her home and was forced to sell it to pay for certain obligations.

Ms. Wilkes was forced to send dispute letters to the credit reporting agencies and GMAC. Ms. Wilkes was forced to file another lawsuit to enforce her rights. As a result, the previous, pre-FCRA damage harm Ms. Wilkes had suffered were magnified greatly as she came to believe that even after a state lawsuit order she would not be free of the GMAC debt and her ex-husband's control over her life. This lawsuit and the process leading up to it, has caused Ms. Wilkes' additional emotional distress and anxiety.

Ms. Wilkes also seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through Ms. Wilkes' testimony, that of her expert witness, the documents produced in this case and through the testimony of the employees and former employees of GMAC. The lowest FCRA punitive damage verdict of which Ms. Wilkes' counsel is aware was $10,000.00 and the highest was $4,000,000.00.

The foregoing Answers to Interrogatories from Plaintiff are true and correct to the best of my knowledge and belief. Legal allegations and information provided herein from Defendants or third parties are as advised by my attorneys rather than upon my personal knowledge.

_____
ALISHA W. WILKES

STATE OF WEST VIRGINIA
CITY/COUNTY OF _____, to-wit:

The foregoing instrument was subscribed and sworn before me this _____ day of May 2011 by Alisha W. Wilkes.

_____
Notary Public

My commission expires: _____.

ALISHA W. WILKES

_____
John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

Certificate of Service

I certify that on the May 3, 2011 the foregoing was e-mailed to:

Leonard Anthony Bennett, VSB #37523
Consumer Litigation Assoc PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net
Counsel for Ms. Wilkes

John C. Lynch, Esq., VSB #39267
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
GMAC Mortgage, LLC

Matthew James Erausquin, VSB #65434
Consumer Litigation Associates PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com
Counsel for Ms. Wilkes

Brian Nelson Casey, Esq., VSB #26710
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com
America Funding, Inc.

John C. Bazaz, Esq., VSB #70796
Counsel for Ms. Wilkes
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

37