IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALISHA W. WILKES,      ) | |
|        Plaintiff,    ) | |
| v.         ) | Civil No. 1:10-cv-01160 (CMH-TRJ) |
|        ) | |
| EXPERIAN INFORMATION    ) | |
| SOLUTIONS, INC., et al.,    ) | |
|        Defendants.    ) | |

### DEFENDANT GMAC MORTGAGE, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant GMAC Mortgage, LLC. ("Defendant" or "GMACM"), by counsel, submits the following objections and answers to Plaintiff's First Set of Interrogatories.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Defendant's objections herein are given without prejudice to Defendant's right to provide subsequent relevant information or to add, modify, supplement, or otherwise change or amend its objections to the Interrogatories as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. To the extent attorney notes, work product and/or attorney-client communications are or become responsive to any of the following requests, Defendant expressly reserves it rights to assert such objections. The information contained in Defendant's objections are also subject to correction for omissions or errors. Defendant reserves the right to supplement its objections and responses to any of Plaintiff's discovery requests up until the time of trial.

415529v1

Exhibit I

2.      Since January 1, 2006, did you provide or verify any information related or attributed to the Plaintiff to any consumer reporting agency?  If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**OBJECTIONS:** Defendant objects because the time period of January 1, 2006 is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence since the statute of limitations for defamation is one year under Virginia law, Plaintiff's claim for defamation and other claims under the FCRA that existed prior to the conclusion of the prior litigation between Plaintiff and GMAC are barred by res judicata due to prior litigation between Plaintiff and GMAC, as well as the FCRA has a two year statute of limitations and Plaintiff has alleged in her Complaint she knew of the reporting on or before October 14, 2008.  Further, Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's February 2, 2011 Order (Docket No. 32).  Considering only that there are 22 separately numbered interrogatories, and interrogatory 14 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial."  Here, Defendant has asserted 14 separate affirmative and other defenses, Plaintiff's Complaint contains 116 numbered paragraphs, and GMAC denied the allegations of more than 75 paragraphs of the Complaint.  Therefore,

4

415529v1

Plaintiff served at least 110 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

 <u>ANSWER:</u> Without waiver of these objections, Defendant has provided and verified information related or attributed to the Plaintiff to consumer reporting agencies. On August 12, 2010, Defendant sent an AUDF to Equifax, Experian, Innovis and Trans Union requesting that the trade line regarding account number ███████ be deleted. Pursuant to Rule 33(d), *see* GMAC/AW 329. This AUDF was sent after Plaintiff directly sent to GMAC a dispute letter dated June 16, 2010 and received by GMAC on July 13, 2010. Pursuant to Rule 33(d), *see* GMAC/AW 93-94.

 Following the filing of the state court litigation, GMAC did not receive any dispute letters directly from Plaintiff prior to this letter dated June 16, 2010, and did not receive the dispute letters and enclosures apparently sent by Plaintiff to Equifax, Experian, and/or Trans Union. Defendant responded through e-OSCAR to ACDVs received from Trans Union, Experian, and Equifax through e-OSCAR. GMAC provided a response to two ACDVs on March 19, 2010, provided a response to one ACDV on March 22, 2010, and provided a response to two ACDVs received on March 24, 2010. Pursuant to Rule 33(d), *see* GMAC/AW 81, 83, and 257-266.

 Beginning June 2008 and continuing until May 2010, Defendant also provided information on a monthly basis to credit reporting agencies regarding account number ███████ On May 14, 2010, after receiving a less than full payoff of the loan because of the settlement of the title claim against First American Title Insurance Company, GMAC

5

415529v1

reported to the credit reporting agencies that account number ██████ had a $0 balance, with $0 past due, and a less than full balance payoff on April 22, 2010.  Pursuant to Rule 33(d), *see* GMAC/AW 1-94, 217, 326-328, and 347-399.

6

3.      Did you ever receive any written or non-written communication from the plaintiff? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication. For written communications, in your answer to this Interrogatory, identify the document and the date of receipt for each document so identified.

