IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALISHA W. WILKES,

        **Plaintiff,**

v.                                                                CIVIL NO. 1:10cv1160

EXPERIAN INFORMATION SOLUTIONS, INC.,
                            *et al.*,
        **Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
SECOND MOTION IN LIMINE**

Plaintiff is committed to as efficient a trial as fairness and the law will permit - the parties have agreed that the trial should take between 1 and 2 days. The case is fairly straightforward, involving just two simple liability questions: (1.) whether credit reporting information already determined by a state court to be inaccurate was properly investigated by GMAC under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), *See Johnson v. MBNA America Bank, NA,* 357 F.3d 426 (4th Cir. 2004) (requiring a creditor to conduct a "searching and meaningful inquiry" when a dispute is made through the consumer reporting agencies); and (2.) whether GMAC reported the account as disputed as required by the FCRA, *See Saunders v. Branch Banking And Trust Co. Of VA*, 526 F.3d 142, 145 (4th Cir. 2008) (Creditor's failure to report disputed nature of debt to all credit reporting agencies (CRAs), after receiving notice of dispute from one CRA, and conducting investigation and verification, was cognizable as violation of Fair Credit Reporting Act's (FCRA) duty to review and update reports for inaccuracies and omissions).

Despite the simplicity of the case and the fact that it occurs after an earlier state court trial and judgment on many of the same issues, GMAC continues its strategy of delay and obstruction. For example, it has disclosed for this 1-2 trial no less than 324 trial exhibits and 15 trial witnesses. And lacking in any defense on the merits, it has crafted its defenses solely as attempts to obtain jury nullification. One of its most significant "defenses" (that the Plaintiff is now engaged to a man who was married when they started dating) is already addressed in Plaintiff's first Motion in limine.

The present motion addresses two additional GMAC's "defenses" – its expected argument that the Plaintiff should have done something different to dispute the account it now has to acknowledge was inaccurate and its assertion that Plaintiff's attorney caused her to apply for a refinance loan despite no evidence to support this bad faith claim.

### I. THE COURT SHOULD EXCLUDE GMAC'S ARGUMENT THAT PLAINTIFF SHOULD HAVE MADE MORE DISPUTES DIRECTLY TO GMAC INSTEAD OF TO THE CONSUMER REPORTING AGENCIES.

**A. There is no consumer remedy for GMAC's refusal to substantively investigate the Plaintiff's direct disputes.**

In its Motion in Limine position, GMAC correctly outlines the only FCRA claim available against a creditor (referred to as a "furnisher" under the Act). As Judge Tenga correctly outlined within this Court's GMAC-cited decision:

> "The elements of a claim under Section 1681s-2(b)(1) are: (1) that plaintiff notified a credit reporting agency that plaintiff disputed the debt; (2) that the credit reporting agency notified the defendant of the dispute; (3) that the defendant either willfully or negligently fails to (a) conduct an investigation with respect to the disputed information, (b) review all the relevant information provided to the credit reporting agency, and/or (c) report the results of the investigation to the consumer reporting agency." *Blackwelder v. Specialized Loan Servicing, LLC, et al.*, No. 1:10-cv-01308 (E.D. Va. March 9, 2011) (Trenga, J.) (slip op.).

Def. Mem. in Support Mot. Lim. (ECF No. 122) at 2. There is no available FCRA cause of action except as to consumer disputes made through the consumer reporting agencies. The Fourth Circuit has explained,

> The Beatties do not specify which parts of the FCRA they rely upon. It appears, however, that they attempt to invoke subsections (a) and (b) of 15 U.S.C. § 1681s-2. But, under the facts alleged and proffered, they are protected by neither section. Although NationsCredit had a general duty under subsection (a) to report accurate information, 15 U.S.C. § 1681s 2(a)(1)(A), the Beatties make no argument that they complained to NationsCredit about the "in foreclosure" language prior to filing this lawsuit, if they did so at that time, 15 U.S.C. § 1681s-2(a)(1)(B). Furthermore, 15 U.S.C. § 1681s-2(c) and (d) limit enforcement of subsection (a) to "Federal agencies and officials and ... State officials." Likewise, subsection (b) is not applicable to the Beatties because this portion of the FCRA imposes a duty on Nations Credit only after receiving notice that the Beatties filed a dispute with a credit reporting agency, challenging the accuracy of a credit report. 15 U.S.C. § 1681i(a)(2).

*Beattie v. Nations Credit Fin. Services Corp.*, 69 F. App'x. 585, 591 (4th Cir. 2003). As counter-intuitive as it may be, under the FCRA, until and unless a consumer makes their credit reporting dispute to the consumer reporting agency, there is no legal right or claim available.