**OBJECTIONS: Defendant objects because this interrogatory seeks information the collection of which would be unreasonable or unduly burdensome, given the needs of the case and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information, including but not limited to instances in which information is equally available to Defendant and Plaintiff, or already in the possession, custody and/or control of Plaintiff, including but not limited to information exchanged between Defendant and Plaintiff in prior litigation between Defendant and Plaintiff regarding the mortgage account at issue in Plaintiff's Complaint. Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's February 2, 2011 Order (Docket No. 32).   Considering only that there are 22 separately numbered interrogatories, and interrogatory 14 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 14 separate affirmative and other defenses, Plaintiff's Complaint contains 116 numbered paragraphs, and GMAC denied the allegations of more than 75 paragraphs of the Complaint. Therefore, Plaintiff served at least 110 interrogatories**

7

when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a),
advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S.
Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

      <u>ANSWER:</u> Without waiver of these objections and subject to confirmation of
the parties' agreement that this interrogatory does not include documents and non-written
communications from plaintiff and/or her attorney to GMAC in the state court litigation,
Defendant received written communications from Plaintiff. Pursuant to Rule 33(d), *see*
GMAC/AW 267-318 (received on or about July 13, 2010) and 324-325 (received on or about
October 23, 2008). Defendant also received non-written communications from Plaintiff's
attorneys, Scott Weible (on or about October 22, 2008) and John Bazaz (on or about
December 2, 2008). Pursuant to Rule 33(d), *see* GMAC/AW 14 and 21.

415529v1

5.      With regard to any Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] or other notice of dispute received from any credit reporting agency regarding the Plaintiff, and the subsequent investigation, if any, that you performed regarding information reported by you:

a.      identify all persons who conducted or participated in the investigation, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

b.      identify the date of the investigation and all written and non-written communications pertaining to the investigation;

c.      describe all procedures you used in conducting the investigation; and

d.      identify all steps you took with respect to the Plaintiff's file following the investigation.

**OBJECTIONS: Defendant objects that providing the work and home address or "method and rates of pay" of "persons who conducted or participated in the investigation" because this information is not reasonably calculated to lead to the discovery of admissible evidence on the claims and defenses of this case. Defendant objects to the extent that this interrogatory seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information concerning the procedures used in conducting an investigation after receiving a notice of dispute from a credit reporting agency regarding Plaintiff. Subject to its right to seek further protections for specific information, Defendant only agrees to provide such information, subject to and without waiving the other objections stated herein, pursuant to the entry of an appropriate Protective**

11

Order by the Court. Defendant objects that Plaintiff has exceeded the permissible number of Interrogatories, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) and the Court's February 2, 2011 Order (Docket No. 32). Considering only that there are 22 separately numbered interrogatories, and interrogatory 14 alone contains at least 85 separate questions because it seeks "the factual basis of any and all defenses that you have asserted to the Plaintiff's Complaint" and "[f]or each paragraph of the Plaintiff's Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial." Here, Defendant has asserted 14 separate affirmative and other defenses, Plaintiff's Complaint contains 116 numbered paragraphs, and GMAC denied the allegations of more than 75 paragraphs of the Complaint. Therefore, Plaintiff served at least 110 interrogatories when considering "discrete separate subjects" as provided in Rule 33. Fed. R. Civ. P. 33(a), advisory committee's note; *see Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

ANSWER: Without waiver of these objections and subject to confirmation of the parties' agreement to limit this interrogatory, in the course of their job responsibilities as employees of GMAC, Lori Aguiar and Allison Higgins conducted and participated in the investigations that occurred upon receipt of the ACDVs that were received from credit reporting agencies regarding Plaintiff. Counsel for Defendant has and will accept service on their behalf. They are both employed by Defendant, are paid an hourly wage, and do work overtime as needed. They do not receive a bonus that is linked to their specific job function, but may receive a bonus if one is given to GMAC employees as a whole based upon the company's performance annually.

12

415529v1

The dates of investigation were on or about March 19, 2010, March 22, 2010, and March 24, 2010.  Pursuant to Rule 33(d), *see* GMAC/AW 81, 83, and 257-266.