GMAC of course knows this. Its previously cited Motion in Limine is (correctly) founded upon it. It has also thrived on this legal fact – that the FCRA provides no cause of action for direct disputes – in litigation outside the District. For example, GMAC prevailed in a case as recently as this January in which it argued, "Plaintiff's Fair Credit Reporting Act ("FCRA") claim should be dismissed because FCRA does not provide for a private cause of action for the violations pleaded by Plaintiff." *Gomez v. GMAC Mortg., LLC*, 10-13287, 2010 WL 5625673 (E.D. Mich. Dec. 15, 2010) *report and recommendation adopted,* 10-13287, 2011 WL 202298 (E.D. Mich. Jan. 21, 2011). The Michigan court agreed, holding,

3

> Assuming, for the sake of argument, that Amera, GMAC, and MERS are all furnishers of credit information, Plaintiff's claim is unsustainable as a matter of law. Plaintiff has not alleged that she notified the credit reporting agencies of an inaccuracies on her credit report. Also, Plaintiff has not alleged that Amera, GMAC, or MERS received notice of the disputed information and failed to investigate, review, report or correct as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(D). Plaintiff, therefore, has not stated a claim under FCRA, and this count should be dismissed as to Amera, GMAC and MERS.

*Id.*

**B.    GMAC cannot fairly argue that the Plaintiff should have made her disputes directly to GMAC or present evidence solely to imply such argument.**

Defendant's "argument" and related testimony and documents, which Plaintiff asks the Court to exclude from GMAC's use at trial (including opening and closing), is that **Ms. Wilkes was required to make her credit reporting disputes directly to GMAC or otherwise follow a specific protocol in doing so.** *See e.g.* Def. Summary Judgment Mem., (ECF No. 128) at 6, ¶16 ("Plaintiff did not respond to the November 7, 2008 letter from GMAC and did not send the ID Theft Affidavit to the address provided in the letter."); at 2 ("At its core, this case is about GMAC's response to a dispute letter crafted by Plaintiff's attorneys dated March 8, 2010 – mere days after entry of the Judgment Order in the State Court and without any effort to contact GMAC's State Court counsel."). Defendant asserts that Ms. Wilkes should have done something other than make her credit reporting disputes to Experian, Equifax and Trans Union, the consumer reporting agencies to whom GMAC had reported the fraudulently opened account.

As is also apparent from a read of Defendant's Summary Judgment brief, GMAC intends to argue to the jury as much as to the Court that Ms. Wilkes could have and should have pursued an alternate litigation path and claim instead of making her disputes through the consumer reporting agencies. *Id.*, p.15-18. GMAC asserts in its liability

4

challenge that the Plaintiff somehow failed her own interests, maybe failed to mitigate damages and certainly failed to prosecute some claim in the state action

Defendant also argues that it was not required to conduct a FCRA credit reporting investigation because Ms. Wilkes had not completed a specific form it claims to have sent to her original attorney in November 2008. Its position is objectively contrary to the law and, ironically, exactly the opposite (successful) position GMAC takes in FCRA cases in which the consumer has acted as GMAC now claims is necessary. Further, there is no evidence that Ms. Wilkes' use of GMAC's specific form would have made any difference. Rather, its Rule 30(b)(6) witness testified expressly that a consumer's submission of a dispute using GMAC's own chosen form still would not have caused the credit reporting correction. It was a hurdle, not a solution.

## II. GMAC CANNOT BLAME MS. WILKES' ATTORNEYS.

GMAC has also telegraphed its intent to blame Ms. Wilkes' attorneys or to suggest – without truth or evidentiary support – that Plaintiff conspired with her lawyer(s?) to create damages. As there is zero evidence to support such assertions, GMAC should not be permitted to argue such an objectively false claim.

Specifically, Defendant asserts with professional discourtesy a claim its counsel knows to be false: "Moreover, despite her attorneys' best efforts to create some form of damages by having Plaintiff apply for loans secured by the Northern Virginia property …" Def. Summary Judgment Mem., (ECF No. 128) at 3. There is no evidence to support such an accusation.[1]

---

[1] The uncontroverted evidence is that Ms. Wilkes attempted to refinance the property in order to obtain money to pay the $190,000 attorneys fee bill owed to the law firm now known as Surovell Isaacs Petersen & Levy, PLC.

## CONCLUSION

Accordingly, Plaintiff asks the Court to grant and sustain her Second Motion in Limine.

                                                Respectfully Submitted,
                                                ALISHA WILKES,

                                                _____/s/_____
                                                Leonard A. Bennett, Esq.
                                                VSB #37523
                                                Attorney for Plaintiff
                                                CONSUMER LITIGATION ASSOCIATES, P.C.
                                                12515 Warwick Boulevard, Suite 100
                                                Newport News, Virginia 23606
                                                (757) 930-3660 - Telephone
                                                (757) 930-3662 – Facsimile
                                                lenbennett@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave

Suite 2000
Virginia Beach, VA 23462
757-687-7765
Fax: 757-687-1504
Email: john.lynch@troutmansanders.com

Elizabeth Spain Flowers
Troutman Sanders LLP
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
Fax: (757) 687-1546
Email: liz.flowers@troutmansanders.com

Ethan G. Ostroff
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462
(757) 687-7541
Fax: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com

                /s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net