GMAC followed its policies and procedures in responding to these ACDVs, which indicated Plaintiff claims identity fraud and account fraudulently opened.  Pursuant to Rule 33(d), *see* GMAC/AW 151-256.  The ACDVs all came through e-OSCAR.  GMAC, through its employees Allison Higgins and Lori Aguiar, verified personal identifiers and account information through the FiServ System.  Ms. Higgins and Ms. Aguilar, on behalf of GMAC, personally checked the account information on the FiServ System to determine whether there was any indication that GMAC had received three or more ACDVs alleging identity theft from credit reporting agencies prior to the particular ACDV under investigation regarding Plaintiff within the prior three months and each at least one week apart.  GMAC also checked the I.S.S. application to verify the personal and account information contained on the ACDVs matches the information on the original loan documents.  The only information GMAC received from the credit reporting agencies is the information actually contained on the ACDVs; it did not receive any other documents or information.  Following its investigations on or about March 19, March 22, and March 24, 2010, GMAC sent ACDV responses on or about March 19, March 22, and March 24, 2010 to the credit reporting agencies from whom it had received ACDVs.  In its responses, GMAC indicated what information is the same, what is different, what information was unknown to it, and what information should be modified.  GMAC also updated the account notes on the Fiserv system to indicate that ACDVs were received and the date a response was sent, as well

13

as the basic information contained on the ACDVs and the information contained on the ACDV responses.

On May 14, 2010, after receiving a less than full payoff of the loan because of the settlement of the title claim, GMAC reported to the credit reporting agencies that account number ███████ had a $0 balance, with $0 past due, and a less than full balance payoff on April 22, 2010.  Defendant also removed the litigation from Plaintiff's account number ███████

Following receipt of Plaintiff's letter dated June 16, 2010 and received by GMAC on July 13, 2010, an employee of GMAC, Kari Krull, sent an AUDF on behalf of GMAC  to Equifax, Experian, Innovis and Trans Union indicating that the tradeline regarding account number ███████ should be deleted from the records of the credit reporting agencies, which AUDF is dated August 12, 2010.

On December 16, 2010, GMAC received a telephone call from a representative of Trans Union seeking to verify information concerning account number ███████, and this person was informed that GMAC could not disclose this information to a third party without Plaintiff's consent and/or Plaintiff being part of the telephone conversation.

Pursuant to Rule 33(d), *see* GMAC/AW 21-95, 217, 257-266, 267-318, and 328-329.

14

*Healthcare, Inc.*, 2002 U.S. Dist. LEXIS 6199, *6-*7 (W.D. Va. Mar. 18, 2002).

**ANSWER:** Without waiving these objections, Defendant understands Plaintiff

has withdrawn this interrogatory and therefore no response is required.

GMAC MORTGAGE, LLC

By:_____
                                    Counsel

John C. Lynch, Esq., VSB #39267
Ethan G. Ostroff, Esq., VSB #71610
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com
Email: ethan.ostroff@troutmansanders.com

60

415529v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALISHA W. WILKES,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Civil No. 1:10-cv-01160 (CMH-TRJ)
                                     )
GMAC MORTGAGE, LLC, et al.,          )
                                     )
          Defendants.                )

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2011, I sent a true and correct copy of

the foregoing via email, to the following counsel of record:

### Counsel for Plaintiff
John C. Bazaz, Esq.
Law offices of John Bazaz, PLC
4000 Legato Rd., Suite 1100
Fairfax, VA 22033
E-mail: jbazaz@bazazlaw.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew James Erausquin
Consumer Litigation Assoc PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
E-mail: matt@clalegal.com

31

416649v1

**Counsel for Defendant GMACM Information Solutions, Inc.**
David N. Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
E-mail: david.anthony@troutmansanders.com


**Counsel for Defendant Nationstar Mortgage, LLC**
Jason Hamlin
Glasser & Glasser PLC
580 E Main St., Suite 600
Norfolk, Virginia 23510
E-mail: jhamlin@glasserlaw.com


**Counsel for Defendant Trans Union, LLC**
Grant Edward Kronenberg
Morris & Morris PC
700 East Main Street, Suite 1100
P.O. Box 30
Richmond, Virginia 23218
E-mail: gkronenberg@morrismorris.com

**Counsel for Western Sierra Acceptance Corp.**
Turkessa Bynum Rollins, Esq.
Fullerton & Knowles PC
12644 Chapel Rd
Suite 206
Clifton, VA 20124
(703) 818-2600
Fax: (703) 818-2602
Email: trollins@fullertonlaw.com


**Counsel for America Funding, Inc.**
Brian Nelson Casey, Esq.
Taylor & Walker PC
555 Main St , PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: bcasey@taylorwalkerlaw.com

Ethan G. Ostroff (VSB No. 71610)
Counsel for GMAC Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

63

415529v1